Brandon James Leavitt (Pro Hac Vice Pending)
LEAVITT ELDREDGE LAW FIRM
4204 SW Green Oaks Blvd., Suite 140
Arlington, TX 76107
Phone: (214) 727-2055
brandon@uslawpros.com

Jason K. Smith (Utah Bar No. 14323)
MK SMITH, APC
9891 Irvine Center Dr., Ste. 200
Irvine, CA 92618
Phone: (949) 299-2500
jsmith@mks-law.com

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JM4 TACTICAL, LLC; and JAMES CHADWICK MYERS, <br><br> Plaintiffs, <br><br> v. <br><br> HER TACTICAL, LLC; E & R LLC d/b/a HER TACTICAL; VICKY ARLENE JOHNSTON; and BLAKE CHEAL, <br><br> Defendants. | **PLAINTIFFS' ORIGINAL COMPLAINT** <br><br><br> Civil No. _____ <br><br> **JURY DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, JM4 Tactical, Inc. and James Chadwick Myers, by and through undersigned counsel, hereby sue Defendants Her Tactical LLC, E & R LLC d/b/a HER TACTICAL, Vicky Arlene Johnston, and Blake Cheal, and allege as follows:

1

## I.    THE PARTIES

1. Plaintiff JM4 Tactical, Inc. ("JM4") is a Texas company with principal place of business at 3250 S. Treadway Blvd. Abilene, TX 79602-6734 and registered office at 5150 Wagon Wheel Ave. Abilene, TX 79606, and may be served via email to its counsel Brandon Leavitt at brandon@uslawpros.com.

2. Plaintiff James Chadwick Myers is an individual residing in or near Abilene Texas and may be served via email to its counsel Brandon Leavitt at brandon@uslawpros.com.

3. Defendant Her Tactical, LLC ("Her Tactical") is an entity with registered place of business at 69 E 200 N Kaysville, UT 84037, and may be served at that address via certified mail to its registered agent, E & R, LLC.

4. Defendant E & R, LLC ("E&R") is an entity with registered place of business at 69 E 200 N Kaysville, UT 84037, and may be served at that address via certified mail to its registered agent, Vicky Johnston.

5. Defendant Vicky Arlene Johnston ("Johnston") is an individual who, on information and belief, resides either at 1451 Ash Dr. Layton UT 84040 or 3288 N 1250 W Ogden, UT 84414 and may be served at either address via process server.

6. Defendant Blake Cheal ("Cheal") is an individual who, on information and belief, resides at 3288 N 1250 W Ogden, UT 84414 and may be served at that address via process server.

## II.   JURISDICTION AND VENUE

7. This is an action for patent infringement pursuant to 35 U.S.C. § 271 and both trade dress infringement and unfair competition pursuant to 15 U.S.C. § 1125(a) and common law.

8. Pursuant to 28 U.S.C. § 1331 this Court has federal question jurisdiction over the Plaintiffs' patent and unfair competition claims and, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over each of the Plaintiffs' remaining claims.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) since the Defendant: (1) resides in this district; or (2) has committed acts of infringement and has a regular and established place of business in this Judicial District.

## III.   RELEVANT FACTS

10. On or around 2016, JM4 invented an inside the waistband ("IWB") magnetic retention holster, which it has since protected via a plurality of registered patents and unregistered trade dress.

11. Specifically, JM4 owns the following United States federal patent registrations:

   a. **USPTO Reg. No. 9/784, 530 – Gun holster system and method of use**

   What is claimed is:

   1. A gun holster system for carrying a gun, comprising:

   a body having a front side and a back side forming an upper opening disposed therebetween and forming a lower opening at a lower surface of the body;

   a strap assembly integrally secured to the back side body, the strap assembly having:

3

>an elongated strap extending from and integrally secure to the back side of the body;
>
>a fastener protrusion extending from a back surface of the elongated strap; and
>
>a fastener housing extending from an outer surface of the back side of the body, the fastener housing being configured to engage with the fastener protrusion;
>
>wherein the elongated strap folds backwards and away from the upper opening to cause the fastener protrusion and the fastener housing to engage;
>
>two magnets disposed within a thickness of the fastener protrusion; and
>
>a third magnet disposed within a thickness of the housing;
>
>wherein the two magnets are configured to engage with the third magnet;
>
>wherein engaging the two magnets with the third magnet does not obstruct the upper opening and does not obstruct or hinder entire removal of the gun from the body; and
>
>wherein a combined magnetic retention strength generated by the two magnets and third magnet is strong enough to retain the gun within the body.

2. The system of claim 1, further comprising:

   >a cavity formed by the housing;
   >
   >wherein the protrusion removably secured within the cavity.

3. The system of claim 1, wherein the lower opening is configured to receive a portion of the gun therethrough.

    **b.**    **USPTO Reg. No. D788,451 – Gun holster**

What is claimed is:

1. The ornamental design of a gun holster as shown and described.



    **c.**    **USPTO Reg. No. D811,731 – Gun holster**

What is claimed is:

1. The ornamental design of a gun holster as shown and described.



  **d.**  **USPTO Reg. No. D836,329 – Gun holster**

  What is claimed is:

    1. The ornamental design of a gun holster as shown and described.



  **e.**  **USPTO Reg. No. D841,979 – Gun holster**

  What is claimed is:

    1. The ornamental design of a gun holster as shown and described.



12.  JM4 also owns the following United States federal applications for trade dress:

  **a.**  **USPTO Serial No. 90/518,181** – "The mark consists of a product configuration of a holster, wherein the holster comprises a strap attached to a holster body, the strap having a securement device at an end of the strap, the body having a second securement device extending from the body, the dashed lines of the body represent positioning of the strap and securement devices and are not claimed as part of the mark."



      **b.**      **USPTO Serial No. 90/520,663** – "The mark consists of a product configuration of a holster, wherein the holster comprises a strap attached to a holster body, the strap having a securement device at an end of the strap, the body having a second securement device extending from the body, the dashed lines of the body represent positioning of the strap and securement devices and are not claimed as part of the mark."



13.     From 2016 to the present, the JM4 IWB magnetic retention holster has benefited from wide commercial success and maintains a strong reputation for safety, convenience, and quality of construction.

14.     As a result of JM4's commercial success, reputation, and extensive branding efforts, its magnetic retention holsters are readily identifiable within the gun holster industry by the overall look and aesthetics of the product's shape and configuration.

15.     From July 2021 through August 2021, JM4 collaborated with third party entity Chamber Media, LLC to create commercials for its magnetic retention holsters.

16.     At least one of the directors or employees at Chamber Media, creative lead Eric Woods, is listed as a friend of Vicky Johnson on her personal Facebook page.

17.     On August 18, 2021, Chamber Media provided JM4 with three talent agent options that it sourced from third party entity Talent Management Group, Inc. ("TMG").

18.     At least one of the three talent agents provided by TMG, Dan Fowlks, is listed as a friend of Vicky Johnston on her personal Facebook page.

19. Further, TMG is known to source talent agents from Vicky Johnston Casting, a third-party entity owned and operated exclusively by Defendant Vicky Johnston.

20. On August 20, 2021, Johnston created a Facebook page for Defendant Her Tactical, which was not yet a registered entity.

21. On August 22, 2021, JM4 conducted its commercial shoot with Chamber Media. JM4 had selected Dan Fowlks but was unable to retain him due to a scheduling conflict.

22. JM4 had provided Chamber Media with approximately ten of its holsters for the purpose of the commercial shoot but, between August 22, 2021 and December 9, 2021, approximately seven of these holsters went missing without any explanation.

23. On September 24, 2021, Her Tactical posted its first video showing an IWB magnetic retention holster that it planned to launch in October of 2021.

24. On November 10, 2021, in further collaboration with Chamber Media, JM4 suggested a plurality of versatile ways that its IWB magnetic retention holsters could be secured, including to the front center of a bra.

25. On January 6, 2022, Johnston registered Her Tactical on behalf of Defendant E&R, which also uses the name "Her Tactical" as a *dba*.

26. On information and belief, Johnston is the sole owner and employee of both Her Tactical and E&R and directs all activities of each.

27. Alternatively, Johnston and Cheal manage E&R and Her Tactical together and jointly direct all activities of each.

28. At least as of January 18, 2022, one or more of the Defendants have advertised IWB magnetic retention holsters online, including how they might be secured to the front center of a bra, and another of which purports to show the holster as safe and secure while in use.

29. Since at least June of 2022 one or more of the Defendants have advertised that their IWB magnetic retention holsters are "brand-new", "revolutionary", and "patent pending".

30. On August 19, 2022, JM4 provided an infringement notice to Defendants stating that the Her Tactical sales of IWB magnetic retention infringed at least the Plaintiff's utility patent.

31. On August 22, 2022, Johnston revealed at least two of the Defendants were already aware of JM4's utility patent registration and then declined to cease and desist selling IWB magnetic retention products even after Plaintiffs informed her that there were additional relevant patents.

32. On or around August 2022, Plaintiffs purchased samples of the Defendants' IWB magnetic retention holsters and documented the similarities between the Parties' products within the following representative photographs:

   

33. Upon review of the Defendants' IWB magnetic retention holsters, Plaintiffs have concluded that they infringe at least one of JM4's registered patents and trade dress.

34. Upon further review of the Defendants' IWB magnetic retention holsters, Plaintiffs have concluded that they are confusingly similar yet poorly crafted, unsafe, and not fit for use within their advertised purpose.

35. Plaintiffs have not given Defendants any permissions to use, sell, offer, or import IWB magnetic retention holsters that meet or resemble the claims of its patents or trade dress.

36. Yet to date, Plaintiffs have discovered Defendants' holsters for sale at:

- Her Tactical Website (https://hertactical.com/product/magnetic-gun-holster/)
- Etsy (https://www.etsy.com/shop/HERTACTICAL?ref=shop_sugg)
- Amazon (https://www.amazon.com/HER-TACTICAL-Magnetic-Concealed-Universal/dp/B09PH2RBDN/ref=sr_1_37?crid=AHLTW6B62LZD&keywords=Magnetic+Gun+Holster&qid=1661182808&sprefix=magnetic+gun+holster%2Caps%2C126&sr=8-37) and (https://www.amazon.com/stores/HERTACTICAL/page/CD657032-5B7E-4D76-A606-621D822E988F?ref_=ast_bln)
- Ebay (https://www.ebay.com/str/envyandreverec)
- Facebook (https://www.facebook.com/hertactical) and (https://www.facebook.com/vicky.johnston.397)
- Instagram (https://www.instagram.com/her.tactical/)
- Tik Tok (https://www.tiktok.com/@hertactical)
- Pinterest (https://www.pinterest.com/hertactical/)
- Etsy (https://www.etsy.com/listing/1240884431/her-tactical-magnetic-holster-for)
- Ace Hardware branch-Smith and Edwards Co. (9010 S. Redwood Rd., West Jordan, UT 84088)
- Alibaba.com (https://www.alibaba.com/product-detail/Woman-holsters-purple-portable-universal-carry_1600262078292.html?spm=a2700.details.0.0.6b2d6a9aAPesx5).

37. As a result of the Defendant's actions, Plaintiffs have incurred actual damages comprising one or more of: lost profits, reasonable royalties, loss of goodwill, and corrective advertising.

## IV.   CAUSES OF ACTION

A.   COUNT I – Patent Infringement [35 U.S.C § 271]

38. Plaintiffs hereby adopt and re-allege all the above allegations.

### a.   Literal and Direct Infringement by Defendants Her Tactical and E&R

39. Defendants sell, offer to sell, or import into the United States IWB magnetic retention holsters that literally meet or are equivalent to all the requirements of Plaintiffs' '530 patent as shown in the applicable claims detailed *supra*.

40. Specifically, with respect to any elements of the Defendants' holster that does not literally match an element claimed in the '530 patent claims, a person having ordinary skill in the field of gun holsters would consider that the difference is insubstantial or would find that the different element (1) performs substantially the same function and works in substantially the same way (3) to achieve substantially the same result as the element of the claim.

41. Likewise, any element of the Defendants' holster that does not literally match an element in the '530 patent claims was known to be interchangeable at the time of Defendants' infringement by a person having ordinary skill in the field of gun holsters.

42. Defendants sell, offer to sell, or import into the United States IWB magnetic retention holsters that are substantially similar to those claimed in the Plaintiffs' '451, '731, '329, and '979 patents, *supra*.

43. Defendants have therefore infringed Plaintiffs' registered patents.

**b.      Literal and Direct Infringement by Defendants Johnston and Cheal**

44. All the infringing acts of Defendants Her Tactical and E&R are attributable to each other and to Defendants Johnston and Cheal.

45. Specifically, the Defendants have formed a joint enterprise. As evidenced by entity filing paperwork showing common addresses, dbas, and ownership, and as acknowledged in entity marketing that the companies are a "family business" by marital partners Johnston and Cheal, the Defendants have an express or implied agreement to share a common purpose in which they share a financial interest and have an equal right of control.

46. Alternatively, Johnston, and on information and belief Cheal, are the sole agents of Defendants Her Tactical and E&R, or intended to receive a benefit from Her Tactical and E&R as a result of their infringements.

47. Defendants have therefore infringed Plaintiffs' registered patents.

**c.      Indirect Infringement by Defendants Johnston and Cheal**

48. Defendant Johnston, and on information and belief, Defendant Cheal, each took action that was intended to cause and led to the literal or direct infringement of Plaintiffs' patents by Defendants Her Tactical and/or E&R.

49. Defendants Her Tactical and/or E&R carried out the actions induced upon them by Johnston and Cheal.

50. Johnston, and on information and belief Cheal, were aware of at least one of the Plaintiffs' patents and knew that the acts by Her Tactical and/or E&R, if taken, would constitute infringement of that patent.

51. Alternatively, Johnston, and on information and belief Cheal, knew that there was a high probability that the acts by Her Tactical and/or E&R would infringe a patent held by the Plaintiffs' patents and took deliberate steps to avoid learning of the infringement.

52. Defendants have therefore infringed Plaintiffs' registered patents.

### d. Willful Infringement by Defendants

53. On information and belief, Defendants have not acted consistently with the standards of behavior within the gun holster industry.

54. On information and belief, and as circumstantially demonstrated *supra*, Defendants obtained copies of the Plaintiffs' patented gun holsters and copied them.

55. On information and belief, the Defendants did not believe or did not reasonably believe that they didn't infringe a valid patent.

56. Defendants did not make a good-faith effort to avoid infringing the patents.

57. On information and belief, Defendants attempted to cover up their infringement.

58. On information and belief, Defendants did not seek a legal opinion about whether or not their gun holsters infringed any of the Plaintiffs' patents.

59. Defendants have therefore willfully infringed Plaintiffs' registered patents.

### B. Count II – Trade Secret Infringement/Unfair Competition [15 U.S.C. § 1125(a)]

60. Plaintiffs hereby adopt and re-allege all the above allegations.

61. The overall visual impression created in the consumer's mind when viewing the non-functional aspects of the Plaintiff's IWB magnetic retention gun holsters, and not from the utilitarian or useful aspects of the products, when considered together, is the Plaintiffs' trade dress.

62. Defendants' public assertions that their gun holsters are new, "brand new", "revolutionary", and "patent pending" comprise false or misleading descriptions of fact, or false or misleading representations of fact.

63. Because Defendants' IWB magnetic retention holsters are confusingly similar to the Plaintiffs' own holsters, and because Plaintiffs invented, patented, and developed a trade dress around that holster design, the Defendants misleading public assertions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Parties' respective goods, or as to the origin, sponsorship, or approval of the Parties' respective goods.

64. Because Defendants advertise their IWB magnetic retention holsters as well constructed, safe to use, and effective for the purpose in which they are advertised—whereas the Plaintiffs in testing can demonstrate otherwise—Defendants have misrepresented the nature, characteristics, or qualities of their gun holsters.

65. Defendants have therefore engaged in unfair competition under the Lanham Act and common law and infringed Plaintiffs' trade dress.

## Prayer for Relief

Wherefore, Plaintiffs pray that this Court enter judgment in their favor on each and every claim for relief set forth above and award them relief including, but not limited to, the following:

A. That the Defendants and their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting in concert or privity with Defendants, be permanently enjoined from: (1) manufacturing, selling, or

    offering to sell any holsters claimed, disclosed by or confusingly similar to JM4's relevant patent or trade secrets;

B.  That Defendants be ordered to deliver up for destruction all holsters in its possession claimed, disclosed by or confusingly similar to JM4's relevant patent or trade dress;

C.  That Defendants be ordered to pay all awardable actual, consequential, and special, or if Plaintiffs so elect, statutory damages;

D.  That Defendants be compelled to account to Plaintiff for any and all profits derived from its illegal acts complained of herein;

E.  That Defendants be ordered to pay Plaintiff's costs and attorneys' fees in this action; and,

F.  Awarding such other relief as the Court may deem just and proper.

Dated this 14th day of September, 2022.

                Respectfully Submitted,

                LEAVITT ELDREDGE LAW FIRM

                /s/ Brandon J. Leavitt
                Brandon James Leavitt
                *(Signed by Filing Attorney with permission)*

                MK SMITH, APC

                /s/ Jason K. Smith
                Jason K. Smith
                *Attorneys for Plaintiffs*