Chad S. Pehrson (12622) (cpehrson@kba.law)
Alexis Nelson (9566) (anelson@kba.law)
**KUNZLER BEAN & ADAMSON, PC**
50 West Broadway Ste 1000
Salt Lake City, UT 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| JM4 TACTICAL, LLC; and JAMES CHADWICK MYERS,<br><br>Plaintiffs,<br><br>v.<br><br>HER TACTICAL, LLC; E & R LLC, d/b/a HER TACTICAL; VICKY ARLENE JOHNSTON, an individual; and BLAKE CHEAL, an individual;<br><br>Defendants. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' SHORT-FORM DISCOVERY MOTION REGARDING PUTATIVELY INSUFFICIENT OBJECTIONS AND RESPONSES TO PLAINTIFFS' 512 DISCOVERY REQUESTS**<br><br>Case No. 1:22-cv-00121-DAK<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

Plaintiffs served 512 Discovery Requests. Defendants provided appropriate, specific objections, sufficient responses. Furthermore, upon inquiry from Plaintiffs, where such inquiries could be understood, Defendants agreed to provide certain supplementation. Through this Motion, as with the 512 Requests, Plaintiffs demonstrate superior resources, and the goal appears to be "victory" through litigation attrition.

### BACKGROUND

Back in 2021, homemaker and real estate agent Ms. Vicky Arlene Johnson mustered the courage to start side business—she designed and arranged for the manufacture of a magnetic holster specifically marketed for women. Since that time, Ms. Johnson's company—E&R, LLC

1

dba Her Tactical—has brought in a grand total revenue of $26,090.63 selling these magnetic holsters. The company's research, production and marketing expenses outweigh those revenues. Tragically, so do her expenses in this litigation. It is entirely unknown what Plaintiffs hope to gain by crushing Ms. Johnson, her company, and her husband Mr. Cheal. There is no economic justification for the suit, and thus the goal of the case cannot be obtaining money damages. Her Tactical does not even qualify as a small business; rather, "hobby business" would be more appropriate. It does not sell any products that are competitive with JM4's products. It has made zero profits. But Ms. Johnson is not one to concede to any bully, including these Plaintiffs.

Regardless of that background, the substance of this case could not be more simple. None of Defendants (including Ms. Johnson personally or her husband personally) infringe any of Plaintiffs' asserted patents. And the analysis is not close. Patent infringement is objective. Here, the sole utility patent asserted contains a crystal clear limitation: **3** magnets. Her Tactical's accused products contain only **2** magnets. Therefore, literal infringement is impossible.[1] Furthermore, one look at the four design patents asserted in this case, in comparison the accused products, would satisfy any ordinary observer that the designs are nowhere near the required level of similarity.

## RESPONSE TO DISCOVERY CONTENTIONS

### A. LPR 2.3-2.4 Disclosures

Defendants acknowledge Plaintiffs' timely initial disclosures yet complain that the disclosures did not include "charts, prior art, analysis, or production." Defendants appear to

---

[1] Notably, despite *alleging* literal infringement in this Court, Plaintiffs nonetheless seem to be aware that the accused products do not have 3 magnets, and thus argue that the infringement claim nonetheless can proceed on grounds of the doctrine of equivalents. Yet the doctrine of equivalents has always been expressly limited: it cannot apply where patentee disclaimed the equivalent during prosecution. This limitation is logical: you shouldn't be able to go to the patent office, argue around the prior art by asserting you're your patent claim does not cover a particular area, thereby obtain the patent, and then go out into the world and allege infringement of that exact area. Yet that is what Plaintiffs have done here: they specifically argued to the USPTO examiner that their "invention" did not include three magnets. Through that argument, they obtained registration of the patent. Yet here in Federal Court, Plaintiffs change the tune— now asserting that 2 is actually the same as 3. Such argument is prohibited as a matter of law.

misunderstand the purpose and nature of the LPR disclosures in patent litigation, including the anticipated nature of preliminary and final disclosures. Furthermore, Defendants' factual assertions in the Motion are neither true nor relevant. Importantly, Plaintiffs' disclosures included all relevant information regarding Plaintiffs' products, and furthermore included substantial information regarding non-infringement. Prior art is largely insignificant in this case, where infringement is not close and would not have been alleged by any reasonable party; prior art consideration will likely be unnecessary in wholly resolving the case. In the most nuanced conceivable scenario, the only prior art relevant would be the art referenced during prosecution, of which Plaintiffs are already aware. Nonetheless, as acknowledged by Defendants, Plaintiffs agreed to provide certain supplementations of information, and will do so promptly. Plaintiffs' contention that supplementation is not allowed is not consistent with a square understanding of the Local Patent Rules, which obviously allow for preliminary and final disclosures, and of course contemplate that information will be uncovered during discovery.

**B. Defendants Provided Tailored Objections Specific to Each Request.**

Plaintiffs inaccurately claim that Defendants' objections to the 512 discovery requests were "boilerplate." No general objections were raised. Instead, every one of the 512 requests was consider, analyzed, and objected to. The objections were both concise and tailored. This process of crafting appropriate objections to 512 requests was exhausting, time-consuming, and expensive. No requirement of law or prudence requires a specific volume of explanation to support a "relevance" objection. Given the numerosity of the 512 discovery requests (somehow deemed necessary in a simple patent case), if Defendants had *explained* every single objection in detail, the effort could have consumed thousands of pages. Instead, Defendants simply provided concise, appropriate, and tailored objections. In the parties' meet-and-confer communications, as in the Motion, Plaintiffs failed to raise or explain any substance behind a dispute as to even one specific

discovery objection.  The closest Defendants come to actual substance is claiming that 3 of the interrogatories to Mr. Cheal (whose sole relationship to this litigation is "husband") were answered in an "incomplete" or "non-responsive" manner.  Yet Defendants do not say which of their two adjectives applies to which of the three interrogatories.[2]  Given these circumstances, Plaintiffs' Motion must be denied.

### C. Regarding First-Heard-Of Demand to Cut-and-Paste 512 Discovery Requests Rather than Use Numerical Shortcuts, Defendants Will Comply by May 31.

Responding to 512 Discovery Requests obviously constituted a significant amount of person-power for Defendants.  To slightly simplify this monumental effort, Defendants did not cut-and-paste every one of the 512 actual requests; instead, Defendants referenced the Request by Number.  Plaintiffs are certainly correct that DUCivR 26-1(b)(3) requires re-statement of each request prior to the Answer.  Defendants did not understand that this concern was raised in meet-and-confer correspondence, but do understand it now having read the Motion.  As such, Defendants will implement the requested cut-and-pasting for every one of the 512 Discovery Requests, and will do so by May 31.[3]

### CONCLUSION

Unfortunately, dynamics within this impractical case present significant challenges for attorney communication. Defendants therefore appreciate the Court's engagement on discovery issues.  Plaintiffs' Motion is unsupported, though, and should be denied.

---

[2] The irony here, of course, is that Defendants accuse Plaintiffs of "boilerplate objections" for having tailored objections as to every single one of the 512 requests, apparently because the objections did not contain sufficient explanation.  Yet when Defendants file a Motion in federal court, they fail to provide any substantive explanation beyond stating that a subset of the interrogatory responses were either "incomplete" or "non-responsive."

[3] Plaintiffs' goal here appears to be that Defendants perform more work and bear additional cost.

4

DATED this 26th Day of May 2023

                                    Respectfully submitted,

                                    **KUNZLER BEAN & ADAMSON**

                                    /s Chad S. Pehrson

                                    Chad S. Pehrson
                                    Alexis Nelson
                                    *Attorneys for Defendants*