### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
### NORTHERN DIVISION

| | |
|---|---|
| JM4 TACTICAL, and JAMES CHADWICK MYERS,<br><br>Plaintiffs,<br><br>vs.<br><br>HER TACTICAL, E&R, VICKY ARLENE JOHNSTON and BLAKE CHEAL,<br><br>Defendants. | RULING & ORDER<br><br>Case No. 1:22-cv-00121-DAK-DBP<br><br>United States District Court Judge Dale Kimball<br><br>Magistrate Judge Dustin Pead |

## BACKGROUND

On September 19, 2022, Plaintiffs JM4 Tactical and James Chadwick Myers ("Plaintiffs") filed an action against Defendants Her Tactical, E&R, Vicky Arlene Johnston and Blake Cheal ("Defendants") for patent infringement, trade dress infringement and unfair competition. (ECF No. 2, Complaint).

On February 1, 2023, the District Court denied Defendants' Motion to Dismiss and Motion for Rule 11 Sanctions. (ECF No. 27, Memorandum Decision and Order). On March 1, 2023, this court granted Plaintiffs' Motion for Scheduling Order and entered the parties' stipulated patent case scheduling order. (ECF No. 32, Plaintiffs' Motion for Scheduling Order; ECF No. 33, Patent Case Scheduling Order).

Currently pending is Plaintiffs' Short Form Discovery Motion, seeking to compel responses to discovery requests (ECF No. 35, Short Form Discovery Motion on Rule 37 Motion to Compel) and Plaintiff's Motion to Strike Defendants' Opposition (ECF No. 37, Motion to Strike). These motions are pending before the court pursuant to a September 20, 2022, 28 USC

§636(b)(1)(A) referral from District Court Judge Dale A. Kimball. (ECF No. 5, Order Referring Case.)

## RULING & ORDER

Pursuant to Federal Rule of Civil Procedure 37(a), a party "may move to compel production of materials that are within the scope of discovery and have been requested but not received."[1]

Here, given the five hundred and twelve (512) discovery requests proffered along with equally significant number of objections raised, Plaintiffs' pending Motion to Compel is not compatible with the short-form format and full briefing is required.[2] Additionally, it remains unclear if Defendants have actually supplemented their responses and, if so, whether Plaintiffs object to the substance of the supplementation or to the supplementation's timeliness.[3] As a result, Plaintiffs' Motion to Compel and request for sanctions is DENIED without prejudice subject to refiling, if appropriate, and Plaintiffs' Motion to Strike Opposition is DENIED as moot. (ECF No. 35; ECF No. 37.)

Prior to re-filing any Motion, the parties are ORDERED to again engage in a meaningful telephonic or in-person meet and confer. Certification of the meet and confer must be attached to the re-filed motion. As part of any re-filed motion, Plaintiff must identify each discovery request

---

[1] *Razzaq v. TBO Distrib., LLC*, 2023 U.S. Dist. LEXIS 94535, at *3-4 (S.D. Tex. May 28, 2023).

[2] *See* DUCivR 37-1(5)(C).

[3] *See* ECF No. 35 ("Defendants' counsel advised that he had been 'too busy' and would 'supplement' by 5/31/23"); ECF No. 36 ("Plaintiffs agreed to provide certain supplementations of information, and will do so promptly."); ECF No. 37 ("Defendants counsel stated in conference an intent to supplement their LPR 2.4-2.5 disclosures . . . .").

that is the subject of the motion, indicate which responses are disputed and how the responses are deficient, and inform the court as to why Defendants' objections are not justified.[4]

Based upon the current tenor of this litigation, the court strongly encourages the parties to engage in good faith meet and confer discussions with the intent of promoting the expeditious resolution of discovery disputes in a skilled and cost effective manner. The parties are reminded that discovery is intended to be an efficient and self-executing exchange of relevant information facilitated by the parties and with minimal involvement of the court.

DATED: June 21st, 2023.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge

---

[4] *Hawkins v. Winkfield,* 2021 U.S. Dist. LEXIS 61167, at *2 (E.D. Cal. March 30, 2021).