Brandon James Leavitt, TX Bar No. 24078841, *pro hac vice*
**Brandon James Leavitt**
ELDREDGE LEAVITT LAW FIRM
4204 SW Green Oaks Blvd., Suite 140
Arlington, TX 76107
(214) 727-2055
brandon@uslawpros.com


Jason K. Smith (Utah Bar No. 14323)
MK SMITH, APC
9891 Irvine Center Dr., Ste. 200
Irvine, CA 92618
801-916-8723
jsmith@mks-law.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **JM4 TACTICAL, LLC; and JAMES CHADWICK MYERS**<br><br>Plaintiffs,<br><br>v.<br><br>**E & R LLC *d/b/a* HER TACTICAL; VICKY ARLENE JOHNSTON *d/b/a* HER TACTICAL; BLAKE CHEAL, individually and in his capacity as settlor and trustee of THE BLAKE AND TANYA CHEAL FAMILY LIVING TRUST; and GRANT LEE CAVALLI**<br><br>Defendants. | **PLAINTIFFS' MOTION TO SUPPLEMENT PLEADINGS**<br><br>Civil No. 1:22-cv-00121-DAK<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead<br><br>**JURY DEMANDED** |

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure and DUCivR 7-1, Plaintiffs JM4 Tactical, LLC and James Chadwick Myers respectfully move for leave to supplement the pleadings as attached and in support thereof state as follows:

## I.   RELEVANT HISTORY

1. Plaintiff filed this suit in the United States District Court for the District of Utah on September 19, 2022. ECF No. 2.

2. On August 23, 2023 this Court granted (ECF No. 42) the Plaintiffs' unopposed (ECF No. 41) motion (ECF No. 38) to amend pleadings and add Grant Cavalli as a named Defendant. On August 28, 2023, Plaintiffs filed their first amended pleadings. ECF No. 43.

3. Subsequently, on September 5, 2023, Plaintiffs registered U.S. Patent No. 11/747/109, titled "Gun Holster System and Method of Use" which claims, in pertinent part, the following:

What is claimed is:

1. A gun holster system for carrying a gun, comprising:

> a body having a front side and a back side that form an upper opening disposed therebetween;
>
> a strap assembly secured to the back side of the body, the strap assembly having:
>
>> an elongated strap extending from the back side of the body;
>>
>> a fastener protrusion extending from a back surface of the elongated strap; and
>>
>> a fastener housing extending from an outer surface of the back side of the body, the fastener housing being configured to engage with the fastener protrusion;
>>
>> wherein the elongated strap folds backwards and away from the upper opening to cause the fastener protrusion and the fastener housing to engage;
>
> a first magnet disposed within a thickness of the fastener protrusion; and
>
> a second magnet disposed within a thickness of the housing;

    wherein the first magnet is configured to engage with the second magnet, and wherein the engaging of the first magnet and the second magnet does not cause the elongated strap to obstruct the upper opening of the body and does not obstruct or hinder removal of the gun from the body;

    wherein a combined magnetic retention strength generated by the first magnet and the second magnet is strong enough to retain the gun within the body; and

    wherein the elongated strap is configured to fold over an article of clothing such that the first magnet and the second magnet provide magnetic retention to retain the gun holster system to the article of clothing.

See U.S. Patent No. 11/747,109 (Sept. 5, 2023) (attached).

4.    Because the above patent was still a pending application at the time of the Plaintiffs' Original and Amended pleadings, it could not be included as an enforceable "patent-in-suit" within those filings.

5.    Nevertheless, anticipating that the application might mature into a relevant and enforceable registration, Plaintiffs provided Defendants with early disclosure of the pending application. *See* JM4HT-3521 to JM4HT-3686, disclosed to Defendants on or around May 11, 2023.

6.    Thus, now that the patent has registered and the registration date occurred after the original and amended pleadings, Plaintiffs seek leave to supplement their pleadings for the purpose of including the '109 registration within the relevant patents-in-suit.

## II.    ARGUMENT AND AUTHORITIES

7.    Rule 15(d) of the Federal Rules of Civil Procedure provides: "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading

setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

8. "That rule 'plainly permits supplemental amendments to cover events happening after suit." *Massey v. Uintah Transp. Special Serv. Dist.*, Case No. 2:20-cv-00772-HCN-JCB at *8 (D. Utah Apr 26, 2021) (*quoting Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 227 (1964)). "Supplemental pleadings are thus appropriate to 'set forth new facts in order to update [an] earlier pleading.'" *Id.* (*quoting Carter v. Bigelow,* 787 F.3d 1269, 1278 (10th Cir. 2015) (alteration in original)).

9. "[T]he standard used by courts in deciding to grant or deny leave to supplement is the same standard used in deciding whether to grant or deny leave to amend." *Id.* at n.24 (*quoting Carter*, 787 F.3d at 1279 n.6 (quotations and citations omitted)).

10. Additionally, "under that liberal standard, '[t]he court should freely give leave' to amend pleadings 'when justice so requires.' *Id.* (alterations in original) *quoting* Fed. R. Civ. P. 15(a)(2) and *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) ("providing that leave to supplement pleadings 'should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants'" (quotations and citation omitted)).

11. Here, the post-pleading registration of a relevant patent claim inherently comprises the sort of "new fact" contemplated by Federal Rule 15(d). Further, Defendants cannot reasonably allege prejudice from this "new fact" because: (1) Defendants have received disclosures of this potential "new fact" since at least as early as May 11, 2023; (2) Plaintiffs seek to supplement to include the "new fact" within a week of its materialization; (3) the "new fact"

materialized well in advance of the close of discovery; and (4) the "new fact" does not create any new causes of action.

12. For these reasons, **Plaintiffs respectfully request that the Court grant their motion to supplement pleadings, as proposed herein.**

Dated this 13th day of September 2023.

                                              Respectfully Submitted,
                                              LEAVITT ELDREDGE LAW FIRM

                                              /Brandon J. Leavitt/
                                              Brandon James Leavitt

                                              MK SMITH, APC

                                              /s/ Jason K. Smith
                                              Jason K. Smith
                                              *Attorneys for Plaintiffs*

By my signature above, I, Brandon Leavitt, certify that this Motion to Supplement Pleadings contains 875 words and complies with DUCivR 7-1(a)(4).

By my signature above, I, Brandon Leavitt, certify that I conferenced with defense counsel Chad Perhson with respect to this Motion to Supplement Pleadings and he has indicated that he opposes the motion.

By my signature above, I, Brandon Leavitt, certify that this Motion to Supplement Pleadings has been served on all counsel of record via the court's electronic filing system.