Brandon James Leavitt, TX Bar No. 24078841, *pro hac vice*
**Brandon James Leavitt**
Eldredge Leavitt Law Firm
4204 SW Green Oaks Blvd., Suite 140
Arlington, TX 76107
(214) 727-2055
brandon@uslawpros.com

Jason K. Smith (Utah Bar No. 14323)
MK Smith, APC
9891 Irvine Center Dr., Ste. 200
Irvine, CA 92618
801-916-8723
jsmith@mks-law.com

*Attorneys for Plaintiffs*

In the United States District Court
for the District of Utah, Northern Division

| | |
|---|---|
| JM4 Tactical, LLC; and James Chadwick Myers<br><br>Plaintiffs,<br><br>v.<br><br>E & R LLC d/b/a Her Tactical; Vicky Arlene Johnston d/b/a Her Tactical; Blake Cheal, individually and in his capacity as settlor and trustee of the Blake and Tanya Cheal Family Living Trust; and Grant Lee Cavalli<br><br>Defendants. | Plaintiffs' Motion to Strike Defendants' Summary Judgment Motions and Rule 56(d) Motion to Defer Review until After Discovery<br><br>Civil No. 1:22-cv-00121-DAK<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead<br><br>Jury Demanded |

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure and DUCivR 56-1(b), Plaintiffs, JM4 Tactical, Inc. and James Chadwick Myers, by and through undersigned counsel, hereby move to strike the Defendants various Motions for Summary Judgment (*see* Dkt. Nos.

47-50) and to defer consideration thereof until the conclusion of factual discovery, and in support thereof state as follows:

### I.   RELEVANT FACTS

**A.   Defendants do not address all summary judgment issues in a single motion**

1. On 8/23/23 this Court approved Plaintiffs' motion to file amended pleadings while observing that Defendants had not opposed the motion. *See* Dkt. No. 42. (*citing* Dkt No. 41 (ordering Defendant to either file an opposition or a notice of non-opposition, and to justify its untimely response)).

2. The amended pleadings, filed on 8/28/23, allege causes of action for patent infringement pursuant to 35 U.S.C. § 271 and trade dress infringement/unfair competition pursuant to 15 U.S.C. § 1125(a), and allege a plurality of patents-in-suit[1] comprising: (1) utility registration 9/784,530; (2) design registration D788,451; (3) D811,731; (4) D836,329; and (5) D841,979. Dkt. No. 43. The amended pleadings also identify, in pertinent part, Defendant Blake Cheal in his personal capacity and in his capacity as settlor and trustee of the Blake and Tanya Cheal Family Living Trust.

3. On September 12, 2023, in 4 separate motions comprising 73 pages, Defendants moved for summary judgment such that, if collectively granted, all patents-in-suit would be held uninfringed, all other claims would be dismissed, and Defendant Cheal would be entirely removed from the suit. *See* Dkt, Nos. 47-50.

---

[1] Since receiving approval for and filing their amended pleadings, Plaintiffs have successfully registered a second utility patent, 11/747,109, and have filed a pending motion to supplement so that this registration can be included within the patents-in-suit. *See* Dkt. No. 53, *et. seq.*

**B.    Defendants' motions do not include an appendix of evidence**

4.    Concurrent with their collective motions for summary judgment, Defendants filed approximately 12 attachments. *See generally* Dkt Nos. 47-1 to 47-7, 48-1 to 48-3, 49-1, and 50-1. These exhibits do not include a captioned, cover-page index, nor is each exhibit listed by number.

**C.    Essential facts remain unavailable to the Plaintiffs**

5.    Since at least April 4, 2023, the Parties have engaged in extensive factual discovery disputes. *See, e.g.,* Dkt. Nos. 35-37, and 39.

6.    Specifically, since at least June 21, 2023, the Parties have endeavored to resolve these disputes without requiring court intervention. *See*, e.g., Dkt. No. 40 ("Based upon the current tenor of this litigation, the court strongly encourages the parties to engage in good faith meet and confer discussions with the intent of promoting the expeditious resolution of discovery disputes in a skilled and cost effective manner . . . with minimal involvement of the court.").

7.    At this time, Plaintiffs are hopeful that all pending discovery disputes have been resolved and that they will soon receive information necessary to their claims. *See generally* Exhibit A, Affidavit of Brandon Leavitt. Specifically, the Plaintiffs are currently waiting for production with respect to causation and damages, and will soon depose all Defendants to explore, *inter alia*, questions of knowledge, intent, management, encouragement, and acts of infringement.

8.    The information expected to be derived from both production and depositions is essential to support Plaintiffs allegations of infringement, intent, and alter ego as to each Defendant, to quantify damages, and to resolve matters alleged on information and belief. *See Id*.

9.  Nevertheless, production of this necessary information remains pending, Defendant depositions will not likely occur until approximately 11/1/22, and fact discovery is not set to close until 11/22/23. *Compare* Exhibit A *and see* Dkt. No. 32.

10. Likewise, the Parties have not yet engaged in expert discovery and do not expect to conclude such discovery until approximately 87 days after this Court rules on claim construction after 11/22/23. *Id.* Accordingly, probably facts relevant to the Plaintiffs infringement claims, such as pertain to the applicability of the doctrine of equivalents, will not likely be fully ascertained until the Spring of 2024.

## II.  ARGUMENT AND AUTHORITIES

### A.  Defendants' Summary Judgment Motions should be consolidated

11. Pursuant to DUCivR 56-1(b):

> A party must address all summary judgment issues in a single motion. If a party files more than one summary judgment motion at the same time, the court may strike the motions and require that the motions be consolidated into a single motion. A motion for summary judgment must be titled "Motion for Summary Judgment," be supported by an Appendix of Evidence, as described below in 56- 1(e)[.]

DUCivR 56-1(b).

12. Further, a motion for summary judgment may not exceed 40 pages, or 12,400 words. DUCivR 7-1(4)(B).

13. Thus, because Defendants have filed 4 separate summary judgment motions collectively comprising 73 pages, this Court should strike each motion so that they can be consolidated and refiled in compliance with the court's local rules and page limits.

### B. Defendant's attachments should be reformatted and refiled

14. Pursuant to DUCivR 56-1(e), "[a]ll evidence cited to in a motion, response, or reply must be compiled in an appendix [which must] include a captioned, cover-page index that []lists each exhibit by number[.]" DUCivR 56-1(e)(1) and DUCivR 56-1(e)(2)(A)(i).

15. Thus, because Defendants motions cite to 12 attachments without a captioned, cover-page index that lists each exhibit by number, the motions and their attachments should be stricken and refiled in accordance with the court's local rules and formatting criteria.

### C. Defendants' motions for summary judgment are premature

16. "Under Rule 56(d), '[i]f a nonmovant shows by affidavit . . . that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; [and/or] (2) allow time to obtain affidavits or declarations or to take discovery.'" *Holiday v. Progressive Ins.*, 2:21-cv-173-DAK-DBP (D. Utah Sep 22, 2021) (*quoting* Fed. R. Civ. P. 56(d)) (J. Pead) (J. Kimball).

17. "The central tenet of 56(d) is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Id.* (*quoting, inter alia, Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000)) (cleaned up). *See also Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303-4 (2d Cir. 2003) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.").

18. In *Holiday v. Progressive*, decided by this Court, the movant requested partial summary judgment before the close of discovery, before depositions had occurred, and before producing requested documentation. *See Holiday*, 2:21-cv-173-DAK-DBP. Thus, after finding

that the depositions and requested documents were critical to the nonmovant's ability to oppose summary judgment, the Court held that summary judgment was premature. *Id.*

19.  Like in *Holiday*, the Defendants have moved for summary judgment before the close of discovery, before depositions have occurred, and before producing testimony or evidence that Plaintiffs have been requesting since at least April 2023. And yet, pursuant to Exhibit A, the missing information is critical to opposing the Defendants' motions.

20.  Therefore, additional discovery is necessary before this Court rules on any summary judgment motion and any motions filed by the Defendants before the conclusion thereof are premature. Thus, the Court should strike the pending motions for summary judgment so that they can be consolidated and rule that the consolidated motion may be filed only after the close of fact discovery or, with respect to Plaintiffs' infringement claims, after the close of expert discovery.

Dated this 18th day of September 2023.

Respectfully Submitted,
LEAVITT ELDREDGE LAW FIRM

 /Brandon J. Leavitt/
Brandon James Leavitt

MK SMITH, APC

 /s/ Jason K. Smith
Jason K. Smith
*Attorneys for Plaintiffs*