### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **JM4 TACTICAL, LLC; and JAMES CHADWICK MYERS**<br><br>**Plaintiffs,**<br><br>v.<br><br>**E & R LLC** *d/b/a* **HER TACTICAL; VICKY ARLENE JOHNSTON** *d/b/a* **HER TACTICAL; BLAKE CHEAL, individually and in his capacity as settlor and trustee of THE BLAKE AND TANYA CHEAL FAMILY LIVING TRUST; and GRANT LEE CAVALLI**<br><br>**Defendants.** | **EXHIBIT B**<br>**AFFIDAVIT BY COUNSEL**<br>**BRANDON J. LEAVITT**<br><br>Civil No. 1:22-cv-00121-DAK<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead<br><br>**JURY DEMANDED** |

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes Now the undersigned and states under oath:

1.     I am counsel for Plaintiffs JM4 Tactical, LLC and James Chadwick Myers in this dispute.

2.     Defendants have alleged to the Court that, with respect to the doctrine of equivalents of Plaintiffs collective patent claims, Plaintiffs cannot assert facts sufficient to defeat summary judgment do not exist.[1]

3.     However, Plaintiffs do not yet have available all of the probable facts relevant to the doctrine of equivalents. For example, even the Defendants acknowledge that, "the difficulties and complexities of the doctrine [of equivalents] require that evidence be presented to . . . fact-finder through the particularized testimony of a person of ordinary skill inthe art, typically a qualified expert[.]" Dkt. No. 47, pg. 7 (internal citations omitted); Dkt. No. 48, pg. 10 (internal citations omitted).

---

[1] On 9/12/23 Defendants moved for summary judgment of all patent claims, citing, dismissing, in pertinent part, that "no plausible theory has been articulated or supported by Plaintiffs" that would enable application of the doctrine of equivalents. Dkt. No. 47, pg. 16. *But see Id*. at 14, n.3 (citing three exceptions that would rebut the application of prosecutory estoppel). Likewise, on 9/12/23 Defendants moved for summary judgment of all design patent claims after dismissing the Plaintiffs' theory pursuant to the doctrine of equivalents as "conclusory, fact-free contention[s]". Dkt. No. 48 at pg. 21.

4.     And here, pursuant to the Court's scheduling order, the Parties have not yet engaged in expert witness discovery and will not likely do so until after this Court first rules on claim construction. *See, e.g.,* Dkt. No. 32, Part 5 (ruling that expert discovery will not conclude until 87 days after the court rules on claim construction).

5.     Accordingly, in view of the scheduling order, Plaintiffs would need approximately 87 days of additional time, *after* the Court rules on claim construction, to obtain probable facts related to the doctrine of equivalents that they intend to rely on in rebuttal of summary judgment.

6.     Defendants have also alleged to the Court that Plaintiffs lack evidence of intent, knowledge, management, and/or encouragement sufficient to include Defendant Cheal in any claim.[2] Defendants have similarly alleged to the Court that Plaintiffs lack evidence sufficient to articulate a theory of causation or damage as to their Lanham Act claims.[3]

7.     However, Plaintiffs do not yet have available all of the probable facts relevant to Cheal's motive, intent, actions, and relationships, or to causation and damages. For example, the Parties have only just reached an agreement on discovery and depositions that would produce facts and evidence relevant to these requests. *See* Attachment 1, herein.

8.     And here, pursuant to the Court's scheduling order, the Parties will likely remain engaged in fact discovery until 11/22/23. *See* Dkt. No. 32, Part 2.i.

9.     Accordingly, in view of the scheduling order and stipulations of the Parties, Plaintiffs would need until approximately 11/22/23 to obtain probable facts related to Cheal's motive, intent, actions, and relationships—and the Defendants' causation and damages generally—that they would rely on in rebuttal of summary judgment.

**Dated**:  September 18, 2023                    Respectfully submitted,

By:  */Brandon J. Leavitt/*

**Brandon James Leavitt**

**ATTORNEY FOR PLAINTIFFS**

---

[2] On 9/12/23 Defendants moved for summary judgment of all claims as to Defendant Cheal, stating, in pertinent part, "[t]he Court should grant Mr. Cheal's Motion for Summary Judgment. Plaintiffs have no evidence that is legally relevant to the burden they must show to prove any of their various claims against Mr. Cheal." Dkt. No. 49, pg. 16. More specifically, Defendants allege that Plaintiffs lack evidence that Cheal: (1) manages Her Tactical or directs its activities [Id. at pg. 12]; (2) had actual knowledge of Plaintiffs' patents or tradedress; (3) knew of at least a high probability of infringement; (4) encouraged Her Tactical to commit infringement; (5) advertised or sold holsters; or (6) made public statements about holsters. *See generally Id.* at pp. 12-15.

[3] On 9/12/23, Defendants moved for summary judgment as to Plaintiffs' Lanham Act claims stating, in pertinent part, that Plaintiffs [] articulate no theory of causation or damage. *See, e.g.,* Dkt No. 50, pg. 2.

**Attachment 1**
**Relevant Party Correspondence**



Brandon Leavitt <brandon@uslawpros.com>

# correspondence

**Brandon Leavitt <brandon@uslawpros.com>**                          Thu, Sep 14, 2023 at 3:26 PM



s-law.com>,

Thanks again Chad for taking my call yesterday. My understanding of the discussion is as follows:

- ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
- **Depositions**
  - My staff will draft a notice of deposition for Johnston in her personal capacity and as the 30(b)(6) rep for E&R. We anticipate both can be done within a single day, on 11/2. If you choose a different 30(b)(6) rep, you will let me know and I will depose him/her on 11/3.
  - My staff will draft a notice of deposition for Cheal in his personal capacity and as settlor of his living trust, for 11/1. You intend to move to quash the subpoena.
- **Pending and Anticipated Motions**
  - We have filed the motion to supplement as opposed and expect you will answer
  - We have received your MSJs and will timely answer
  - You intend to file a motion to stay discovery and, after consulting my clients, we intend to *oppose* that motion
- **Discovery** - We resolved all remaining conflicts sufficient to avoid a motion to compel, namely:
  - Cheal ROGs 6, 10 - Your proposed amendments resolve our concerns
  - Cheal ROG 19 - Confirming Cheal's residence is sufficient to resolve our concerns
  - Johnston/E&R ROG 16 / RFP 9
    - If Johnston is unable to produce the records herself the parties can agree on a neutral third party to create do so.
    - On the call I also proposed the same solution with respect to the AliBaba records but failed to mention the corresponding request, which is RFP 8. Can you confirm that Johnston/E&R will also produce the Alibaba records pursuant to the same proposed solution?
    - ▓
    - If Johnston has noone she recommends for this, I propose herein Matt Amo (matt_amo@yahoo.com) of Amo Tech as someone capable of doing so cost effectively.
  - **Please confirm each of the above points and let me know if we can the amended the amended responses and updated production within 30 days from today, on October 14, 2023.**



-Brandon

[Quoted text hidden]