## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **JM4 TACTICAL, LLC, and JAMES CHADWICK MEYERS,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**HER TACTICAL, LLC; E & R LLC dba HER TACTICAL; VICKY ARLENE JOHNSTON; and BLAKE CHEAL,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:22-CV-121-DAK-DBP<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiffs' Motion to Strike Defendants' Summary Judgment Motions and Rule 56(d) Motion to Defer Review Until After Discovery [ECF No. 55]; Plaintiffs' Motion to Supplement Pleadings [ECF No. 53]; and Defendants' Motion to Strike Plaintiffs' Final Infringement Contentions and Extend Time for Any Further LPR Filings Until Plaintiffs' Final Infringement Contentions are Cured [ECF No. 61].

1. **Plaintiffs' Motion to Strike**

Plaintiffs' Motion to Strike asks the court to strike Defendants' motions for summary judgment for failing to move for summary judgment in one motion as required by the court's Local Rules of Practice. On September 12 and 13, 2023, Defendants filed four motions for Summary Judgment.   Pursuant to the District of Utah's Local Rules of Practice DUCivR 56-1(b), "[a] party must address all summary judgment issues in a single motion. If a party files more than one summary judgment motion at the same time, the court may strike and require that the motions be consolidated into a single motion." Defendants state that this District's Local Rules encourage a

party to bring all summary judgment issues in one motion. However, the language of the DUCivR 56-1(b) states that a party "must address all summary judgment issues in a single motion." The court does not construe the word "must" to be merely encouragement. The only discretionary language in the rule is whether the court decides to strike multiple motions for summary judgment. The rule's language allowing the court to strike multiple motions complies with the Tenth Circuit's directive that "a court may choose to strike a filing that is not allowed by local rule." *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020).

In this case, Defendants filed separate motions based on different issues and different parties. DUCivR 56-1(b) allows different parties to file their own motion. The motion for summary judgment addressing only Blake Cheal [ECF No. 49] is not improper under the rule to the extent that it is a motion by a separate party. However, that motion would need to be Blake Cheal's only motion for summary judgment, and it is not. Blake Cheal is listed as a moving party on Defendants' three other jointly filed motions for summary judgment. Therefore, it is not in compliance with the Local Rules either.

While the rule gives the court discretion in deciding whether to strike multiple motions and Defendants' have given some reasons explaining why they think the multiple motions are an efficient approach, the court expects the parties before it to follow the District's Local Rules unless they first seek permission to proceed differently. The court does not want to be in the practice of excusing noncompliance with the Local Rules after the fact. Such an approach leads to a waste of the court's and the parties' time and resources. Following the Local Rule with respect to the number of motions and the attachment of appendices of exhibits negates the need of motions like the one presently before the court. The court, therefore, strikes Defendants' multiple motions for summary judgment [ECF Nos. 47, 48, 49, 50]. Defendants must consolidate the motions as

necessary and refile for summary judgment in compliance with the District's Local Rules of
Practice.

    2.  **Plaintiffs' Rule 56(d) Motion**

Plaintiffs also moved, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, for a
deferral of the court's review of Defendants' motions for summary judgment until the parties
conduct further discovery. The court's ruling above striking Defendants' multiple motions for
summary judgment does not moot Plaintiffs' Rule 56(d) motion because the Rule 56(d) motion
relates to the proper timing for filing, and now refiling, Defendants' summary judgment
motion(s).[1]

Defendants assert that Plaintiffs' Rule 56(d) motion is procedurally improper because it
should have been raised in a Rule 56(d) Motion rather than a Motion to Strike.   However, the
caption of Plaintiffs' motion [ECF No. 55] states that it is a Motion to Strike *and* a Rule 56(d)
Motion. While a party should file a Rule 56(d) motion separate from its memorandum in
opposition to summary judgment, there is nothing inherently improper about combining two
related motions in one pleading. Defendants also claim that Plaintiffs failed to comply with Rule
56(d)'s affidavit requirement, but Plaintiffs included an Affidavit of its counsel Brandon J. Leavitt
with its motion [ECF No. 55-2].

Under Rule 56(d), "[i]f a nonmovant shows by affidavit . . . that, for specified reasons, it
cannot present facts essential to justify its opposition, the court may: (1) defer considering the
motion or deny it; [and/or] (2) allow time to obtain affidavits or declarations or to take discovery."
Fed. R. Civ. P. 56(d). Leavitt's Affidavit states that Plaintiffs do not yet have available all of the

---

1 The court recognizes that each defendant can choose to file its own motion for summary
judgment and be in compliance with the District's Local Rules. Therefore, the court refers to
"motion(s)."

probable facts relevant to the doctrine of equivalents because it usually must be established with expert testimony and have not yet engaged in expert witness discovery. The Scheduling Order in this case contemplates expert discovery occurring after claim construction, which is scheduled to occur from November 2023 to January 2024. Leavitt also testifies that Plaintiffs do not have all the facts relevant to Cheal's involvement and relationships because the parties have just reached an agreement on discovery and depositions on those issues. Plaintiff has not had the opportunity to depose Cheal. Under the Scheduling Order in this case, the parties scheduled to have fact discovery open until November 22, 2023. Plaintiffs summarized their efforts to obtain discovery. There is no issue in this case with Plaintiffs failing to be diligent in obtaining discovery.

"The central tenet of Rule 56(f) [now 56(d)] is that 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition.'" *Burke v. Utah Transit Auth.*, 462 F.3d 1253, 1264 (10th Cir. 2006) (quoting *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000).

Based on Leavitt's Affidavit, the court concludes that Defendants' motions for summary judgment are premature. Plaintiff is entitled to depose the parties and conclude discovery on the issues raised in Defendants' motions. Defendants should file their consolidated motion(s) for summary judgment after the close of discovery. Because the court concludes that additional discovery is necessary, the court grants Plaintiff's Rule 56(d) motion [ECF No. 55].

3. **Plaintiffs' Motion to Supplement**

Plaintiffs seek to supplement their Complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure to include U.S. Patent No. 11,747,109 ('109 Patent), which was issued September 5, 2023. Defendants oppose supplementation, arguing that supplementation is only for adding new facts, not new claims, the deadline for amending pleadings has passed, and allowing

supplementation more than one year after the original Complaint would prejudice Defendants. Defendants contend that Plaintiffs need to file a new action based on the newly issued patent.

Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."   Fed. R. Civ. P. 15(d).   As with a motion to amend, leave to supplement a complaint "should be freely granted" where there is no prejudice.   *Walker v. United Parcel Serv.*, 240 F.3d 1268, 1278 (10th Cir. 2001).

In this case, Plaintiffs moved to supplement their Amended Complaint within a week of the patent's registration. Because the '109 Patent application was still pending at the time Plaintiffs amended their Complaint, they could not include it as one of the patents-in-suit.   However, anticipating that it might become enforceable, Plaintiffs provided Defendants with disclosure of the pending application on May 11, 2023. The request to supplement was brought two months before the end of fact discovery.

The parties dispute whether the new patent registration is a new claim. Plaintiffs already assert infringement of several other patents. Defendants, however, argue that claiming infringement of a new patent is a new claim that requires amendment and the deadline for amending pleadings has passed. However, courts also liberally allow amendment and the Tenth Circuit appears to allow supplemental pleadings to include new claims. In *Predator Int'l Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177 (10th Cir. 2015), a party sought to file a supplemental complaint asserting patent-ownership claims and sought leave to amend its Complaint to reinstate a patent infringement claim it had previously abandoned. *Id.* at 1186. The Tenth Circuit found that "[n]either request was unwarranted under the facts and law" even though the deadline for amended pleadings had passed. *Id.* However, the court also recognized that the motions "could be denied if

5

there was good reason for denial." *Id.* at 1187. Therefore, Tenth Circuit law does not appear to support Defendants' contention that Plaintiffs' motion to supplement pleadings is procedurally improper. Rather, denial of the request would need to be based on some good reason for denial.

Given that this case is a year old, Defendants assert that Plaintiffs should file a separate action relating to the '109 Patent. But the Tenth Circuit appears to disagree that this would be the most efficient procedure for the parties and the court. In *Predator*, the Tenth Circuit stated that "Predator could have brought the patent-ownership claim in a separate action and then moved to consolidate the actions. Supplementation under Rule 15(d) is simply a more efficient vehicle to accomplish that objective." *Id.* (citing *Arp v. United States*, 244 F.2d 571, 574 (10th Cir. 1957) ("Had the court refused permission to file [the supplemental complaint], the Government could have proceeded by an original complaint in an independent action, and the identical issues would have been presented and determined.   We find no abuse of discretion by the trial court [in allowing supplementation under Rule 15(d) instead."); *see also* 6A Charles A. Wright et al., Federal Practice and Procedure § 1506 (3d ed. 2010) ("[T]he usual effect of denying leave to file a supplemental pleading because it states a new cause of action is to force plaintiff to institute another action and move for consolidation under Rule 42(a) in order to litigate both claims in the same suit, a wasteful and inefficient result.")).

Based on this court's reading of *Predator*, the Tenth Circuit allows a court to grant a plaintiff leave to supplement its complaint with a new cause of action after the deadline for amending pleadings if there is no prejudice to the other side. Defendants allege two types of prejudice in their opposition to supplementation. First, Defendants claim that they will be prejudiced because they will not be able to inter partes review ("IPR") of the patent because Plaintiffs filed this action a year ago. However, the court's order allowing supplementation would

direct Plaintiffs to file a supplemental complaint including the '109 Patent, the supplemental complaint would become the operative complaint, and Defendants would have one year from the date of that supplemental complaint to filed for IPR. Therefore, nothing with respect to being able to file for IPR of the '109 Patent causes prejudice to Defendants.

Defendants next argue that they will be prejudiced because disclosure deadlines have already passed in this case and Defendants had filed motions for summary judgment. Based on the court's ruling above, the motions for summary judgment do not provide a basis for prejudice. While disclosure deadlines have passed and would need to be redone, there is still over a month before pre-claim construction fact discovery closes. Moreover, Plaintiffs disclosed the '109 Patent application to Defendants several months ago. Plaintiffs also included the '109 registration in the LPR 3.1 disclosures, and Defendants have moved to stay their corresponding deadlines pending Plaintiffs' removal of the '109 Patent from their Final Infringement Contentions. Therefore, Defendants do not appear to be completely opposed to staying or extending deadlines. If the parties do need to extend their deadlines, it would only be the first extensions to the original Scheduling Order. The court rarely has cases proceed without a single amended scheduling order. Also, as recognized in *Predator*, extending some deadlines is more efficient than instituting a new action based on the same conduct.

Because permission should be liberally granted, the court grants Plaintiff's motion to supplement pleadings [ECF No.53]. Plaintiffs shall file the supplemental pleadings attached to their motion within five days of the date of this Order. If the parties need to amend their Scheduling Order as a result of this supplementation, they should meet and confer and submit an Amended Scheduling Order to the court.

4.  **Defendants' Motion to Strike Final Infringement Contentions and to Stay LPR Deadlines Until Plaintiffs' Final Infringement Contentions Are Cured**

Defendants ask the court to strike Plaintiffs' Final Infringement Contentions because they included reference to the newly issued '109 Patent before this court granted Plaintiffs' motion to supplement their pleadings allowing them to include the '109 Patent. The inclusion of the unpled patent in Plaintiffs' infringement contentions prior to supplementation could have been characterized as including immaterial matters in a filing. But Plaintiffs were updating their infringement contentions to reflect the newly registered patent they were seeking to include in the action. Given the court's above ruling allowing Plaintiffs to supplement their Amended Complaint to include the '109 Patent, this motion is largely moot. There is no basis now to assert that Plaintiffs' final contentions should be stricken or must be cured. Defendants can conduct discovery on the '109 Patent now that it is being added to the pleadings. Defendants' final non-infringement contentions were due on October 11, 2023. The court grants Defendants an extension of that deadline to November 27, 2023. However, the court recognizes that as a result of the rulings in this Order the parties may meet and confer and submit a new Scheduling Order. The court, therefore, denies Defendants' Motion to Strike.

Because the court has allowed Plaintiffs to add the '109 Patent to their Amended Complaint and there is no need for the court to strike or Plaintiffs to cure the final infringement contentions, the court denies Defendants' motion to strike.

CONCLUSION

Based on the above reasoning, Plaintiffs' Motion to Strike Defendants' Summary Judgment Motions and Rule 56(d) Motion to Defer Review Until After Discovery [ECF No. 55] is GRANTED; Plaintiffs' Motion to Supplement Pleadings [ECF No. 53] is GRANTED; and Defendants' Motion to Strike Plaintiffs' Final Infringement Contentions and Extend Time for Any

Further LPR Filings Until Plaintiffs' Final Infringement Contentions are Cured [ECF No. 61] is

DENIED.

      DATED this 16th day of October 2023.

                BY THE COURT:

                DALE A. KIMBALL
                United States District Judge