**Brandon James Leavitt**
TX Bar No. 24078841, *pro hac vice*
Eldredge Leavitt Law Firm
4204 SW Green Oaks Blvd., Suite 140
Arlington, TX 76107
(214) 727-2055
brandon@uslawpros.com

**Jason K. Smith** (Utah Bar No. 14323)
MK SMITH, APC
9891 Irvine Center Dr., Ste. 200
Irvine, CA 92618
801-916-8723
jsmith@mks-law.com

**Attorneys for Plaintiffs**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| **JM4 TACTICAL, LLC**; and **JAMES CHADWICK MYERS,**<br><br>Plaintiffs,<br><br>*versus*<br><br>**E & R LLC *dba* HER TACTICAL**;<br>*et. al.*<br><br>Defendants. | **JOINT STATUS REPORT REGARDING CLAIM CONSTRUCTION HEARING**<br><br>**LPR 4.3(B)**<br><br>Case No. 1:22-cv-01121-AMA-DBP<br><br>Judge Ann Marie McIff Allen<br>Magistrate Judge Dustin B. Pead<br><br>**Jury Demanded** |

The parties respectfully submit this joint status report containing their agreed proposals for the nature and form of the claim construction hearing.

**I.   Nature of Hearing**

1. Plaintiff believes that the Court should conduct a claim construction hearing pursuant to Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996). As articulated in

Defendants' briefing, Defendant believes that no specific claim construction is necessary as each proposed term may be properly construed pursuant to its ordinary meaning.

## II. Proposed Format

2. If the Court elects to hold a hearing, the parties jointly propose the following format:

   a. *Time Allocation*: The parties request a total of one hour for the hearing, allocated as follows:

      i. Plaintiffs: 15 minutes

      ii. Defendants: 10 minutes

      iii. Reserved for Court's questions: 30 minutes

   b. *Order of Presentation*: Plaintiffs will present first, followed by Defendants, with any remaining time used for clarification as directed by the Court.

## III. Demonstrative Exhibits

3. The parties agree to use physical holster products as demonstrative exhibits during the hearing. The parties will exchange identification of demonstrative exhibits 48 hours before the hearing. No technology tutorial is necessary.

## IV. Expert Testimony

4. The parties stipulate that no expert testimony is necessary for the claim construction hearing. All arguments will be presented by counsel based on the intrinsic record and materials previously submitted with the briefing.

## V.   Proposed Hearing Date

5.   The parties jointly propose and stipulate that if the Court elects to hold a hearing, the claim construction hearing should not be scheduled prior to October 27, 2025, due to scheduling constraints. The parties are available at the Court's convenience any time after October 27, 2025.

## VI.   Post-Hearing Procedures

6.   The parties jointly request that the Court issue its claim construction order in writing following the hearing. The parties agree that no post-hearing briefing is necessary.

Respectfully submitted this 10th day of October, 2025.

    /Brandon J. Leavitt/
**Brandon James Leavitt**
Counsel for Plaintiffs

Agreed as to Form and Substance:

    /s/ Chad Pehrson (by permission)
**Chad Perhson**
Counsel for Defendants