**Brandon James Leavitt**
TX Bar No. 24078841, *pro hac vice*
Eldredge Leavitt Law Firm
4204 SW Green Oaks Blvd., Suite 140
Arlington, TX 76107
(214) 727-2055
brandon@uslawpros.com

**Jason K. Smith** (Utah Bar No. 14323)
MK SMITH, APC
9891 Irvine Center Dr., Ste. 200
Irvine, CA 92618
801-916-8723
jsmith@mks-law.com

**Attorneys for Plaintiffs**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| **JM4 TACTICAL, LLC**; and **JAMES CHADWICK MYERS**,<br><br>Plaintiffs,<br><br>*versus*<br><br>**E & R LLC** *dba* **HER TACTICAL**; *et. al.*<br><br>Defendants. | **PLAINTIFFS' ANSWER IN OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE AND PLAINTIFFS' RENEWED MOTION FOR SANCTIONS**<br><br>Case No. 1:22-cv-01121-AMA-DBP<br><br>Judge Ann Marie McIff Allen<br>Magistrate Judge Dustin B. Pead<br><br>**Jury Demanded** |

Plaintiffs respectfully submit this opposition to Defendants' Motion to Continue and hereby renew their Motion for Sanctions as follows:

## I.   Introduction

1.   Plaintiffs JM4 Tactical, LLC and James Chadwick Myers respectfully oppose Defendants' Motion to Continue the December 18, 2025 Claim Construction Hearing (ECF 140)

and renew their request for sanctions pursuant to this Court's inherent power and the Utah Rules of Professionalism and Civility. Defendants' motion should be denied for three independent reasons: (1) Defendants knew of the alleged scheduling conflict no later than November 10, 2025—over a month before the hearing—yet waited until the Thursday before the hearing to seek relief; (2) Plaintiffs and their clients have already incurred travel expenses from Texas in reliance on the scheduled hearing; and (3) Defendants sought the continuance without first conferencing with Plaintiffs by recorded video chat as required by Magistrate Judge Pead's February 23, 2024 bench order—an order issued specifically to address prior unprofessional conduct in this case.

2. Plaintiffs further renew their request for sanctions based on opposing counsel Chad Pehrson's willful refusal to comply with Judge Pead's bench order, despite explicit written warning that Plaintiffs would seek sanctions if he proceeded without first conducting a recorded video conference. Mr. Pehrson's conduct is particularly troubling given that he complied with the same order just two months earlier, in September 2025, and given the history of conduct that prompted Judge Pead to issue the order in the first place.

## II.    Factual Background

### A.    The February 23, 2024 Bench Order

3. On February 23, 2024, Magistrate Judge Pead conducted a hearing on multiple pending discovery motions, including Plaintiffs' Motion for Sanctions arising from Mr. Pehrson's conduct during the deposition of Defendant Vicky Johnston. *See* ECF 111, 122. The full context of that conduct—and the broader history of this litigation—is set forth in the Declaration of Brandon J. Leavitt filed herewith.

4. During the hearing, Judge Pead strongly reprimanded Mr. Pehrson for his conduct during the Johnston deposition but declined to award monetary sanctions based on Plaintiffs' counsel's testimony that a second deposition was unnecessary. Judge Pead then chastised both counsel for the contention that had arisen in the case and, as a prophylactic measure, **ruled from the bench that all future conferences between the parties would be conducted by recorded video chat**. The purpose of this order was, ostensibly, to hold counsel accountable to conduct themselves within the scope of the Rules of Professionalism and Civility, create a clear record of communications, prevent future disputes about what was said during conferences.

5. 5. Although this ruling was not reduced to a written order, both Plaintiffs' counsel and former defense counsel Bryan "Bud" Todd operated in compliance with the bench order since February 2024. Mr. Todd, who was an associate at Kunzler Bean & Adamson, participated in recorded video conferences with Plaintiffs' counsel throughout 2024 and into 2025 without objection. *See* Leavitt Decl. ¶¶ 16-17.

        **B.**      **Mr. Pehrson's September 2025 Compliance**

6. On September 25, 2025, when Plaintiffs' counsel sought to schedule a video conference regarding the joint status report, Mr. Pehrson initially resisted. He wrote: "Thank you kindly for your email. Your statements are not correct or relevant." When reminded of the bench order, he demanded: "Could you send me the Court order that requires that specifically as to this issue?" *See* Exhibit A.

7. 7. Plaintiffs' counsel responded by recounting the February 23, 2024 hearing and offering Mr. Pehrson three options: (1) confirm the order with Mr. Todd; (2) file a motion for clarification; or (3) file a motion to vacate. Ultimately, **Mr. Pehrson agreed to the video conference**, writing on September 26, 2025: "Sure, let's chat in 20 minutes! Looking forward to it!" The parties held the conference without further issue. *Id.*

### C. The November 2025 Refusal and ECF 140

8. On November 10, 2025, Mr. Pehrson emailed Plaintiffs' counsel stating: "My client is unfortunately out of town for the holidays this year, and is wondering if we could submit a request that the Court reschedule the hearing for January." *See* Exhibit B.

9. On November 12, 2025, Plaintiffs' office manager Alyssa Kamego responded: "Brandon would be happy to meet via Zoom (per the Judge's order) to discuss the rescheduling. Please let me know your availability for Monday and I can set the call up." *Id.*

10. Later that same day, Mr. Pehrson refused: "To my knowledge, there's no requirement to meet via Zoom on a simple scheduling request like this. Brandon can say 'yes,' or 'no' or make a counter-proposal." *Id.*

11. On November 13, 2025, Plaintiffs' counsel issued an explicit warning:

> Chad we've been through this and I won't continue to debate it with you. I encourage you to either: 1. Talk to your former associate Bud who was present when the bench order was issued and can confirm; 2. File a motion for clarification with the judge; 3. File a motion to vacate the order. Please note that if you choose to file any documents with this Court indicating a conference or "good faith" intent to conference by any means other than recorded video chat, I will advise the court and renew my request for sanctions that led to this order.

*Id.*

12. Despite this explicit warning, and despite knowing of the scheduling conflict since November 10, 2025, Mr. Pehrson waited until December 11, 2025—the Friday before the December 18 hearing—to file the Motion to Continue (ECF 140). He did so without conducting a video conference with Plaintiffs' counsel as required by Judge Pead's order.

### D. Prejudice to Plaintiffs

13. Plaintiffs and their clients, who reside in Texas, have made travel arrangements to appear in person at the December 18, 2025 hearing. Granting the last-minute continuance would result in wasted travel expenses and disruption to Plaintiffs' schedules. *See* Leavitt Decl. ¶ 24.

### III. Argument

#### A. The Motion to Continue Should be Denied

14. A motion to continue a hearing is addressed to the sound discretion of the trial court. Courts consider: (1) the movant's diligence; (2) the likelihood the continuance would accomplish its purpose; (3) the inconvenience to the opposing party, its witnesses, and the court; and (4) the need for the continuance and the harm/prejudice the movant may suffer if denied. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). Each factor weighs against Defendants here.

##### i. *Defendants Lack Diligence*

15. Defendants knew of the scheduling conflict no later than November 10, 2025, when Mr. Pehrson first contacted Plaintiffs' counsel. The original hearing notice was issued October 31, 2025 (ECF 138), and an amended notice was issued November 26, 2025 (ECF 139). Defendants had over a month to seek relief from the Court but instead waited until the Thursday before the hearing to file their motion. This lack of diligence alone warrants denial.

##### ii. *Plaintiffs Will be Prejudiced*

16. Plaintiffs and their clients have made travel arrangements from Texas to Utah for the December 18 hearing. Granting a continuance at this late stage would cause financial harm and schedule disruption. The prejudice to Plaintiffs outweighs any inconvenience to Defendants, who created this situation through their own delay.

##### iii. *Defendants Failed to Follow the Court's Order*

17. Judge Pead's bench order required "all future conferences between the parties" to be by recorded video chat. This was a case-specific directive issued to address the particular difficulties that had arisen in communications between counsel. Mr. Pehrson understood the order well enough to comply with it in September 2025; his claim two months later that "there's

no requirement to meet via Zoom" is not credible. By filing ECF 140 without first conferencing as required, Defendants circumvented the Court's order. Granting the continuance would reward this conduct.

### B. Sanctions Are Warranted for Violation of the Bench Order

18. Federal courts possess inherent power to manage their affairs, including the authority to sanction conduct that abuses the judicial process. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991). This includes the power to enforce compliance with the court's own orders. *See also* DUCivR 83-1.1(d) (authorizing sanctions for violations of standards of professionalism).

19. The undisputed facts establish a willful violation:

   a. Judge Pead issued a bench order requiring all conferences to be by recorded video chat;

   b. Both parties operated under this order for nearly two years;

   c. Mr. Pehrson himself complied with the order in September 2025;

   d. In November 2025, Mr. Pehrson refused to video conference;

   e. Plaintiffs' counsel gave explicit written warning of the consequences; and

   f. Mr. Pehrson filed ECF 140 anyway, without video conferencing.

20. "Where . . . the parties find themselves at the rocky bottom of the incivility spiral, the court should use its authority 'to maintain standards of civility and professionalism.'" *Boulder Falcon, LLC v. Brown*, 2:22-cv-00042-JNP-JCB, at *4 (D. Utah Mar. 8, 2023) (quoting *Redwood v. Dobson*, 476 F.3d 462, 469-70 (7th Cir. 2007)).

21. The context matters here. Judge Pead issued the bench order because of Mr. Pehrson's conduct at the Johnston deposition—conduct documented in detail in the accompanying declaration. That the same attorney would now refuse to comply with the order

imposed to address his conduct demonstrates a continuing pattern of disregard for this Court's directives. Plaintiffs respectfully submit that the Court should not only deny the continuance but also reduce the bench order to writing and award Plaintiffs their reasonable attorneys' fees incurred in bringing this motion.

### IV. Conclusion

22. For the foregoing reasons, Plaintiffs respectfully request that this Court:

   a. DENY Defendants' Motion to Continue (ECF 140);

   b. ISSUE A WRITTEN ORDER confirming the Court's February 23, 2024 bench ruling that all conferences between the parties shall be conducted by recorded video chat;

   c. AWARD Plaintiffs their reasonable attorneys' fees incurred in bringing this motion;

   d. IN THE ALTERNATIVE, if the Court grants the continuance, ORDER Defendants to reimburse Plaintiffs for their wasted travel expenses; and

   e. Grant such other relief as the Court deems just and proper.

Dated this 12th day of December, 2025.

    /Brandon J. Leavitt/
**Brandon James Leavitt**
*Counsel for Plaintiffs*

### CERTIFICATE OF CONFERENCE

Pursuant to DUCivR 7-1(a)(1), and in compliance with Magistrate Judge Pead's February 23, 2024 bench order, the undersigned certifies as follows regarding efforts to confer with Defendants' counsel:

On November 12, 2025, Plaintiffs' office manager offered to schedule a Zoom conference per the Court's order to discuss the proposed rescheduling. Mr. Pehrson refused, stating: "To my knowledge, there's no requirement to meet via Zoom on a simple scheduling request like this."

On November 13, 2025, Plaintiffs' counsel issued a written warning that filing with the Court without first video conferencing would result in a renewed sanctions motion.

Despite these efforts, Mr. Pehrson filed ECF 140 on December 11, 2025 without conducting the required video conference. Plaintiffs were therefore unable to confer regarding the Motion to Continue prior to its filing, through no fault of their own.

        /Brandon J. Leavitt/
        **Brandon James Leavitt**

### CERTIFICATE OF SERVICE

I certify that on the 12th day of December, 2025, a true and correct copy of the foregoing PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CONTINUE AND RENEWED MOTION FOR SANCTIONS, together with the Declaration of Brandon J. Leavitt, Exhibits A-B, and Proposed Order, was filed with the Court via the CM/ECF system, which will send notification of such filing to all counsel of record.

        /Brandon J. Leavitt/
        **Brandon James Leavitt**