**Brandon James Leavitt**
TX Bar No. 24078841, *pro hac vice*
Eldredge Leavitt Law Firm
4204 SW Green Oaks Blvd., Suite 140
Arlington, TX 76107
(214) 727-2055
brandon@uslawpros.com

**Jason K. Smith** (Utah Bar No. 14323)
MK SMITH, APC
9891 Irvine Center Dr., Ste. 200
Irvine, CA 92618
801-916-8723
jsmith@mks-law.com

**Attorneys for Plaintiffs**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH
### NORTHERN DIVISION

| | |
|---|---|
| **JM4 TACTICAL, LLC**; and **JAMES CHADWICK MYERS,**<br><br>Plaintiffs,<br><br>*versus*<br><br>**E & R LLC *dba* HER TACTICAL;** ***et. al.***<br><br>Defendants. | **DECLARATION OF BRANDON JAMES LEAVITT**<br><br>Case No. 1:22-cv-01121-AMA-DBP<br><br>Judge Ann Marie McIff Allen<br>Magistrate Judge Dustin B. Pead<br><br>**Jury Demanded** |

I, Brandon J. Leavitt, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.      I am an attorney duly licensed to practice law in the State of Texas and have been admitted *pro hac vice* in this matter. I am the lead attorney for Plaintiffs JM4 Tactical, LLC and James Chadwick Myers. I have personal knowledge of the facts set forth in this declaration, and if called as a witness, I could and would testify competently thereto.

**Background: The Litigation History Before Judge Pead's Order**

2.    This case was filed in 2022. Since that time, there have been numerous discovery disputes and contested motions. I provide this background so the Court may understand the context in which Magistrate Judge Pead issued his February 23, 2024 bench order.

3.    On December 8, 2022, Mr. Pehrson filed a Motion for Rule 11 Sanctions against Plaintiffs (ECF 21), alleging that our patent infringement claims lacked merit. On February 1, 2023, Judge Kimball denied the motion, finding it "without merit" because Plaintiffs' Complaint demonstrated "a good-faith, informed comparison of their patents against the accused infringing products." *See* ECF 27.

4.    On October 12, 2023, Mr. Pehrson filed a second Motion for Sanctions, styled as "Motion for Sanctions Due to Litigation Misconduct" (ECF 70). On October 27, 2023, Judge Pead denied the motion because Defendants "fail[ed] to identify any specific source of authority" for sanctions, making the Court "unable to effectively analyze Defendants' claims." Judge Pead noted: "It is not the obligation of this court to craft, 'research and construct legal arguments open to parties, especially when they are represented by legal counsel.'" *See* ECF 79.

5.    On October 16, 2023, Judge Kimball struck four summary judgment motions filed by Mr. Pehrson (ECF 47-50) for violating DUCivR 56-1(b), which requires consolidation of summary judgment motions. In response to Plaintiffs' motion to strike, Mr. Pehrson had characterized the Local Rules as merely a "precatory aspiration." Judge Kimball stated: "[T]he court expects the parties before it to follow the District's Local Rules unless they first seek permission to proceed differently. The court does not want to be in the practice of excusing noncompliance with the Local Rules after the fact." *See* ECF 71.

**The November 2, 2023 Deposition of Vicky Johnston**

6.    On November 2, 2023, I conducted the deposition of Defendant Vicky Johnston in Salt Lake City. Mr. Pehrson defended the deposition. My client, James Chadwick Myers, was present in the room.

7.    During the deposition, Mr. Pehrson engaged in conduct that I believe fell far below the standards of professionalism expected of attorneys practicing before this Court. The following are examples documented in the transcript (ECF 87-1):

   a.    At one point, Mr. Pehrson asked me on the record: "Are you drunk? What did you just witness?" When I did not respond to the provocation, he continued: "My only suspicion is that you're not in full possession of your faculties, which is why I asked the question." *See* ECF 87-1 at 48-49.

   b.    Earlier in the deposition, Mr. Myers had disclosed that he is of Mexican heritage. Subsequently, Mr. Pehrson stated on the record: "And I note for the record that Mr. Leavitt has a hard time understanding English, so sometimes increasing the volume helps some people understand basic principles." I am a native English speaker and was born in Canada. *See* ECF 87-1 at 51; ECF 87-2 (Myers Affidavit).

   c.    Mr. Pehrson lodged approximately 239 objections during the deposition—constituting roughly 20% of the entire transcript. Many of these objections were speaking objections that coached the witness or were otherwise improper under Federal Rule of Civil Procedure 30(c).

   d.    Mr. Myers, who was present throughout, submitted an affidavit describing additional conduct not fully captured by the transcript,

including Mr. Pehrson pounding the table, yelling, and using profanity. *See* ECF 87-2.

8.    Based on this conduct, Plaintiffs filed a Motion for Sanctions Pursuant to FRCP 30(d)(2) (ECF 87) on November 22, 2023.

### The February 23, 2024 Hearing and Bench Order

9.    On February 23, 2024, at 10:00 AM MST, I appeared via Zoom before Magistrate Judge Dustin B. Pead for oral argument on multiple pending motions, including Plaintiffs' Motion for Sanctions (ECF 87), Plaintiffs' Motion to Compel (ECF 98), Plaintiffs' Motion for Sanctions Pursuant to FRCP 37(e)(2) (ECF 105), and Plaintiffs' Motion to Strike (ECF 114). *See* ECF 111, 122.

10.    Also appearing at the hearing were Mr. Pehrson and, by my recollection, his then-associate Bryan "Bud" Todd, both of Kunzler Bean & Adamson, PC.

11.    During the hearing, Judge Pead addressed the deposition conduct described above. Judge Pead **strongly reprimanded** Mr. Pehrson for his behavior during the Johnston deposition. However, because I testified that I did not believe a second deposition of Ms. Johnston was necessary, Judge Pead declined to award monetary sanctions at that time.

12.    Judge Pead then chastised both myself and Mr. Pehrson for the contention that had arisen in the case. Recognizing that disputes had arisen about what was said during various conferences between the parties, Judge Pead fashioned a remedy to prevent such disputes going forward. **Judge Pead ruled from the bench that all future conferences between the parties would be conducted by recorded video chat.**

13.    To my knowledge, this bench ruling was never reduced to a written order. However, both Mr. Todd and I understood it to be binding and have operated in compliance with the ruling since February 2024. Mr. Todd, who was present at the hearing, participated in

**Declaration of Brandon J. Leavitt**                                                                                    **Page 4 of 6**

recorded video conferences with me throughout 2024 and into 2025 without objection or dispute.

**Mr. Pehrson's Pattern of Refusing to Video Conference**

14.    After Mr. Todd left Kunzler Bean & Adamson, Mr. Pehrson began handling conferences directly. On September 25, 2025, when I sought to schedule a video conference regarding the joint status report, Mr. Pehrson refused. He wrote: "Thank you kindly for your email. Your statements are not correct or relevant." When reminded of the bench order, he demanded: "Could you send me the Court order that requires that specifically as to this issue?"

15.    I responded by recounting the February 23, 2024 hearing and offering Mr. Pehrson three options: (1) confirm the order with Mr. Todd, who was present; (2) file a motion for clarification; or (3) file a motion to vacate. Ultimately, Mr. Pehrson agreed to the video conference, writing on September 26, 2025: "Sure, let's chat in 20 minutes! Looking forward to it!" We held the conference without further issue. *See* Exhibit A.

16.    On November 10, 2025, Mr. Pehrson contacted me seeking to reschedule the December hearing because his client would be "out of town for the holidays." On November 12, 2025, my office manager, Alyssa Kamego, responded offering to schedule a Zoom conference per the Judge's order.

17.    Mr. Pehrson refused, stating: "To my knowledge, there's no requirement to meet via Zoom on a simple scheduling request like this. Brandon can say 'yes,' or 'no' or make a counter-proposal."

18.    On November 13, 2025, I sent Mr. Pehrson the following warning:

> Chad we've been through this and I won't continue to debate it with you. I encourage you to either: 1. Talk to your former associate Bud who was present when the bench order was issued and can confirm; 2. File a motion for clarification with the judge; 3. File a motion to vacate the order. Please note that if you choose to file any documents with this Court indicating a conference or "good faith" intent to conference by any means other than recorded video chat, I will

**Declaration of Brandon J. Leavitt**        **Page 5 of 6**

advise the court and renew my request for sanctions that led to this
order.

*See* Exhibit B.

19.     Despite this explicit warning, and despite having known of the alleged

scheduling conflict since November 10, 2025, Mr. Pehrson waited until December 11, 2025—

the Thursday before the December 18 hearing—to file the Motion to Continue (ECF 140). He

did so without conducting a video conference.

**Prejudice to Plaintiffs**

20.     Plaintiffs JM4 Tactical, LLC and James Chadwick Myers are based in Texas.

In reliance on the scheduled December 18, 2025 hearing, they have made travel arrangements

to appear in person in Utah. A last-minute continuance would cause them financial harm and

schedule disruption.

**Attached Exhibits**

21.     Attached hereto as Exhibit A is a true and correct copy of email correspondence

from September 25-26, 2025, demonstrating Mr. Pehrson's initial refusal and ultimate

compliance with the video conference requirement.

22.     Attached hereto as **Exhibit B** is a true and correct copy of email correspondence

from November 10-13, 2025, demonstrating Mr. Pehrson's refusal to video conference and my

warning regarding sanctions.

23.     I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on December 12, 2025, at Arlington, Texas.

  /Brandon J. Leavitt/
**Brandon James Leavitt**

**Declaration of Brandon J. Leavitt**                                      **Page 6 of 6**