**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **JM4 TACTICAL, LLC; AND**<br>**JAMES CHADWICK MYERS,**<br><br>Plaintiffs,<br><br>*versus*<br><br>**HER TACTICAL, LLC;**<br>**E & R LLC, D/B/A HER TACTICAL;**<br>**VICKY ARLENE JOHNSTON; AND**<br>**BLAKE CHEAL,**<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil No. 1:22-cv-00121-AMA-DBP** |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' CONSOLIDATED MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter came before the Court on *Plaintiffs' Consolidated Motion for Partial Summary Judgment* (the "Motion"). Having considered the Motion, the supporting Appendix of Evidence, any opposition and reply, and the record in this case, and being fully advised, the Court HEREBY ORDERS as follows:

1. Plaintiffs' Motion for Partial Summary Judgment is **GRANTED**.

2. The Court finds that Defendants cannot establish, by clear and convincing evidence under 35 U.S.C. § 282, the invalidity of any asserted patent under 35 U.S.C. §§ 101, 102, 103, or 112. Defendants' affirmative defense of statutory invalidity **FAILS** as a matter of law as to (i) U.S. Patent No. 9,784,530 (the "'530 Patent"), (ii) U.S. Patent No. 11,747,109 (the "'109 Patent"), (iii) U.S. Design Patent No. D788,451, (iv) U.S. Design Patent No. D811,731, (v) U.S. Design Patent No. D836,329, and (vi) U.S. Design Patent No.

D841,979. The corresponding portion of Defendants' Counterclaim 2 (declaratory judgment of invalidity) likewise **FAILS** to that extent.

3. The Court further finds, on the undisputed record, that Defendant Vicky Arlene Johnston:

   a. personally performed, directed, and assisted Defendant E&R LLC d/b/a Her Tactical's accused design, sales, marketing, payment, and distribution acts, and may not avoid personal responsibility for those acts merely by characterizing them as taken "for E&R" or "in [her] capacity as an employee of E&R"; and

   b. had knowledge of Plaintiffs' '530 Patent no later than August 22, 2022, and had knowledge of Plaintiffs' '109 Patent by September 2023.

4. Pursuant to Federal Rule of Civil Procedure 56(g), the Court treats each of the material facts set forth in Part III (Statement of Undisputed Material Facts), ¶¶ 1–62, of Plaintiffs' Motion as established for the remainder of this case.

5. Plaintiffs' Motion does not seek, and this Order does not address: direct infringement of any asserted patent; doctrine-of-equivalents infringement; prosecution-history estoppel; willfulness under 35 U.S.C. § 284 or *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93 (2016); damages; trade dress under 15 U.S.C. § 1125(a)(1)(A); false advertising under 15 U.S.C. § 1125(a)(1)(B); Defendant Blake Cheal's individual liability; or any inventorship- or inequitable-conduct-based unenforceability theory. Each of those issues remains for trial.

6. The Clerk shall serve this Order on all counsel of record through the CM/ECF system.

**It is so ORDERED.**

Dated this _____ day of _____, 2026.


                                          **BY THE COURT:**



                                          _____
                                          **Hon. Ann Marie McIff Allen**
                                          United States District Judge