# Pl's MSJ App Ex 5
# Defs' Amen. & Supp. Disc. Responses

Chad S. Pehrson (12622)
Alexis Nelson (9566)
**Kunzler Bean & Adamson, PC**
50 West Broadway Ste 1000 Salt Lake City
Utah 84101 Telephone: (
801) 994-4646
cpehrson@kba.law
anelson@kba.law

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF UTAH, NORTHERN DIVISION

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒

| | | |
|---|---|---|
| JM4 TACTICAL, LLC and JAMES CHADWICK MEYERS, | : | |
| Plaintiff(s), | : | |
| v. | : | Case No. 1:22-cv-00121-DAK |
| HER TACTICAL, LLC; E & R LLC d/b/a HER TACTICAL; VICKY ARLENE JOHNSTON; and BLAKE CHEAL, | : | |
| Defendant(s). | : | |

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒

AMENDED AND SUPPLEMENTAL DISCOVERY RESPONSES TO PLAINTIFFS'
DISCOVERY REQUESTS DATED APRIL 4, 2023.

This document provides amended and supplemental objections and responses, including amended responses to Cheal ROGS 6, 10, 19, and Johnston Rogs 8, 15-18.  Furthermore, per request of Plaintiffs, this document further sets forth the full text of each of the 512 discovery request as opposed to the earlier responses which utilized a shorthand of the # of the Request. Plaintiffs served 512 discovery requests on Defendants.  This amount of discovery is overly burdensome in any case, but particularly in a case where 1) Plaintiffs are informed that Her Tactical sold $26K worth of accused products with zero in profits; and 2) Plaintiffs have named two individuals with limited resources.  The following objections and responses are grouped together in an effort to introduce some efficiencies.

1

## I.  DEFENDANT BLAKE CHEAL'S RESPONSES TO DISCOVERY REQUESTS

### a.  DEFENDANT BLAKE CHEAL'S RESPONSES TO REQUESTS FOR ADMISSION

| # | Objection | Response |
|---|---|---|
| **1 You have designed, caused to be designed, or assisted in the design of one or more of the Accused Instrumentalities.** | | Deny. |
| **2** You have funded, aided, or allowed your assets to fund or aid in the design, production, marketing, or sales of one or more of the Accused Instrumentalities. | | Deny. |
| **3** You have profited from the sale of one or more of the Accused Instrumentalities. | | Deny. |
| **4** You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities. | | Deny. |
| **5** You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities at Ace Hardware branch- Smith and Edwards Co. located at 9010 S. Redwood Rd., West Jordan, UT 84088. | | Deny. |
| **6** You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities at Ace Hardware branch- Smith and Edwards Co located at 3936 N 2000 W Ogden, UT 84404. | | Deny. |
| **7** You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities at the Rocky Mountain Gun Show – Mountain America Expo Center. | | Deny. |
| **8** You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities at the Weber County Shooting Complex located at 2446 Rulon White Boulevard in Ogden, UT 84404. | | Deny. |
| **9** You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities via a website, e-commerce listing, or social media account over | | Deny. |

| | | |
|---|---|---|
| which you exercise control. | | |
| **10** You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities from the residential address: 3288 N 1250 W Pleasant View, UT 84414. | | Deny. |
| **11** You have stored, caused to be stored, or allowed to be stored, one or more of the Accused Instrumentalities at the residential address: 3288 N 1250 W Pleasant View, UT 84414. | | Deny. |
| **12** You own the property located at 3288 N 1250 W Pleasant View, UT 84414, or you have the authority to conduct business activities from the property located at 3288 N 1250 W Pleasant View, UT 84414. | | Admit |
| **13**You are identified as the inventor, owner, or assignee of a patent or patent application that contemplates, claims, or discloses one or more of the Accused Instrumentalities. | | Deny. |
| **14** You have owned, operated, created, or managed the content of the URL https://www.youtube.com/@hertactical or of its playlists and posted videos. | | Deny. |
| **15** You have owned, operated, created, or managed the content of the URL https://hertactical.com or of its subpages or listings identified therein. | | Deny. |
| **16** You have owned, operated, created, or managed the content of the URL https://www.facebook.com/vicky.johnston.397 or of its subpages. | | Deny. |
| **17** You have owned, operated, created, or managed the content of the URL https://www.facebook.com/hertactical or of the posts or listings identified therein. | | Deny. |
| **18** You have owned, operated, created, or managed the content of the URL https://www.etsy.com/shop/HERTACTICAL or of the listings identified therein. | | Deny. |
| **19** You have owned, operated, created, or managed the content of the URL https://www.etsy.com/listing/1240884431/her-tactical-magnetic-holster-for. | | Deny. |

3

| | | |
|---|---|---|
| **20** You have owned, operated, created, or managed the content of the URL https://www.instagram.com/her.tactical/ or of the posts or listings identified therein. | | Deny. |
| **21** You have owned, operated, created, or managed the content of the URL https://www.tiktok.com/@hertactical or of the posts or listings identified therein. | | Deny. |
| **22** You have owned, operated, created, or managed the content of the URL https://www.pinterest.com/hertactical/ or of the posts or listings identified therein. | | Deny. |
| **23** You have owned, operated, created, or managed the content of the URL https://www.alibaba.com/product-detail/Woman-holsters-purple-portable-universalcarry_ 1600262078292.html?spm=a2700.details.0.0.6b2d6a9aAPesx5. | | Deny. |
| **24**You have owned, operated, created, or managed the content of the URL https://www.amazon.com/HER-TACTICAL-Magnetic-Concealed- Universal/dp/B09PH2RBDN/. | | Deny. |
| **25** You have owned, operated, created, or managed the content of the URL https://www.amazon.com/stores/HERTACTICAL/page/CD657032-5B7E-4D76-A606- 621D822E988F. | | Deny. |
| **26** You have owned, operated, created, or managed the content on the one or more of the listings identified on one or more of the following Amazon Standard Identification Numbers (ASINs): B09KZCX2J5, B09KZ97LGQ, B09L2FX3CB, B09KZ79S3F, B09NX8N6LX, B09NXP1QQL, or B09PH2RBDN. | | Deny. |
| **27**The website screenshots identified in Plaintiffs' Accused Instrumentality Disclosures accurately displays one or more of the Accused Instrumentalities for sale via the URL https://hertactical.com/product/magnetic-gun-holster/, as of 2/23/23, 2:06PM. | Irrelevant. | Lack information. |
| **28**Eric Wood is or has been formerly identified as a friend of Vicky Johnston via URL https://www.facebook.com/vickyjohnston.397/friends_all. | | Lack information. |
| **29**Dan Fowlkes is or has been formerly identified as a friend of Vicky | | Lack information. |

| | | |
|---|---|---|
| Johnston via URL https://www.facebook.com/vickyjohnston.397/friends_all. | | |
| **30** You are E&R, LLC, or you are a member or owner thereof. | | Deny. |
| **31**You are a manager, director, or officer of E&R LLC. | | Deny. |
| **32**You are Her Tactical, LLC, or you are a member or owner thereof. | | Deny. |
| **33**You are a manager, director, or officer of Her Tactical, LLC. | | Deny. |
| **34** In email correspondence between Vicky Johnston and Chad Myers, dated August 19, 2022 and August 22, 2022, Ms. Johnston wrote on behalf of the entity Her Tactical, LLC. | | Lack information. |
| **35**In email correspondence between Vicky Johnston and Chad Myers, dated August 19, 2022 and August 22, 2022, Ms. Johnston wrote on behalf of the entity E&R, LLC. | | Lack information. |
| **36**Firearms are dangerous instruments. | Vague, irrelevant. | |
| **37** After someone purchases the Accused Instrumentalities, You have no control over how the Accused Instrumentalities will be used or who will use them. | Vague, irrelevant. | |
| **38** You expect purchasers of the Accused Instrumentalities to assume the risk of personal injury or death that results from their use of the Accused Instrumentalities. | Vague, irrelevant. | |
| **39** You have drafted, published, caused to be drafted or published, or permitted to be drafted or published warnings that users of the Accused Instrumentality should keep their fingers off of the trigger and out of the trigger guard when drawing or replacing their handgun. | | Deny. |
| **40**You have copied, caused to be copied, or permitted another to copy one or more warnings published by JM4 Tactical, Inc. | | Deny. |
| **41**You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content addressing the "versatility" of one or more of the Accused Instrumentalities. | | Deny. |
| **42**You have drafted, published, caused to be drafted or published, or | | Deny. |

5

| | | |
|---|---|---|
| permitted to be drafted or published content stating that one or more of the Accused Instrumentalities is or was a "Brand new design". | | |
| 43 You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content stating that, with respect to one or more of the Accused Instrumentalities, that one or more of the Defendants was the "first to create the soft magnetic holster". | | Deny. |
| 44 You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content stating that one or more of the Accused Instrumentalities, is or was "revolutionary". | | Deny. |
| 45 You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content stating that one or more of the Accused Instrumentalities, is or was "Patent Pending". | | **Deny.** |
| 46 You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content stating that one or more of the Accused Instrumentalities formerly or currently "ships locally from the USA". | | **Deny.** |
| 47 You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content affirming that Defendant Blake Cheal is involved in the business of Defendants Her Tactical and/or E&R. | | **Deny.** |
| 48 By adding one magnet to the other, e.g. stacking, the stacked magnets will work as one bigger magnet and will exert a greater magnetic performance. | **Vague, irrelevant.** | |
| 49 By adding one magnet to the other, e.g., stacking, the stacked magnets perform substantially the same function, in substantially the same way, to achieve substantially the same result, as a single magnet. | **Vague, irrelevant.** | |
| 50 Utilizing one magnet in a product is insubstantially different than utilizing two stacked magnets. | **Vague, irrelevant.** | |
| 51 By adding one magnet to the other, e.g., stacking, the stacked magnets become interchangeable with a single magnet. | **Vague, irrelevant.** | |

| | | |
|---|---|---|
| **52** The URL https://hertactical.com/wp-content/uploads/2022/08/01-HerTacticalPinkRegistered.jpg displays or has displayed the "Her Tactical" trademark, registered as United States trademark registration no. 6827435, in a stencil-style font. | **Vague, irrelevant.** | |
| **53** The URL https://hertactical.com/wp-content/uploads/2021/09/cropped-01-HTDiamondPink-192x192.png displays or has displayed the unregistered trademark "HT", in a stencil-style font. | **Vague, irrelevant.** | |

**b.  DEFENDANT BLAKE CHEAL'S RESPONSES TO REQUESTS FOR PRODUCTION**

| # | Objection | Response |
|---|---|---|
| 1 All information identified in Your initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered by You in drafting Your initial disclosures. | *appears to be more directed at a different party; overbroad; burdensome.* | Has been produced. |
| 2 All information identified in Your Answer to the Plaintiffs' Complaint. | *appears to be more directed at a different party; overbroad; burdensome.* | Has been produced. |
| 3 All information received by You in response to any subpoenas propounded by You in this case. | *appears to be more directed at a different party; overbroad; burdensome.* | None received. |
| 4 All information identified in Your responses to all interrogatories and requests for admissions or used, relied on, or considered by You in drafting Your responses to interrogatories or requests for admissions. | *appears to be more directed at a different party; overbroad; burdensome.* | None. |
| 5 All information that support, refute, or otherwise relate to any claim, defense, allegation, or potential remedy in this lawsuit. | *appears to be more directed at a different party; overbroad; burdensome.* | Has been produced. |
| 6 For each account that records or facilitates financial transactions related to the development, expenses, or sales of an Accused Instrumentality or product | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |

| # | Objection | Response |
|---|-----------|----------|
| otherwise identified in Your Interrogatory responses, information sufficient to show that You are an owner, signer, point of contact, authorized user, and/or beneficiary of the account. | | |
| 7All information of or related to the development, expenses, or sales of an Accused Instrumentality or product otherwise identified in Your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 8For any Alibaba.com account associated with an Accused Instrumentality or product otherwise identified in Your Interrogatory responses, copies of: (a) every page of the Alibaba AliCloud Drive; (b) each image enlarged on the AliCloud Drive of the My Alibaba business page; (c) all non-image files shared via AliCloud Drive; (d) all orders on the Alibaba Buyer's page; (e) all messages from https://message.alibaba.com/ on the Alibaba Buyer's page; (f) all payment transactions on the My Alibaba business page; and (g) all trade assurance orders on the My Alibaba Business page. This request is not intended to seek discovery of information not of or related to an Accused Instrumentality or product otherwise identified in Your Interrogatory responses and should be construed as limited accordingly. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 9All information related to revisions performed on the www.hertactical.com website, from July 2022 to present, or sufficient access to the WordPress | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |

| # | Objection | Response |
|---|---|---|
| login for the www.hertactical.com website for Plaintiff's to otherwise compare all revisions to the site. | | |
| 10Information sufficient to describe Your electronic data and document retention policies. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 11Any agreements relating to the subject matter or outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome or any person's obligation to indemnify. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 12For each person You intend to use as an expert witness: (a) a resume or curriculum vitae sufficient to describe that person's complete education, experience, and training; (b) all publications, articles, books, and papers authored, co-authored, edited, or otherwise generated by that person; (c) all transcripts of any trial, deposition, or other testimony of that person in any other proceeding relating to gun holsters; (d) all information provided to that person in connection with this lawsuit; and (e) all information relied on by that person in forming any opinions that have been or may be offered in this lawsuit. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 13All information relating to Chad Myers. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 14All information relating to JM4 Tactical, LLC. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 15All information relating to any civil action, International Trade | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's |

| # | Objection | Response |
|---|---|---|
| Commission proceeding, arbitration, or US Patent and Trademark Office proceeding, whether inside or outside the United States, relating to any Accused Instrumentality, or product otherwise identified in Your interrogatories, including pleadings, affidavits, declarations, reports, discovery requests or responses, orders, deposition or hearing transcripts, motions, briefs, letters, emails, or subpoenas. | | possession, custody or control. |
| 16All information relating to any Patent-in-Suit or any related patent, including all information that reference or discuss the Patent-in-Suit or any related patent. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 17All information relating to any actual or potential litigation relating to any Patent-in-Suit or any related patent, including any minutes, notes, presentations, or other documents from any Board of Directors or other internal meetings. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 18All information relating to any opinions of counsel relating to any Patent-in-Suit or any related patent, including opinions relating to infringement, validity, enforceability, scope, or ownership. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 19All information relating to any Prior Art collected, identified, or considered in relation to any Patent-in-Suit or any related patent, including existing English translations of any foreign patent or publication. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 20All information relating to any evidence of the obviousness or nonobviousness of any subject matter claimed in any Patent-in-Suit. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |

| # | Objection | Response |
|---|---|---|
| 21All information relating to whether or why any Accused Instrumentality, or product otherwise identified in your Interrogatory responses, may or may not infringe any Patent-in-Suit. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 22All information relating to any evidence of the alleged unenforceability of any Patent-in-Suit, including evidence related to any improper withholding, omission, or misrepresentation during prosecution before the U.S. Patent and Trademark Office. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 23All information relating to any communications between You, or anyone acting on Your behalf, and any other person relating to any Patent-in-Suit, this lawsuit, or any claim, defense, or remedy in this lawsuit. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 24All information relating to Your first awareness of each Patent-in-Suit. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 25All information relating to any attempts to design or modify the Accused Instrumentality or product otherwise identified in your Interrogatory responses, to avoid infringement of any Patent-in-Suit. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 26All information relating to any claim by You that You have any right, title, or interest in any Patent-in-Suit, or any express or implied license to practice any subject matter claimed in any Patent-in-Suit. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 27All information relating to the meaning or scope of the claims in any Patent-in-Suit, including any documents on which You may rely to support any construction or interpretation of any claim limitation. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |

11

| # | Objection | Response |
|---|---|---|
| 28 All information relating to the level of technical knowledge, schooling, experience, and expertise of a person having ordinary skill in the art of any subject matter claimed in the Patents-in-Suit. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 29 All information relating to the design, development, functionality, or testing of any Accused Instrumentality, or product otherwise identified in your Interrogatory responses, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, layouts, and notebook entries. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 30 All information relating to the features and functionality accused of infringement, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, layouts, and notebook entries. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 31 All information relating to any advantages or disadvantages of any feature or functionality accused of infringement, including documents relating to any features that drive consumer demand for each Accused Instrumentality and product otherwise identified in your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 32 All information relating to any patent, invention disclosure, or patent application, whether pending or abandoned, owned by, assigned to, or filed on behalf of You, relating to gun holsters, any Accused Instrumentality or product otherwise identified in your Interrogatory responses, or that cites a Patent-in-Suit or a related patent. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |

12

| # | Objection | Response |
|---|---|---|
| 33Two samples of each Accused Instrumentality and product otherwise identified in your Interrogatory responses, including any packaging, instructions, guides, or labels for each product. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 34All information relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of each Accused Instrumentality and product otherwise identified in your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 35 Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other personnel involved in the design, development, operation, manufacture, testing, marketing, or sale of any Accused Instrumentality or product otherwise identified in your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 36All information relating to the decision to develop each Accused Instrumentality and product otherwise identified in your Interrogatory responses, including documents relating to the potential market for each product, potential competitors, and thirdparty patent rights. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 37All information relating to the manufacture of each Accused Instrumentality or product otherwise identified in your Interrogatory responses, including product drawings, schematics, manuals, and test protocols. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 38Information sufficient to show the locations of each step of the | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's |

13

| # | Objection | Response |
|---|-----------|----------|
| manufacture and testing of each Accused Instrumentality and product otherwise identified in your Interrogatory responses. | | possession, custody or control. |
| 39Information sufficient to show, for each Accused Instrumentality and product otherwise identified in your Interrogatory responses, on a quarterly basis, the number of products manufactured in whole or in part in the United States. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 40Information sufficient to show, for each Accused Instrumentality and product otherwise identified in your Interrogatory responses on a quarterly basis, the number of products imported into the United States by or on behalf of You. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 41All contracts and agreements with other persons related to the manufacture, testing, sale, development, marketing, or shipping of any Accused Instrumentality or product otherwise identified in your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 42All information relating to any application by You to any private or governmental agency for registration, certification, or approval of any aspect of any Accused Instrumentality or product otherwise identified in your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 43All information relating to how You instruct others on how to manufacture or use any Accused Instrumentality or product otherwise identified in your Interrogatory responses, including any user manuals, articles, data sheets, or product specifications. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |

14

| # | Objection | Response |
|---|---|---|
| 44All information relating to the advertising or promotion of any Accused Instrumentality or product otherwise identified in your Interrogatory responses, including any advertisements or advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 45Information sufficient to identify any internal code names for each Accused Instrumentality and product otherwise identified in your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 46All information relating to the market for each Accused Instrumentality and product otherwise identified in your Interrogatory responses, including any studies, reports, or analyses relating to market share, market demand, market segments, competition, consumer surveys, or revenue. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 47All information relating to any conference, seminar, exhibition, convention, or trade show at which any Accused Instrumentality or product otherwise identified in your Interrogatory responses was discussed, referred to, advertised, displayed, demonstrated, or shown. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 48All information relating to any products that compete with any Accused Instrumentality or product otherwise identified in your Interrogatory responses, including any analyses of the strengths or weaknesses of those products compared to any | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |

15

| # | Objection | Response |
|---|---|---|
| Accused Instrumentality or product otherwise identified in your Interrogatory responses. | | |
| 49Information sufficient to show, for each Accused Instrumentality and product otherwise identified in your Interrogatory responses, on a quarterly basis, quantity sold, price, gross revenue, terms and conditions of sale, customer name, and country of sale. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 50Information sufficient to show the profitability of each Accused Instrumentality and product otherwise identified in your Interrogatory responses, including revenues, costs of sale, order contributions, product margins, gross margins, and operating profits. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 51Information sufficient to show Your compensation for aiding, instructing, or otherwise acting to help others sell each of the Accused Instrumentalities and products otherwise identified in your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 52All information relating to any license, settlement, or other agreement taken, offered to or by, or accepted by You relating to any Accused Instrumentality, product otherwise identified in your Interrogatory responses or gun holster. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| 53All information relating to any patent infringement indemnification provisions or agreements between You and any other person relating to any Accused Instrumentality or product otherwise identified in your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |

16

| # | Objection | Response |
|---|---|---|
| *54*All information supporting, refuting, or otherwise relating to Your allegations that You are entitled to attorney fees and litigation costs. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| *55*All information supporting, refuting, or otherwise relating to Plaintiffs' allegations that they are entitled to a permanent injunction. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |
| *56* All information related to Your permission to use or train other's to use a firearm, use or train other's to use a holster, and to purchase or sell a firearm or holster. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Mr. Cheal's possession, custody or control. |

## c. DEFENDANT BLAKE CHEAL'S RESPONSES TO INTERROGATORIES

| # | Objection | Response |
|---|---|---|
| 1For each allegation, claim, defense, or counterclaim of the Parties' respective pleadings, distinguish your specific position(s), contention(s), or opinion(s) to the extent they differ from any other Defendant in the case. | irrelevant, burdensome; lack information regarding positions of other Defendants. | The allegations in the Complaint by Plaintiffs against Mr. Cheal are inaccurate. Mr. Cheal asserts no counterclaims other than a request for his attorney's fees. |
| 2Identify by name, model number, and any other identifying indicia any products that comprise or essentially comprise the disclosures identified in production documents HerTactical_0003 and HerTactical_0830 through HerTactical_0844, and for each such product, identify the individuals responsible for its design, development, marketing, manufacture, testing, and sales. | appears directed at a different party. | Lack information and therefore deny. |
| 3Identify and describe with particularity all agreements, express or implied, between you and any other Defendant in the case wherein the agreement comprises a pecuniary interest for either You or the other Defendant. | appears directed at a different party. | no such agreement exists. |

17

| | | |
|---|---|---|
| 4Identify and describe with particularity any common purpose between you and any other Defendant in the case for which you and that Defendant share a pecuniary interest. | appears directed at a different party. | none relevant to this litigation.  I am married to Defendant Vicky Johnston |
| 5For each account that records or facilitates financial transactions related to the development, expenses, or sales of an Accused Instrumentality or product otherwise identified in Interrogatory No. 2 herein, identify the entity or entities servicing the account as well as the account name(s), account nickname(s), account number(s), and routing number(s), if any. | appears directed at a different party. | I do not have any access to the requested information. |
| 6For each account that You share with any other Defendant identify the entity or entities servicing the account as well as the account name(s), account nickname(s), account number(s), and routing number(s), if any, and further identify whether you are an owner, signer, point of contact, authorized user, and/or beneficiary of said account. | irrelevant, overbroad. Presenting an inquiry as to every account that I share with my wife is inappropriate. | I have no bank accounts containing any information relevant to this litigation. |
| 7Describe with particularity Your right to have a voice in the direction or control of the purpose of any other Defendant in the case. | appears directed at a different party. | None. |
| 8 Separately for each Accused Instrumentality and product otherwise identified in Interrogatory No. 2 herein, identify each Defendant that has sold that Accused Instrumentality or product and describe how you have aided, instructed, or otherwise acted to enable that Defendant to sell the Accused Instrumentality or product. | appears directed at a different party. | None. |
| 9For each of Request for Admission Nos. 48-51, to the extent that | irrelevant | |

18

| | | |
|---|---|---|
| you denied any of them, describe in detail the factual bases by which you deny that utilizing two magnets stacked together is not substantially different than utilizing one magnet, fails to perform substantially the same function in substantially the same way to achieve substantially the same result, or that using two stacked magnets is not interchangeable with using a single magnet. | | |
| 10For each Patent-in-Suit, describe in detail all facts and circumstances by which You first became aware of that patent, including, but not limited to, the date(s) when this occurred, the source of the information, the identity of the person(s) who received the information on Your behalf, when and how You first obtained a copy of that patent, and any actions taken by You or any of Your directors, officers, or employees as a result, and identify each person with knowledge of the foregoing and all documents relating to the foregoing. | appears directed at a different party. | I was served a copy of the Complaint in or around September 2022. The Complaint included reference to the patent numbers. I don't have any directors, officers or employees. I am a human being. I have knowledge of the above. |
| 11Separately for each Accused Instrumentality and product otherwise identified in Interrogatory No. 2 herein, describe the circumstances surrounding the invention of the Accused Instrumentality or product, including the precise date of conception, the persons involved, the date of actual or constructive reduction to practice, and the steps constituting diligence from conception to actual or constructive reduction to practice. | appears directed at a different party. | no knowledge. |
| 12Separately for each Accused Instrumentality and product otherwise identified in Interrogatory No. 2 herein, identify by name, contact information, responsibility, and contribution, each person who has funded, stored, transported, marketed, sold, or facilitated the funding, storage, transport, or sales of the Accused Instrumentality or product | appears directed at a different party. | no knowledge. |

19

| | | |
|---|---|---|
| on your behalf. | | |
| 13INTERROGATORY NO. 13. Identify by name, contact information, responsibility, and contribution, each owner, administrator, content manager, content creator, programmer, and support personnel that materially contributed to the publication of the content, posts, or listings, on each of the following URLs and their respective sub-pages: https://hertactical.com/, https://www.youtube.com/@hertactical, https://hertactical.com, https://www.facebook.com/vicky.johnston.397, https://www.facebook.com/hertactical, https://www.etsy.com/shop/HERTACTICAL, https://www.etsy.com/listing/1240884431/hertactical-magnetic-holster-for, https://www.instagram.com/her.tactical/, https://www.tiktok.com/@hertactical, https://www.pinterest.com/hertactical/, https://www.alibaba.com/product-detail/Woman-holsters-purple-portable-universalcarry_1600262078292.html?spm=a2700.details.0.0.6b2d6a9aAPesx5, https://www.amazon.com/HER-TACTICAL-Magnetic-Concealed-Universal/dp/B09PH2RBDN/, and https://www.amazon.com/stores/HERTACTICAL/page/CD657032-5B7E-4D76-A606-621D822E988F. | appears directed at a different party. | no knowledge. |
| 14Separately for each Accused Instrumentality and products otherwise identified in Interrogatory No. 2 herein, identify by name, URL, physical address, and owner, all channels, venues, or locations by which You have marketed or sold the Accused Instrumentality or product. | appears directed at a different party. | no knowledge. |
| 15Describe in detail all facts and circumstances, from 03/08/2021 to present, by which you considered the product, brand, or content of another, or received a | appears directed at a different party. | none. |

| | | |
|---|---|---|
| warning about a product, brand, or content of another, including: (a) the date of the consideration or warning, (b) your conclusions with respect to the consideration or warning, (c) the basis for such conclusions, and (d) identify with particularity all communications comprising or arising from the consideration or warning. | | |
| 16 For the URL https://hertactical.com/, its subpages, and its listings, describe in detail all facts and circumstances by which substantive changes, such as to the look, branding, or content, were made, including: (a) the date of the change, (b) the basis for the change; and (c) why the change was substantive. | appears directed at a different party. | no knowledge. |
| 17 Identify by date and subject (and if not privileged the conclusions reached) all research, investigations, opinions, and consultations You have conducted, requested, or received with respect to the subjects of Interrogatory Nos. 1-14, herein. | burdensome - constitutes 14 different interrogatories. | none aside from what is inherent in those responses. |
| 18Separately for each Accused Instrumentality and product otherwise identified in Interrogatory No. 2 herein, identify the total number of units sold, the price per unit, the total sales in dollar value, location of each sale for each calendar quarter of sales, and the applicable gross and net profit margins. | appears directed at a different party. | no knowledge. |
| 19. Identify by name and contact information each person who has answered or contributed any information used in answering these interrogatories. If more than one person provided the information, state which person(s) provided the information used in answering each interrogatory. | | Blake Cheal. |

21

## II.  DEFENDANT VICKY JOHNSTON'S RESPONSES TO DISCOVERY REQUESTS

### a.  DEFENDANT VICKY JOHNSTON'S RESPONSES TO REQUESTS FOR ADMISSION

| # | Objection | Response |
|---|---|---|
| **1**You have designed, caused to be designed, or assisted in the design of one or more of the Accused Instrumentalities. | **Request appears directed at different party.** | **Deny.** |
| **2** You have funded, aided, or allowed your assets to fund or aid in the   design, production, marketing, or sales of one or more of the Accused Instrumentalities. | **Request appears directed at different party.** | **Deny.** |
| **3**You have profited from the sale of one or more of the Accused   Instrumentalities. | **Request appears directed at different party.** | **Deny.** |
| **4**You have sold, caused to be sold, or allowed to be sold, one or more of   the Accused Instrumentalities. | **Request appears directed at different party.** | **Deny.** |
| **5**You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities at Ace Hardware branch-Smith and Edwards Co. located at 9010   S. Redwood Rd., West Jordan, UT 84088. | **Request appears directed at different party.** | **Deny.** |
| **6**You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities at Ace Hardware branch-Smith and Edwards Co located at 3936 N   2000 W Ogden, UT 84404. | **Request appears directed at different party.** | **Deny.** |

| # | Objection | Response |
|---|---|---|
| 7 You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities at the Rocky Mountain Gun Show – Mountain America Expo Center. | **Request appears directed at different party.** | **Deny.** |
| 8 You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities at the Weber County Shooting Complex located at 2446 Rulon White Boulevard in Ogden, UT 84404. | **Request appears directed at different party.** | **Deny.** |
| 9 You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities via a website, e-commerce listing, or social media account over which you exercise control. | **Request appears directed at different party.** | **Deny.** |
| 10 You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities from the residential address: 3288 N 1250 W Pleasant View, UT 84414. | **Request appears directed at different party.** | **Deny.** |
| 11 You have stored, caused to be stored, or allowed to be stored, one or more of the Accused Instrumentalities at the residential address: 3288 N 1250 W Pleasant View, UT 84414. | **Request appears directed at different party.** | **Deny.** |
| 12 You own the property located at 3288 N 1250 W Pleasant View, UT 84414, or you have the authority to conduct business activities from the property located at 3288 N 1250 W Pleasant View, UT 84414. | | **Admit** |
| 13 You are identified as the inventor, owner, or assignee of a patent or patent application that contemplates, claims, or discloses one or more of the Accused Instrumentalities. | **Request appears directed at different party.** | **Deny.** |
| 14 You have owned, operated, created, or managed the content of the URL https://www.youtube.com/@hertactical or of its playlists and posted videos. | **Request appears directed at different party.** | **Deny.** |

23

| # | Objection | Response |
|---|---|---|
| **15** You have owned, operated, created, or managed the content of the URL https://hertactical.com or of its subpages or listings identified therein. | **Request appears directed at different party.** | **Deny.** |
| **16** You have owned, operated, created, or managed the content of the URL https://www.facebook.com/vicky.johnston.397 or of its subpages. | | **Admit.** |
| **17** You have owned, operated, created, or managed the content of the URL https://www.facebook.com/hertactical or of the posts or listings identified therein. | | **Admit.** |
| **18** You have owned, operated, created, or managed the content of the URL https://www.etsy.com/shop/HERTACTICAL or of the listings identified therein. | **Request appears directed at different party.** | **Deny.** |
| **19** You have owned, operated, created, or managed the content of the URL https://www.etsy.com/listing/1240884431/her-tactical-magnetic-holster-for. | **Request appears directed at different party.** | **Deny.** |
| **20** You have owned, operated, created, or managed the content of the URL https://www.instagram.com/her.tactical/ or of the posts or listings identified therein. | **Request appears directed at different party.** | **Deny.** |
| **21** You have owned, operated, created, or managed the content of the URL https://www.tiktok.com/@hertactical or of the posts or listings identified therein. | **Request appears directed at different party.** | **Deny.** |
| **22** You have owned, operated, created, or managed the content of the URL https://www.pinterest.com/hertactical/ or of the posts or listings identified therein. | **Request appears directed at different party.** | **Deny.** |
| **23** You have owned, operated, created, or managed the content of the URL https://www.alibaba.com/product-detail/Woman-holsters-purple-portable-universalcarry_1600262078292.html?spm=a2700.details.0.0.6b2d6a9aAPesx5. | **Request appears directed at different party.** | **Deny.** |
| **24** You have owned, operated, created, or managed the content of the URL https://www.amazon.com/HER-TACTICAL-Magnetic-Concealed-Universal/dp/B09PH2RBDN/. | **Request appears directed at different party.** | **Deny.** |

24

| # | Objection | Response |
|---|-----------|----------|
| 25 You have owned, operated, created, or managed the content of the URL https://www.amazon.com/stores/HERTACTICAL/page/CD657032-5B7E-4D76-A606-621D822E988F. | **Request appears directed at different party.** | **Deny.** |
| 26 You have owned, operated, created, or managed the content on the one or more of the listings identified on one or more of the following Amazon Standard Identification Numbers (ASINs): B09KZCX2J5, B09KZ97LGQ, B09L2FX3CB, B09KZ79S3F, B09NX8N6LX, B09NXP1QQL, or B09PH2RBDN. | **Request appears directed at different party.** | **Deny.** |
| 27 The website screenshots identified in Plaintiffs' Accused Instrumentality Disclosures accurately displays one or more of the Accused Instrumentalities for sale via the URL https://hertactical.com/product/magnetic-gun-holster/, as of 2/23/23, 2:06PM. | **Impermissibly vague as there are many screenshots contained in Accused Instrumentality Disclosures** | |
| 28 Eric Wood is or has been formerly identified as a friend of Vicky Johnston via URL https://www.facebook.com/vickyjohnston.397/friends_all. | **Irrelevant.** | **Lack information.** |
| 29 Dan Fowlkes is or has been formerly identified as a friend of Vicky Johnston via URL https://www.facebook.com/vickyjohnston.397/friends_all. | **Irrelevant.** | **Lack information.** |
| 30 You are E&R, LLC, or you are a member or owner thereof. | **Conflicting language.** | **Deny.** |
| 31 You are a manager, director, or officer of E&R LLC. | **Conflicting language.** | **Deny. Responding Party is a member of Her Tactical.** |
| 32 You are Her Tactical, LLC, or you are a member or owner thereof. | **Conflicting language.** | **Deny.** |
| 33 You are a manager, director, or officer of Her Tactical, LLC. | | **Deny. Responding Party is a** |

25

| # | Objection | Response |
|---|---|---|
| | | **member of Her Tactical.** |
| **34** In email correspondence between Vicky Johnston and Chad Myers, dated August 19, 2022 and August 22, 2022, Ms. Johnston wrote on behalf of the entity Her Tactical, LLC. | | **Deny.** |
| **35** In email correspondence between Vicky Johnston and Chad Myers, dated August 19, 2022 and August 22, 2022, Ms. Johnston wrote on behalf of the entity E&R, LLC. | | **Deny.** |
| **36** Firearms are dangerous instruments. | **Vague, irrelevant.** | |
| **37** After someone purchases the Accused Instrumentalities, You have no control over how the Accused Instrumentalities will be used or who will use them. | **Vague, irrelevant.** | |
| **38** You expect purchasers of the Accused Instrumentalities to assume the risk of personal injury or death that results from their use of the Accused Instrumentalities. | **Vague, irrelevant.** | |
| **39** You have drafted, published, caused to be drafted or published, or permitted to be drafted or published warnings that users of the Accused Instrumentality should keep their fingers off of the trigger and out of the trigger guard when drawing or replacing their handgun. | **Vague, irrelevant.** | |
| **40** You have copied, caused to be copied, or permitted another to copy one or more warnings published by JM4 Tactical, Inc. | | **Lack information and therefore deny.** |
| **41** You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content addressing the "versatility" of one or more of the Accused Instrumentalities. | **Vague, irrelevant.** | |
| **42** You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content stating that one or more of the Accused | **Vague, irrelevant.** | |

26

| # | Objection | Response |
|---|---|---|
| Instrumentalities is or was a "Brand new design". | | |
| **43** You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content stating that, with respect to one or more of the Accused Instrumentalities, that one or more of the Defendants was the "first to create the soft magnetic holster". | **Vague.** | **Admit.** |
| **44** You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content stating that one or more of the Accused Instrumentalities, is or was "revolutionary". | **Vague.** | **Admit.** |
| **45** You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content stating that one or more of the Accused Instrumentalities, is or was "Patent Pending". | **Vague.** | **Admit.** |
| **46** You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content stating that one or more of the Accused Instrumentalities formerly or currently "ships locally from the USA". | | **Admit.** |
| **47** You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content affirming that Defendant Blake Cheal is involved in the business of Defendants Her Tactical and/or E&R. | | **Deny.** |
| **48** By adding one magnet to the other, e.g. stacking, the stacked magnets will work as one bigger magnet and will exert a greater magnetic performance. | **Vague, irrelevant.** | **Lack information.** |
| **49** By adding one magnet to the other, e.g., stacking, the stacked magnets perform substantially the same function, in substantially the same way, to achieve substantially the same result, as a single magnet. | **Vague, irrelevant.** | **Lack information.** |
| **50** Utilizing one magnet in a product is insubstantially different than utilizing two stacked magnets. | **Vague, irrelevant.** | **Deny.** |

27

| # | Objection | Response |
|---|---|---|
| **51** By adding one magnet to the other, e.g., stacking, the stacked magnets become interchangeable with a single magnet. | **Vague, irrelevant.** | **Deny.** |
| **52** The URL https://hertactical.com/wp-content/uploads/2022/08/01-HerTacticalPinkRegistered.jpg displays or has displayed the "Her Tactical" trademark, registered as United States trademark registration no. 6827435, in a stencil-style font. | **Vague, irrelevant.** | **Admit.** |
| **53** The URL https://hertactical.com/wp-content/uploads/2021/09/cropped-01-HTDiamondPink-192x192.png displays or has displayed the unregistered trademark "HT", in a stencil-style font. | **Vague, irrelevant.** | **Admit.** |

**b. DEFENDANT VICKY JOHNSTON'S RESPONSES TO REQUESTS FOR PRODUCTION**

| # | Objection | Response |
|---|---|---|
| 1 All information identified in Your initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered by You in drafting Your initial disclosures. | *appears to be more directed at a different party; overbroad; burdensome.* | Has been produced. |
| 2 All information identified in Your Answer to the Plaintiffs' Complaint. | *appears to be more directed at a different party; overbroad; burdensome.* | Has been produced. |
| 3 All information received by You in response to any subpoenas propounded by You in this case. | *appears to be more directed at a different party; overbroad; burdensome.* | None received. |
| 4 All information identified in Your responses to all interrogatories and | *appears to be more directed at a different* | Has been or will be produced. |

28

| # | Objection | Response |
|---|---|---|
| requests for admissions or used, relied on, or considered by You in drafting Your responses to interrogatories or requests for admissions. | *party; overbroad; burdensome.* | |
| 5 All information that support, refute, or otherwise relate to any claim, defense, allegation, or potential remedy in this lawsuit. | *appears to be more directed at a different party; overbroad; burdensome.* | Has been or will be produced. |
| 6 For each account that records or facilitates financial transactions related to the development, expenses, or sales of an Accused Instrumentality or product otherwise identified in Your Interrogatory responses, information sufficient to show that You are an owner, signer, point of contact, authorized user, and/or beneficiary of the account. | *appears to be more directed at a different party; irrelevant; overbroad; burdensome.* | |
| 7 All information of or related to the development, expenses, or sales of an Accused Instrumentality or product otherwise identified in Your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 8 For any Alibaba.com account associated with an Accused Instrumentality or product otherwise identified in Your Interrogatory responses, copies of: (a) every page of the Alibaba AliCloud Drive; (b) each | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |

| # | Objection | Response |
|---|---|---|
| image enlarged on the AliCloud Drive of the My Alibaba business page; (c) all non-image files shared via AliCloud Drive; (d) all orders on the Alibaba Buyer's page; (e) all messages from https://message.alibaba.com/ on the Alibaba Buyer's page; (f) all payment transactions on the My Alibaba business page; and (g) all trade assurance orders on the My Alibaba Business page. This request is not intended to seek discovery of information not of or related to an Accused Instrumentality or product otherwise identified in Your Interrogatory responses and should be construed as limited accordingly. | | |
| 9 All information related to revisions performed on the www.hertactical.com website, from July 2022 to present, or sufficient access to the WordPress login for the www.hertactical.com website for Plaintiff's to otherwise compare all revisions to the site. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 10 Information sufficient to describe Your electronic data and document retention policies. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |

| # | Objection | Response |
|---|---|---|
| 11 Any agreements relating to the subject matter or outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome or any person's obligation to indemnify. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 12 For each person You intend to use as an expert witness: (a) a resume or curriculum vitae sufficient to describe that person's complete education, experience, and training; (b) all publications, articles, books, and papers authored, co-authored, edited, or otherwise generated by that person; (c) all transcripts of any trial, deposition, or other testimony of that person in any other proceeding relating to gun holsters; (d) all information provided to that person in connection with this lawsuit; and (e) all information relied on by that person in forming any opinions that have been or may be offered in this lawsuit. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 13 All information relating to Chad Myers. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 14 All information relating to JM4 Tactical, LLC. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |

31

| # | Objection | Response |
|---|-----------|----------|
| 15 All information relating to any civil action, International Trade Commission proceeding, arbitration, or US Patent and Trademark Office proceeding, whether inside or outside the United States, relating to any Accused Instrumentality, or product otherwise identified in Your interrogatories, including pleadings, affidavits, declarations, reports, discovery requests or responses, orders, deposition or hearing transcripts, motions, briefs, letters, emails, or subpoenas. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 16 All information relating to any Patent-in-Suit or any related patent, including all information that reference or discuss the Patent-in-Suit or any related patent. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 17 All information relating to any actual or potential litigation relating to any Patent-in-Suit or any related patent, including any minutes, notes, presentations, or other documents from any Board of Directors or other internal meetings. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 18 All information relating to any opinions of counsel relating to any Patent-in-Suit or any related patent, including opinions | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |

| # | Objection | Response |
|---|---|---|
| relating to infringement, validity, enforceability, scope, or ownership. | | |
| 19 All information relating to any Prior Art collected, identified, or considered in relation to any Patent-in-Suit or any related patent, including existing English translations of any foreign patent or publication. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 20 All information relating to any evidence of the obviousness or nonobviousness of any subject matter claimed in any Patent-in-Suit. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 21 All information relating to whether or why any Accused Instrumentality, or product otherwise identified in your Interrogatory responses, may or may not infringe any Patent-in-Suit. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 22 All information relating to any evidence of the alleged unenforceability of any Patent-in-Suit, including evidence related to any improper withholding, omission, or misrepresentation during prosecution before the U.S. Patent and Trademark Office. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 23 All information relating to any communications between You, or | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |

33

| # | Objection | Response |
|---|---|---|
| anyone acting on Your behalf, and any other person relating to any Patent-in-Suit, this lawsuit, or any claim, defense, or remedy in this lawsuit. | | |
| 24 All information relating to Your first awareness of each Patent-in-Suit. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 25 All information relating to any attempts to design or modify the Accused Instrumentality or product otherwise identified in your Interrogatory responses, to avoid infringement of any Patent-in-Suit. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 26 All information relating to any claim by You that You have any right, title, or interest in any Patent-in-Suit, or any express or implied license to practice any subject matter claimed in any Patent-in-Suit. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 27 All information relating to the meaning or scope of the claims in any Patent-in-Suit, including any documents on which You may rely to support any construction or interpretation of any claim limitation. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 28 All information relating to the level of technical knowledge, schooling, experience, and expertise of a person having ordinary skill in the art of any subject | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |

34

| # | Objection | Response |
|---|---|---|
| matter claimed in the Patents-in-Suit. | | |
| 29 All information relating to the design, development, functionality, or testing of any Accused Instrumentality, or product otherwise identified in your Interrogatory responses, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, layouts, and notebook entries. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 30 All information relating to the features and functionality accused of infringement, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, layouts, and notebook entries. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 31 All information relating to any advantages or disadvantages of any feature or functionality accused of infringement, including documents relating to any features that drive consumer demand for each Accused Instrumentality and product otherwise identified in your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 32 All information relating to any patent, invention disclosure, or patent application, whether pending or abandoned, owned by, assigned to, or filed on behalf of You, | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |

| # | Objection | Response |
|---|---|---|
| relating to gun holsters, any Accused Instrumentality or product otherwise identified in your Interrogatory responses, or that cites a Patent-in-Suit or a related patent. | | |
| 33 Two samples of each Accused Instrumentality and product otherwise identified in your Interrogatory responses, including any packaging, instructions, guides, or labels for each product. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 34 All information relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of each Accused Instrumentality and product otherwise identified in your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 35 Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other personnel involved in the design, development, operation, manufacture, testing, marketing, or sale of any Accused Instrumentality or product otherwise identified in your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 36 All information relating to the decision to develop each Accused Instrumentality and product otherwise identified in your | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |

36

| # | Objection | Response |
|---|---|---|
| Interrogatory responses, including documents relating to the potential market for each product, potential competitors, and thirdparty patent rights. | | |
| 37 All information relating to the manufacture of each Accused Instrumentality or product otherwise identified in your Interrogatory responses, including product drawings, schematics, manuals, and test protocols. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 38 Information sufficient to show the locations of each step of the manufacture and testing of each Accused Instrumentality and product otherwise identified in your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 39 Information sufficient to show, for each Accused Instrumentality and product otherwise identified in your Interrogatory responses, on a quarterly basis, the number of products manufactured in whole or in part in the United States. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 40 Information sufficient to show, for each Accused Instrumentality and product otherwise identified in your Interrogatory responses on a quarterly basis, the number of | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |

37

| # | Objection | Response |
|---|---|---|
| products imported into the United States by or on behalf of You. | | |
| 41 All contracts and agreements with other persons related to the manufacture, testing, sale, development, marketing, or shipping of any Accused Instrumentality or product otherwise identified in your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 42 All information relating to any application by You to any private or governmental agency for registration, certification, or approval of any aspect of any Accused Instrumentality or product otherwise identified in your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 43 All information relating to how You instruct others on how to manufacture or use any Accused Instrumentality or product otherwise identified in your Interrogatory responses, including any user manuals, articles, data sheets, or product specifications. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 44 All information relating to the advertising or promotion of any Accused Instrumentality or product otherwise identified in your Interrogatory responses, including any advertisements or | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |

38

| # | Objection | Response |
|---|---|---|
| advertising campaigns, advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists. | | |
| 45 Information sufficient to identify any internal code names for each Accused Instrumentality and product otherwise identified in your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 46 All information relating to the market for each Accused Instrumentality and product otherwise identified in your Interrogatory responses, including any studies, reports, or analyses relating to market share, market demand, market segments, competition, consumer surveys, or revenue. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 47 All information relating to any conference, seminar, exhibition, convention, or trade show at which any Accused Instrumentality or product otherwise identified in your Interrogatory responses was discussed, referred to, advertised, displayed, demonstrated, or shown. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 48 All information relating to any products that compete with any Accused Instrumentality or product otherwise identified in your Interrogatory responses, | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |

39

| # | Objection | Response |
|---|---|---|
| including any analyses of the strengths or weaknesses of those products compared to any Accused Instrumentality or product otherwise identified in your Interrogatory responses. | | |
| 49 Information sufficient to show, for each Accused Instrumentality and product otherwise identified in your Interrogatory responses, on a quarterly basis, quantity sold, price, gross revenue, terms and conditions of sale, customer name, and country of sale. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 50 Information sufficient to show the profitability of each Accused Instrumentality and product otherwise identified in your Interrogatory responses, including revenues, costs of sale, order contributions, product margins, gross margins, and operating profits. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 51 Information sufficient to show Your compensation for aiding, instructing, or otherwise acting to help others sell each of the Accused Instrumentalities and products otherwise identified in your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 52 All information relating to any license, settlement, or other agreement | *appears to be more directed at a different* | No such documents exist in Ms. Johnston's possession, custody or control. |

40

| # | Objection | Response |
|---|---|---|
| taken, offered to or by, or accepted by You relating to any Accused Instrumentality, product otherwise identified in your Interrogatory responses or gun holster. | *party; overbroad; burdensome.* | |
| 53 All information relating to any patent infringement indemnification provisions or agreements between You and any other person relating to any Accused Instrumentality or product otherwise identified in your Interrogatory responses. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| *54* All information supporting, refuting, or otherwise relating to Your allegations that You are entitled to attorney fees and litigation costs. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| 55 All information supporting, refuting, or otherwise relating to Plaintiffs' allegations that they are entitled to a permanent injunction. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |
| *56* All information related to Your permission to use or train other's to use a firearm, use or train other's to use a holster, and to purchase or sell a firearm or holster. | *appears to be more directed at a different party; overbroad; burdensome.* | No such documents exist in Ms. Johnston's possession, custody or control. |

## c.  DEFENDANT VICKY JOHNSTON'S RESPONSES TO INTERROGATORIES

41

| # | Objection | Response |
|---|---|---|
| **1** For each allegation, claim, defense, or counterclaim of the Parties' respective pleadings, distinguish your specific position(s), contention(s), or opinion(s) to the extent they differ from any other Defendant in the case. | irrelevant, burdensome; lack information regarding positions of other Defendants. | The allegations in the Complaint by Plaintiffs against Ms. Johnston are inaccurate.  Ms. Johnston asserts no counterclaims other than a request for his attorney's fees. |
| **2** Identify by name, model number, and any other identifying indicia any products that comprise or essentially comprise the disclosures identified in production documents HerTactical_0003 and HerTactical_0830 through HerTactical_0844, and for each such product, identify the individuals responsible for its design, development, marketing, manufacture, testing, and sales. | appears directed at a different party. | Question properly presented to Her Tactical; Ms. Johnston has no information in her individual capacity. |
| **3** Identify and describe with particularity all agreements, express or implied, between you and any other Defendant in the case wherein the agreement comprises a pecuniary interest for either You or the other Defendant. | appears directed at a different party. | none relevant to this litigation.  I am married to Defendant Blake Cheal |
| **4** Identify and describe with particularity any common purpose between you and any other Defendant in the case for which you and that Defendant share a pecuniary interest. | appears directed at a different party. | none relevant to this litigation.  I am married to Defendant Vicky Johnston |
| **5** For each account that records or facilitates financial transactions related to the development, expenses, or sales of an Accused Instrumentality or product otherwise identified in Interrogatory No. 2 herein, identify the entity or entities servicing the account as well as the account name(s), account nickname(s), account number(s), and routing number(s), if any. | appears directed at a different party. | Question properly presented to Her Tactical; Ms. Johnston has no information in her individual capacity. |
| **6** For each account that You share with any other Defendant identify the entity or entities servicing the account as well as the account name(s), account nickname(s), account number(s), and routing number(s), if any, and further identify whether you are an owner, signer, point of contact, authorized user, and/or beneficiary of said account. | irrelevant, overbroad | |
| **7** Describe with particularity Your right to have a voice in the direction or control of the purpose of any other Defendant in the case. | appears directed at a different party. | I can lobby my husband Blake but have no right to control him.  I participate in management decisions at Her Tactical. |
| **8** Separately for each Accused Instrumentality and product otherwise identified in Interrogatory No. 2 herein, identify each Defendant that has sold that Accused Instrumentality or product and describe how you have aided, instructed, or otherwise acted to enable that Defendant to sell the Accused Instrumentality or product. | appears directed at a different party. | Her Tactical has sold the Accused Instrumentalities.  I am a member and manager of Her Tactical. |
| **9** For each of Request for Admission Nos. 48-51, to the extent that you denied any of them, describe in detail the factual bases by which you deny that utilizing two | appears directed at a different party. | As was determined by the PTO during examination, and furthermore as a fundamental |

42

| # | Objection | Response |
|---|---|---|
| magnets stacked together is not substantially different than utilizing one magnet, fails to perform substantially the same function in substantially the same way to achieve substantially the same result, or that using two stacked magnets is not interchangeable with using a single magnet. | | scientific principle, 3 is different from 2 and 2 is different from 1. |
| **10** For each Patent-in-Suit, describe in detail all facts and circumstances by which You first became aware of that patent, including, but not limited to, the date(s) when this occurred, the source of the information, the identity of the person(s) who received the information on Your behalf, when and how You first obtained a copy of that patent, and any actions taken by You or any of Your directors, officers, or employees as a result, and identify each person with knowledge of the foregoing and all documents relating to the foregoing. | Compound; vague. | |
| **11** Separately for each Accused Instrumentality and product otherwise identified in Interrogatory No. 2 herein, describe the circumstances surrounding the invention of the Accused Instrumentality or product, including the precise date of conception, the persons involved, the date of actual or constructive reduction to practice, and the steps constituting diligence from conception to actual or constructive reduction to practice. | appears directed at a different party. | From 2021- the present, on behalf of Her Tactical, Vicky Johnston was engaged in design and production work related to Her Tactical's products. |
| **12** Separately for each Accused Instrumentality and product otherwise identified in Interrogatory No. 2 herein, identify by name, contact information, responsibility, and contribution, each person who has funded, stored, transported, marketed, sold, or facilitated the funding, storage, transport, or sales of the Accused Instrumentality or product on your behalf. | appears directed at a different party. | From 2021- the present, on behalf of Her Tactical, Vicky Johnston has been engaged in marketing and sales work related to Her Tactical's products. |
| **13** Identify by name, contact information, responsibility, and contribution, each owner, administrator, content manager, content creator, programmer, and support personnel that materially contributed to the publication of the content, posts, or listings, on each of the following URLs and their respective sub-pages: https://hertactical.com/, https://www.youtube.com/@hertactical, https://hertactical.com, https://www.facebook.com/vicky.johnston.397, https://www.facebook.com/hertactical, https://www.etsy.com/shop/HERTACTICAL, https://www.etsy.com/listing/1240884431/hertactical-magnetic-holster-for, https://www.instagram.com/her.tactical/, https://www.tiktok.com/@hertactical, https://www.pinterest.com/hertactical/, https://www.alibaba.com/product-detail/Woman-holsters-purple-portable-universalcarry_1600262078292.html?spm=a2700.details.0.0.6b2d6a9aAPesx5, https://www.amazon.com/HER-TACTICAL-Magnetic-Concealed-Universal/dp/B09PH2RBDN/, and https://www.amazon.com/stores/HERTACTICAL/page/CD657032-5B7E-4D76-A606-621D822E988F. | appears directed at a different party. | Her Tactical is responsible for the listed posts. On behalf of Her Tactical, Vicky Johnston implemented the posts. |

43

| # | Objection | Response |
|---|---|---|
| **14** Separately for each Accused Instrumentality and products otherwise identified in Interrogatory No. 2 herein, identify by name, URL, physical address, and owner, all channels, venues, or locations by which You have marketed or sold the Accused Instrumentality or product. | appears directed at a different party. | Her Tactical's products have been sold on Amazon, Etsy, Alibab, and the Her Tactical website. |
| **15** Describe in detail all facts and circumstances, from 03/08/2021 to present, by which you considered the product, brand, or content of another, or received a warning about a product, brand, or content of another, including: (a) the date of the consideration or warning, (b) your conclusions with respect to the consideration or warning, (c) the basis for such conclusions, and (d) identify with particularity all communications comprising or arising from the consideration or warning. | appears directed at a different party. | As part of the design and development processes, Her Tactical conducted patentability and freedom to operate investigations.<br><br>When informed of Plaintiffs' patents, Her Tactical obtained an opinion from counsel indicating non-infringement. That non-infringement opinion has been provided to Plaintiffs in this litigation. |
| **16** For the URL https://hertactical.com/, its subpages, and its listings, describe in detail all facts and circumstances by which substantive changes, such as to the look, branding, or content, were made, including: (a) the date of the change, (b) the basis for the change; and (c) why the change was substantive. | appears directed at a different party. | Like any website, Her Tactical's site has been subject to various content changes pursuant to marketing developments and evolutions. Some changes are presented at the following URL: https://web.archive.org/web/20211215000000*/hertactical.com |
| **17** Identify by date and subject (and if not privileged the conclusions reached) all research, investigations, opinions, and consultations You have conducted, requested, or received with respect to the subjects of Interrogatory Nos. 1-14, herein. | irrelevant, burdensome. | From the time of receipt of the interrogatories until conveyance of responses, the inquiries were considered as part of the process of responding. |
| **18** Separately for each Accused Instrumentality and product otherwise identified in Interrogatory No. 2 herein, identify the total number of units sold, the price per unit, the total sales in dollar value, location of each sale for each calendar quarter of sales, and the applicable gross and net profit margins. | | Given the limited number of sales in this business, Her Tactical does not have records that separate sales by product. Total sales through February 28, 2023 were $26,090.63. Sales data from May 2022 to February 2023 is broken out by retailer and Month in the chart below. |

| DATE | Amazon | Etsy | Ebay | Poshmark | HERTACTICAL.com | Retailers | Trade show | Cash sale | Totals by month |
|---|---|---|---|---|---|---|---|---|---|
| | $ | $ | $ | $ | $ | $ | $ | $ | **$** |
| May | - | 29.00 | - | - | - | - | - | - | **29.00** |
| | $ | $ | $ | $ | $ | $ | $ | $ | **$** |
| Jun | 290.90 | 1,014.65 | 84.07 | 87.00 | 143.95 | - | - | - | **1,620.57** |

| # | | | | | | Objection | | | Response |
|---|---|---|---|---|---|---|---|---|---|
| July | $869.71 | $855.71 | $29.99 | $348.00 | $116.96 | $1,044.00 | $ - | $ - | **$3,264.37** |
| Aug | $1,679.44 | $805.73 | $119.96 | $405.00 | $119.96 | $ - | $216.00 | $48.00 | **$3,394.09** |
| Sep | $2,909.03 | $449.85 | $89.97 | $232.00 | $140.94 | $ - | $ - | $ - | **$3,821.79** |
| Oct | $ - | $29.99 | $ - | $ - | $ - | $ - | $96.00 | $ - | **$125.99** |
| Nov | $ - | $509.83 | $59.98 | $118.00 | $289.65 | $ - | $528.00 | $120.00 | **$1,625.46** |
| Dec | $735.77 | $746.75 | $119.96 | $115.00 | $461.82 | $ - | $ - | $24.00 | **$2,203.30** |
| Jan | $1,951.39 | $890.71 | $59.98 | $270.00 | $352.66 | $ - | $840.00 | $144.00 | **$4,508.74** |
| Feb | $991.69 | $659.78 | $89.97 | $220.00 | $383.88 | $ - | $2,960.00 | $192.00 | **$5,497.32** |
| | **$9,427.93** | **$5,992.00** | **653.88** | **1,795.00** | **$2,009.82** | **$1,044.00** | **$4,640.00** | **$528.00** | $26,090.63 |
| **19** Identify by name and contact information each person who has answered or contributed any information used in answering these interrogatories. If more than one person provided the information, state which person(s) provided the information used in answering each interrogatory. | | | | | | | | | Vicky Johnston. |

## II. DEFENDANT E&R LLC's (DBA Her Tactical) RESPONSES TO DISCOVERY REQUESTS

### a. DEFENDANT E&R LLC's (DBA Her Tactical) RESPONSES TO REQUESTS FOR ADMISSION

| # | Objection | Response |
|---|---|---|
| **1** You have designed, caused to be designed, or assisted in the design of one or more of the Accused Instrumentalities. | | **Admit.** |
| **2** You have funded, aided, or allowed your assets to fund or aid in the | | **Admit** |

| # | Objection | Response |
|---|---|---|
| design, production, marketing, or sales of one or more of the Accused Instrumentalities. | | |
| **3** You have profited from the sale of one or more of the Accused Instrumentalities. | | **Deny.** |
| **4** You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities. | | **Admit.** |
| **5** You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities at Ace Hardware branch-Smith and Edwards Co. located at 9010 S. Redwood Rd., West Jordan, UT 84088. | | **Admit** |
| **6** You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities at Ace Hardware branch-Smith and Edwards Co located at 3936 N 2000 W Ogden, UT 84404. | | **Admit** |
| **7** You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities at the Rocky Mountain Gun Show – Mountain America Expo Center. | | **Admit** |
| **8** You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities at the Weber County Shooting Complex located at 2446 Rulon White Boulevard in Ogden, UT 84404. | | **Admit** |
| **9** You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities via a website, e-commerce listing, or social media account over which you exercise control. | | **Admit** |
| **10** You have sold, caused to be sold, or allowed to be sold, one or more of the Accused Instrumentalities from the residential address: 3288 N 1250 W Pleasant View, UT 84414. | | **Admit** |
| **11** You have stored, caused to be stored, or allowed to be stored, one or more of the Accused Instrumentalities at the residential address: 3288 N 1250 W Pleasant View, UT 84414. | | **Admit** |

| # | Objection | Response |
|---|---|---|
| **12** You own the property located at 3288 N 1250 W Pleasant View, UT 84414, or you have the authority to conduct business activities from the property located at 3288 N 1250 W Pleasant View, UT 84414. | **Compound and unintelligible.** | |
| **13** You are identified as the inventor, owner, or assignee of a patent or patent application that contemplates, claims, or discloses one or more of the Accused Instrumentalities. | **Compound and unintelligible.** | |
| **14** You have owned, operated, created, or managed the content of the URL https://www.youtube.com/@hertactical or of its playlists and posted videos. | **Compound and unintelligible.** | **Admit** |
| **15** You have owned, operated, created, or managed the content of the URL https://hertactical.com or of its subpages or listings identified therein. | **Compound and unintelligible.** | **Admit** |
| **16** You have owned, operated, created, or managed the content of the URL https://www.facebook.com/vicky.johnston.397 or of its subpages. | **Compound and unintelligible.** | **Admit** |
| **17** You have owned, operated, created, or managed the content of the URL https://www.facebook.com/hertactical or of the posts or listings identified therein. | **Compound and unintelligible.** | **Admit** |
| **18** You have owned, operated, created, or managed the content of the URL https://www.etsy.com/shop/HERTACTICAL or of the listings identified therein. | **Compound and unintelligible.** | **Admit** |
| **19** You have owned, operated, created, or managed the content of the URL https://www.etsy.com/listing/1240884431/her-tactical-magnetic-holster-for. | **Compound and unintelligible.** | **Admit** |
| **20** You have owned, operated, created, or managed the content of the URL https://www.instagram.com/her.tactical/ or of the posts or listings identified therein. | **Compound and unintelligible.** | **Admit** |
| **21** You have owned, operated, created, or managed the content of the URL https://www.tiktok.com/@hertactical or of the posts or listings identified therein. | **Compound and unintelligible.** | **Admit** |
| **22** You have owned, operated, created, or managed the content of the URL | **Compound and** | **Admit** |

| # | Objection | Response |
|---|---|---|
| https://www.pinterest.com/hertactical/ or of the posts or listings identified therein. | unintelligible. | |
| 23 You have owned, operated, created, or managed the content of the URL https://www.alibaba.com/product-detail/Woman-holsters-purple-portable-universalcarry_1600262078292.html?spm=a2700.details.0.0.6b2d6a9aAPesx5. | Compound and unintelligible. | Admit |
| 24 You have owned, operated, created, or managed the content of the URL https://www.amazon.com/HER-TACTICAL-Magnetic-Concealed-Universal/dp/B09PH2RBDN/. | Compound and unintelligible. | Deny. |
| 25 You have owned, operated, created, or managed the content of the URL https://www.amazon.com/stores/HERTACTICAL/page/CD657032-5B7E-4D76-A606-621D822E988F621D822E988F. | Compound and unintelligible. | Admit |
| 26 You have owned, operated, created, or managed the content on the one or more of the listings identified on one or more of the following Amazon Standard Identification Numbers (ASINs): B09KZCX2J5, B09KZ97LGQ, B09L2FX3CB, B09KZ79S3F, B09NX8N6LX, B09NXP1QQL, or B09PH2RBDN. | Impermissibly vague; burdensome | |
| 27 The website screenshots identified in Plaintiffs' Accused Instrumentality Disclosures accurately displays one or more of the Accused Instrumentalities for sale via the URL https://hertactical.com/product/magnetic-gun-holster/, as of 2/23/23, 2:06PM. | Impermissibly vague; many diffeerent screenshots contained in AI Disclosures | |
| 28 Eric Wood is or has been formerly identified as a friend of Vicky Johnston via URL https://www.facebook.com/vickyjohnston.397/friends_all. | Irrelevant. | Lack information. |
| 29 Dan Fowlkes is or has been formerly identified as a friend of Vicky Johnston via URL https://www.facebook.com/vickyjohnston.397/friends_all. | Irrelevant. | Lack information. |
| 30 You are E&R, LLC, or you are a member or owner thereof. | Compound and unintelligible | Yes, responding party is E&R, LLC. |

| # | Objection | Response |
|---|---|---|
| **31** You are a manager, director, or officer of E&R LLC. | **Compound and unintelligible** | **Deny.** |
| **32** You are Her Tactical, LLC, or you are a member or owner thereof. | | **Deny** |
| **33** You are a manager, director, or officer of Her Tactical, LLC. | | **Deny** |
| **34** In email correspondence between Vicky Johnston and Chad Myers, dated August 19, 2022 and August 22, 2022, Ms. Johnston wrote on behalf of the entity Her Tactical, LLC. | | **Deny** |
| **35** In email correspondence between Vicky Johnston and Chad Myers, dated August 19, 2022 and August 22, 2022, Ms. Johnston wrote on behalf of the entity E&R, LLC. | | **Admit.** |
| **36** Firearms are dangerous instruments. | **Vague, irrelevant.** | |
| **37** After someone purchases the Accused Instrumentalities, You have no control over how the Accused Instrumentalities will be used or who will use them. | **Vague, irrelevant.** | |
| **38** You expect purchasers of the Accused Instrumentalities to assume the risk of personal injury or death that results from their use of the Accused Instrumentalities. | **Vague, irrelevant.** | |
| **39** You have drafted, published, caused to be drafted or published, or permitted to be drafted or published warnings that users of the Accused Instrumentality should keep their fingers off of the trigger and out of the trigger guard when drawing or replacing their handgun. | **Vague, irrelevant.** | |
| **40** You have copied, caused to be copied, or permitted another to copy one or more warnings published by JM4 Tactical, Inc. | **Vague, irrelevant.** | |
| **41** You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content addressing the "versatility" of one or more of the Accused Instrumentalities. | **Vague, irrelevant.** | **Admit** |
| **42** You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content stating that one or more of the Accused Instrumentalities is or was a "Brand new design". | **Vague, irrelevant.** | **Admit** |

49

| # | Objection | Response |
|---|---|---|
| **43** You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content stating that, with respect to one or more of the Accused Instrumentalities, that one or more of the Defendants was the "first to create the soft magnetic holster". | **Vague, irrelevant.** | **Admit** |
| **44** You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content stating that one or more of the Accused Instrumentalities, is or was "revolutionary". | **Vague, irrelevant.** | **Admit.** |
| **45** You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content stating that one or more of the Accused Instrumentalities, is or was "Patent Pending". | **Vague, irrelevant.** | **Admit.** |
| **46** You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content stating that one or more of the Accused Instrumentalities formerly or currently "ships locally from the USA". | **Vague, irrelevant.** | **Admit** |
| **47** You have drafted, published, caused to be drafted or published, or permitted to be drafted or published content affirming that Defendant Blake Cheal is involved in the business of Defendants Her Tactical and/or E&R. | | **Deny.** |
| **48** By adding one magnet to the other, e.g. stacking, the stacked magnets will work as one bigger magnet and will exert a greater magnetic performance. | **Vague, irrelevant.** | **Deny.** |
| **49** By adding one magnet to the other, e.g., stacking, the stacked magnets perform substantially the same function, in substantially the same way, to achieve substantially the same result, as a single magnet. | **Vague, irrelevant.** | **Deny.** |
| **50** Utilizing one magnet in a product is insubstantially different than utilizing two stacked magnets. | **Vague, irrelevant.** | **Deny.** |
| **51** By adding one magnet to the other, e.g., stacking, the stacked magnets become interchangeable with a single magnet. | **Vague, irrelevant.** | **Deny.** |

| # | Objection | Response |
|---|---|---|
| **52** The URL https://hertactical.com/wp-content/uploads/2022/08/01-HerTacticalPinkRegistered.jpg displays or has displayed the "Her Tactical" trademark, registered as United States trademark registration no. 6827435, in a stencil-style font. | **Vague, irrelevant.** | **Admit.** |
| **53** The URL https://hertactical.com/wp-content/uploads/2021/09/cropped-01-HTDiamondPink-192x192.png displays or has displayed the unregistered trademark "HT", in a stencil-style font. | **Vague, irrelevant.** | **Admit.** |

**b. DEFENDANT E&R LLC's (DBA Her Tactical) RESPONSES TO REQUESTS FOR PRODUCTION**

| # | Objection | Response |
|---|---|---|
| **1** All information identified in Your initial disclosures under Federal Rule of Civil Procedure 26(a) or used, relied on, or considered by You in drafting Your initial disclosures. | | **Has been produced.** |
| **2** All information identified in Your Answer to the Plaintiffs' Complaint. | | **Has been produced.** |
| **3** All information received by You in response to any subpoenas propounded by You in this case. | | **None received.** |
| **4** All information identified in Your responses to all interrogatories and requests for admissions or used, relied on, or considered by You in drafting Your responses to | | **Has been or will be produced.** |

| | | |
|---|---|---|
| interrogatories or requests for admissions. | | |
| **5** All information that support, refute, or otherwise relate to any claim, defense, allegation, or potential remedy in this lawsuit. | | **Has been or will be produced.** |
| **6** For each account that records or facilitates financial transactions related to the development, expenses, or sales of an Accused Instrumentality or product otherwise identified in Your Interrogatory responses, information sufficient to show that You are an owner, signer, point of contact, authorized user, and/or beneficiary of the account. | **Irrelevant.** | |
| **7** All information of or related to the development, expenses, or sales of an Accused Instrumentality or product otherwise identified in Your Interrogatory responses. | **overbroad,burdenso me.** | **Has been or will be produced.** |
| **8** For any Alibaba.com account associated with an Accused Instrumentality or product otherwise identified in Your Interrogatory responses, copies of: (a) every page of the Alibaba AliCloud Drive; (b) each image enlarged on the AliCloud Drive of the My Alibaba business page; (c) all non-image files shared via AliCloud Drive; (d) all orders on the Alibaba Buyer's page; (e) all messages from https://message.alibaba.com/ on the Alibaba | **overbroad,burdenso me.** | |

52

| | | |
|---|---|---|
| Buyer's page; (f) all payment transactions on the My Alibaba business page; and (g) all trade assurance orders on the My Alibaba Business page. This request is not intended to seek discovery of information not of or related to an Accused Instrumentality or product otherwise identified in Your Interrogatory responses and should be construed as limited accordingly. | | |
| **9** All information related to revisions performed on the www.hertactical.com website, from July 2022 to present, or sufficient access to the WordPress login for the www.hertactical.com website for Plaintiff's to otherwise compare all revisions to the site. | **overbroad, burdensome, irrelevant.** | |
| **10** Information sufficient to describe Your electronic data and document retention policies. | | **No such documentation in written form.** |
| **11** Any agreements relating to the subject matter or outcome of this lawsuit, including agreements reflecting any financial or other interest in the lawsuit's outcome or any person's obligation to indemnify. | | **No such documents exist.** |
| **12** For each person You intend to use as an expert witness: (a) a resume or curriculum vitae sufficient to describe that person's complete education, experience, and | *overbroad, burdensome; information already provided in initial disclosures* | |

53

| | | |
|---|---|---|
| training; (b) all publications, articles, books, and papers authored, co-authored, edited, or otherwise generated by that person; (c) all transcripts of any trial, deposition, or other testimony of that person in any other proceeding relating to gun holsters; (d) all information provided to that person in connection with this lawsuit; and (e) all information relied on by that person in forming any opinions that have been or may be offered in this lawsuit. | | |
| **13** All information relating to Chad Myers. | *Overbroad* | **Has been or will be produced.** |
| **14** All information relating to JM4 Tactical, LLC. | *overbroad* | **Has been or will be produced.** |
| **15** All information relating to any civil action, International Trade Commission proceeding, arbitration, or US Patent and Trademark Office proceeding, whether inside or outside the United States, relating to any Accused Instrumentality, or product otherwise identified in Your interrogatories, including pleadings, affidavits, declarations, reports, discovery requests or responses, orders, deposition or hearing transcripts, motions, briefs, letters, emails, or subpoenas. | | **Has been produced.** |
| **16** All information relating to any Patent-in-Suit or any related patent, | | **Has been or will be produced.** |

54

| | | |
|---|---|---|
| including all information that reference or discuss the Patent-in-Suit or any related patent. | | |
| **17** All information relating to any actual or potential litigation relating to any Patent-in-Suit or any related patent, including any minutes, notes, presentations, or other documents from any Board of Directors or other internal meetings. | *Irrelevant; work product* | **No such documents exist.** |
| **18** All information relating to any opinions of counsel relating to any Patent-in-Suit or any related patent, including opinions relating to infringement, validity, enforceability, scope, or ownership. | | **Already produced.** |
| **19** All information relating to any Prior Art collected, identified, or considered in relation to any Patent-in-Suit or any related patent, including existing English translations of any foreign patent or publication. | | **Has been or will be produced.** |
| **20** All information relating to any evidence of the obviousness or nonobviousness of any subject matter claimed in any Patent-in-Suit. | | **Has been or will be produced.** |
| **21** All information relating to whether or why any Accused Instrumentality, or product otherwise identified in your Interrogatory responses, may or may not infringe any Patent-in-Suit. | *overbroad; work product* | **Has been or will be produced.** |
| **22** All information relating to any evidence of the alleged | | **Has been or will be produced.** |

| | | |
|---|---|---|
| unenforceability of any Patent-in-Suit, including evidence related to any improper withholding, omission, or misrepresentation during prosecution before the U.S. Patent and Trademark Office. | | |
| **23** All information relating to any communications between You, or anyone acting on Your behalf, and any other person relating to any Patent-in-Suit, this lawsuit, or any claim, defense, or remedy in this lawsuit. | *overbroad; privileged* | |
| **24** All information relating to Your first awareness of each Patent-in-Suit. | *overbroad* | **Has been or will be produced.** |
| **25** All information relating to any attempts to design or modify the Accused Instrumentality or product otherwise identified in your Interrogatory responses, to avoid infringement of any Patent-in-Suit. | *irrelevant* | **No such documents exist.** |
| **26** All information relating to any claim by You that You have any right, title, or interest in any Patent-in-Suit, or any express or implied license to practice any subject matter claimed in any Patent-in-Suit. | | **No such documents exist.** |
| **27** All information relating to the meaning or scope of the claims in any Patent-in-Suit, including any documents on which You may | *work product; not proper discovery* | |

56

| | | |
|---|---|---|
| rely to support any construction or interpretation of any claim limitation. | | |
| **28** All information relating to the level of technical knowledge, schooling, experience, and expertise of a person having ordinary skill in the art of any subject matter claimed in the Patents-in-Suit. | *work product; not proper discovery* | |
| **29** All information relating to the design, development, functionality, or testing of any Accused Instrumentality, or product otherwise identified in your Interrogatory responses, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, layouts, and notebook entries. | | **Has been produced.** |
| **30** All information relating to the features and functionality accused of infringement, including specifications, requirement documents, schematics, manuals, drawings, guides, instructions, layouts, and notebook entries. | | **Has been produced.** |
| **31** All information relating to any advantages or disadvantages of any feature or functionality accused of infringement, including documents relating to any features that drive consumer demand for each Accused Instrumentality and product otherwise identified | | **Has been produced.** |

57

| | | |
|---|---|---|
| in your Interrogatory responses. | | |
| **32** All information relating to any patent, invention disclosure, or patent application, whether pending or abandoned, owned by, assigned to, or filed on behalf of You, relating to gun holsters, any Accused Instrumentality or product otherwise identified in your Interrogatory responses, or that cites a Patent-in-Suit or a related patent. | | **Has been produced.** |
| **33** Two samples of each Accused Instrumentality and product otherwise identified in your Interrogatory responses, including any packaging, instructions, guides, or labels for each product. | | **Has been made available for inspection.** |
| **34** All information relating to the first disclosure, first use, first offer for sale, first sale, first importation, first demonstration, and first test of each Accused Instrumentality and product otherwise identified in your Interrogatory responses. | *Overbroad, irrelevant.* | **Has been produced.** |
| **35** Organizational charts sufficient to show the names, positions, titles, duties, and reporting relationships of all officers, employees, and other personnel involved in the design, development, operation, manufacture, testing, marketing, or sale of any Accused | *Overbroad, irrelevant.* | **No such documents exist.** |

| | | |
|---|---|---|
| Instrumentality or product otherwise identified in your Interrogatory responses. | | |
| **36** All information relating to the decision to develop each Accused Instrumentality and product otherwise identified in your Interrogatory responses, including documents relating to the potential market for each product, potential competitors, and thirdparty patent rights. | | **No such documents exist.** |
| **37** All information relating to the manufacture of each Accused Instrumentality or product otherwise identified in your Interrogatory responses, including product drawings, schematics, manuals, and test protocols. | | **Has been produced.** |
| **38** Information sufficient to show the locations of each step of the manufacture and testing of each Accused Instrumentality and product otherwise identified in your Interrogatory responses. | *Overbroad, irrelevant, burdensome* | |
| **39** Information sufficient to show, for each Accused Instrumentality and product otherwise identified in your Interrogatory responses, on a quarterly basis, the number of products manufactured in whole or in part in the United States. | | **Has been or will be produced.** |
| **40** Information sufficient to show, for each Accused Instrumentality and | *burdensome to produce in quarterly format* | **Sales numbers have been or will be produced.** |

59

| | | |
|---|---|---|
| product otherwise identified in your Interrogatory responses on a quarterly basis, the number of products imported into the United States by or on behalf of You. | | |
| **41** All contracts and agreements with other persons related to the manufacture, testing, sale, development, marketing, or shipping of any Accused Instrumentality or product otherwise identified in your Interrogatory responses. | *Irrelevant, burdensome, confidential* | |
| **42** All information relating to any application by You to any private or governmental agency for registration, certification, or approval of any aspect of any Accused Instrumentality or product otherwise identified in your Interrogatory responses. | | **No such documents exist.** |
| **43** All information relating to how You instruct others on how to manufacture or use any Accused Instrumentality or product otherwise identified in your Interrogatory responses, including any user manuals, articles, data sheets, or product specifications. | *Irrelevant, burdensome, confidential* | |
| **44** All information relating to the advertising or promotion of any Accused Instrumentality or product otherwise identified in your Interrogatory responses, including any advertisements or advertising campaigns, | *overbroad* | **Has been or will be produced.** |

60

| | | |
|---|---|---|
| advertising budgets and expenditures, brochures, pamphlets, catalogs, or price lists. | | |
| **45** Information sufficient to identify any internal code names for each Accused Instrumentality and product otherwise identified in your Interrogatory responses. | *irrelevant.* | |
| **46** All information relating to the market for each Accused Instrumentality and product otherwise identified in your Interrogatory responses, including any studies, reports, or analyses relating to market share, market demand, market segments, competition, consumer surveys, or revenue. | *irrelevant, overbroad, burdensome, confidential* | |
| **47** All information relating to any conference, seminar, exhibition, convention, or trade show at which any Accused Instrumentality or product otherwise identified in your Interrogatory responses was discussed, referred to, advertised, displayed, demonstrated, or shown. | *irrelevant, overbroad, burdensome, confidential* | |
| **48** All information relating to any products that compete with any Accused Instrumentality or product otherwise identified in your Interrogatory responses, including any analyses of the strengths or weaknesses of those products compared to any | *irrelevant, overbroad, burdensome, confidential* | |

61

| | | |
|---|---|---|
| Accused Instrumentality or product otherwise identified in your Interrogatory responses. | | |
| **49** Information sufficient to show, for each Accused Instrumentality and product otherwise identified in your Interrogatory responses, on a quarterly basis, quantity sold, price, gross revenue, terms and conditions of sale, customer name, and country of sale. | ***burdensome to produce in format described.*** | **Sales numbers have been or will be produced.** |
| **50** Information sufficient to show the profitability of each Accused Instrumentality and product otherwise identified in your Interrogatory responses, including revenues, costs of sale, order contributions, product margins, gross margins, and operating profits. | **requested information does not exist; sale of products has not been profitable** | |
| **51** Information sufficient to show Your compensation for aiding, instructing, or otherwise acting to help others sell each of the Accused Instrumentalities and products otherwise identified in your Interrogatory responses. | ***Nonsensical inquiry.*** | **No such documents exist.** |
| **52** All information relating to any license, settlement, or other agreement taken, offered to or by, or accepted by You relating to any Accused Instrumentality, product otherwise identified in your Interrogatory responses or gun holster. | ***irrelevant*** | |

| | | |
|---|---|---|
| **53** All information relating to any patent infringement indemnification provisions or agreements between You and any other person relating to any Accused Instrumentality or product otherwise identified in your Interrogatory responses. | *irrelevant* | |
| **54** All information supporting, refuting, or otherwise relating to Your allegations that You are entitled to attorney fees and litigation costs. | | **Has been or will be produced.** |
| **55** All information supporting, refuting, or otherwise relating to Plaintiffs' allegations that they are entitled to a permanent injunction. | *overbroad; improper blockbuster request; work product* | |
| **56** All information related to Your permission to use or train other's to use a firearm, use or train other's to use a holster, and to purchase or sell a firearm or holster. | *irrelevant* | |

c.  **DEFENDANT E&R LLC's (DBA Her Tactical) RESPONSES TO INTERROGATORIES**

| # | Objection | Response |
|---|---|---|
| **1** For each allegation, claim, defense, or counterclaim of the Parties' respective pleadings, distinguish your specific position(s), contention(s), or opinion(s) to | **irrelevant, burdensome; lack information regarding positions of other Defendants.** | **The allegations in the Complaint by Plaintiffs against E&R LLC are inaccurate. E&R LLC is a business entity, which is a construct of corporate law, and not a real person like Ms. Johnston or Mr. Cheal.** |

63

| | | |
|---|---|---|
| the extent they differ from any other Defendant in the case. | | |
| **2** Identify by name, model number, and any other identifying indicia any products that comprise or essentially comprise the disclosures identified in production documents HerTactical_0003 and HerTactical_0830 through HerTactical_0844, and for each such product, identify the individuals responsible for its design, development, marketing, manufacture, testing, and sales. | **compound, vague** | **This information is set forth in the document production, including HerTactical_00003-830; Vicky Johnston** |
| **3** Identify and describe with particularity all agreements, express or implied, between you and any other Defendant in the case wherein the agreement comprises a pecuniary interest for either You or the other Defendant. | **irrelevant** | **None exist.** |
| **4** Identify and describe with particularity any common purpose between you and any other Defendant in the case for which you and that Defendant share a pecuniary interest. | **irrelevant** | **None exist.** |
| **5** For each account that records or facilitates financial transactions related to the development, expenses, or sales of an Accused | **irrelevant-bank acount numbers and routing numbers are irrelevant to the current claims and defenses in the action** | |

64

| | | |
|---|---|---|
| Instrumentality or product otherwise identified in Interrogatory No. 2 herein, identify the entity or entities servicing the account as well as the account name(s), account nickname(s), account number(s), and routing number(s), if any. | | |
| **6** For each account that You share with any other Defendant identify the entity or entities servicing the account as well as the account name(s), account nickname(s), account number(s), and routing number(s), if any, and further identify whether you are an owner, signer, point of contact, authorized user, and/or beneficiary of said account. | **irrelevant-bank acount numbers and routing numbers are irrelevant to the current claims and defenses in the action** | |
| **7** Describe with particularity Your right to have a voice in the direction or control of the purpose of any other Defendant in the case. | **irrelevant, vague** | **None.** |
| **8** Separately for each Accused Instrumentality and product otherwise identified in Interrogatory No. 2 herein, identify each Defendant that has sold that | | **E&R LLC dba Her Tactical** |

| | | |
|---|---|---|
| Accused Instrumentality or product and describe how you have aided, instructed, or otherwise acted to enable that Defendant to sell the Accused Instrumentality or product. | | |
| **9** For each of Request for Admission Nos. 48-51, to the extent that you denied any of them, describe in detail the factual bases by which you deny that utilizing two magnets stacked together is not substantially different than utilizing one magnet, fails to perform substantially the same function in substantially the same way to achieve substantially the same result, or that using two stacked magnets is not interchangeable with using a single magnet. | | **As was determined by the PTO during examination, and furthermore as a fundamental scientific principle, 3 is different from 2 and 2 is different from 1.** |
| **10** For each Patent-in-Suit, describe in detail all facts and circumstances by which You first became aware of that patent, including, but not limited to, the date(s) when this occurred, the source of the information, the identity of the person(s) who received the information on Your behalf, when and how You first obtained a copy of that patent, | **Compound; vague.** | |

66

| | | |
|---|---|---|
| and any actions taken by You or any of Your directors, officers, or employees as a result, and<br><br>identify each person with knowledge of the foregoing and all documents relating to the<br><br>foregoing. | | |
| **11** Separately for each Accused Instrumentality and product otherwise identified in Interrogatory No. 2 herein, describe the circumstances surrounding the invention of the Accused Instrumentality or product, including the precise date of conception, the persons involved, the date of actual or constructive reduction to practice, and the steps constituting diligence from conception to actual or constructive reduction to practice. | | **From 2021- the present, on behalf of Her Tactical, Vicky Johnston was engaged in design and production work related to Her Tactical's products.** |
| **12** Separately for each Accused Instrumentality and product otherwise identified in Interrogatory No. 2 herein, identify by name, contact information, responsibility, and contribution, each person who has funded, stored, transported, marketed, sold, | | **From 2021- the present, on behalf of Her Tactical, Vicky Johnston has been engaged in marketing and sales work related to Her Tactical's products.** |

| or facilitated the funding, storage, transport, or sales of the Accused Instrumentality or product on your behalf. | | |
|---|---|---|
| **13** Identify by name, contact information, responsibility, and contribution, each owner, administrator, content manager, content creator, programmer, and support personnel that materially contributed to the publication of the content, posts, or listings, on each of the following URLs and their respective sub-pages: https://hertactical.com/, https://www.youtube.com/@hertactical, https://hertactical.com, https://www.facebook.com/vicky.johnston.397, https://www.facebook.com/hertactical, https://www.etsy.com/shop/HERTACTICAL, https://www.etsy.com/listing/1240884431/hertactical-magnetic-holster-for, https://www.instagram.com/her.tactical/, https://www.tiktok.com/@hertactical, https://www.pinterest.com/hertactical/, https://www.alibaba.com/product-detail/Woman-holsters- | **overbroad, irrelevant** | **Her Tactical is responsible for the listed posts. On behalf of Her Tactical, Vicky Johnston implemented the posts.** |

| | | |
|---|---|---|
| purple-portable-universalcarry_1600262078292.html?spm=a2700.details.0.0.6b2d6a9aAPesx5, https://www.amazon.com/HER-TACTICAL-Magnetic-Concealed-Universal/dp/B09PH2RBDN/, and https://www.amazon.com/stores/HERTACTICAL/page/CD657032-5B7E-4D76-A606-621D822E988F. | | |
| **14** Separately for each Accused Instrumentality and products otherwise identified in Interrogatory No. 2 herein, identify by name, URL, physical address, and owner, all channels, venues, or locations by which You have marketed or sold the Accused Instrumentality or product. | | **Her Tactical's products have been sold on Amazon, Etsy, Alibaba, and the Her Tactical website.** |
| **15** Describe in detail all facts and circumstances, from 03/08/2021 to present, by which you considered the product, brand, or content of another, or received a warning about a product, brand, or content of another, including: (a) the date of the consideration or warning, (b) your conclusions with respect to the consideration or | **overbroad** | **As part of the design and development processed, Her Tactical conducted patentability and freedom to operate decision. When informed of Plaintiffs' patents, Her Tactical obtained opinion from counsel indicating non-infringement.** |

| | | |
|---|---|---|
| warning, (c) the basis for such conclusions, and (d) identify with particularity all communications comprising or arising from the consideration or warning. | | |
| **16** For the URL https://hertactical.com/, its subpages, and its listings, describe in detail all facts and circumstances by which substantive changes, such as to the look, branding, or content, were made, including: (a) the date of the change, (b) the basis for the change; and (c) why the change was substantive. | **irrelevant, burdensome** | **Like any website, Her Tactical's site has been subject to various content changes pursuant to marketing developments and evolutions.  Some changes are presented at the following URL: https://web.archive.org/web/20211215000000 0*/hertactical.com** |
| **17** Identify by date and subject (and if not privileged the conclusions reached) all research, investigations, opinions, and consultations You have conducted, requested, or received with respect to the subjects of Interrogatory Nos. 1-14, herein. | **irrelevant, burdensome, privileged** | **From the time of receipt of the interrogatories until conveyance of responses, the inquiries were considered as part of the process of responding.** |
| **18** Separately for each Accused Instrumentality and product otherwise identified in Interrogatory No. 2 herein, identify the total number of units sold, the | **burdensome as phrased; will provide revenue figures; sales data contains no separation between products** | **Through February 2023, gross revenue is 26, 098.63.  Profitability is non-existent, as expenses vastly outweigh revenue.** |

| | | |
|---|---|---|
| price per unit, the total sales in dollar value, location of each sale for each calendar quarter of sales, and the applicable gross and net profit margins. | | |
| **19** Identify by name and contact information each person who has answered or contributed any information used in answering these interrogatories. If more than one person provided the information, state which person(s) provided the information used in answering each interrogatory. | | **Vicky Johnston.** |

## IV. Comment on Discovery Requests Served on Her Tactical, LLC.

Defendants are not aware of any entity named "Her Tactical, LLC." As noted above, E&R LLC has a registered DBA for Her Tactical, and has done business under that name. Because "Her Tactical, LLC" does not exist, it cannot provide responses to discovery in this matter.

SERVED AND DATED: May 31, 2023.

KUNZLER BEAN & ADAMSON, PC

*/s/ Chad S. Pehrson*
Chad S. Pehrson

*Attorney for Defendants*

71

## <u>CERTIFICATE OF SERVICE</u>

On the date below written, the undersigned hereby certifies that a true and correct copy of

the foregoing **via** email on the following counsel of record:


Brandon Leavitt, brandon@uslawpros.com

Jason Smith, jsmith@mks-law.com


DATED this 31st day of May 2023.


                                    */s/ Chad S. Pehrson*