# Pl's MSJ App Ex 10
# Defs' Rule 26 Initial Disclosures

Chad S. Pehrson (12622)
Alexis Nelson (9566)
KUNZLER BEAN & ADAMSON, PC
50 West Broadway Ste 1000
Salt Lake City Utah 84101
Telephone: (801) 994-4646
cpehrson@kba.law
anelson@kba.law

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF UTAH, NORTHERN DIVISION

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

| | | |
|---|---|---|
| JM4 TACTICAL, LLC and, | : | |
| Plaintiff(s), | : | |
| v. | : | Case No. 1:22-cv-00121-DAK |
| | | |
| HER TACTICAL, LLC; E & R LLC d/b/a HER | : | |
| TACTICAL; VICKY ARLENE JOHNSTON; and | | |
| BLAKE CHEAL, | | |
| Defendant(s). | : | |

**DEFENDANTS' INITIAL DISCLOSURES**

Defendants Her Tactical, LLC; E&R LLC, Vicky Arlene Johnston and Blake Cheal

hereby make the following Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of

Civil Procedure. These Initial Disclosures are made based upon information reasonably known to

these Defendants at this time and which Defendants currently reasonably believe it may use to

support its claims or defenses.  These disclosures do not include information that may be used

solely for impeachment purposes. By making these disclosures, Defendants do not represent that

it is identifying each and every document, tangible thing, or witness possibly relevant to this

proceeding.

## A.  PERSONS WHO MAY HAVE DISCOVERABLE INFORMATION

The following persons may have discoverable information supporting Plaintiff's claims and defenses:

1.  Vicky Johnston

Ms. Johnston is the owner of Her Tactical LLC. Subject of information: Ms. Johnston has knowledge relating to allegations contained in the Complaint and Counterclaims, including the characteristics of Her Tactical's production, the frivolous nature of the Plaintiffs' claims, and damages associated with Plaintiffs' intra- and extra-litigation conduct.  She may be contacted through counsel for Plaintiff.

2.  Blake Cheal

Subject of information: Mr. Cheal has knowledge relating to his absence of connection to Her Tactical LLC, frivolous nature of this litigation filed against him, and damages specifically incurred by Mr. Cheal in connection with this frivolous litigation. He may be contacted through counsel for Plaintiff.

3.  James Chadwick Myers

Subject of information: Mr. Myers has knowledge relating to the prosecution history of asserted patents, the allegations in the Complaint, contacts made by him to third parties seeking to harm Defendants' business, and his business strategy of filing frivolous litigation to harass smaller businesses.

4.  Brandon Leavitt

Subject of information: Subject of information: Mr. Leavitt has knowledge of the pre-filing investigation undertaken by Plaintiffs prior to filing the lawsuit, and the conclusion made by counsel to file the claims in this Action.

5. Jason Smith

Subject of information: Mr. Smith has knowledge of the pre-filing investigation undertaken by Plaintiffs prior to filing the lawsuit, and the conclusion made by counsel to file the claims in this Action.

6. Representative of Chamber Media.

Subject of information: A representative of Chamber Media may have knowledge regarding the truth or falsity of Plaintiffs' fantastical allegation that Chambers Media was involved in the "disappearance without explanation" of seven holsters.

7. Mike Ewaliko

Subject of information.  Knowledge regarding prior art including magnetic holsters sold in or about 2015; Plaintiffs' unfair business competition including threats of frivolous litigation. Mike's last known location is: 4020 leary way nw, Seattle, WA, United States, 98107, and his last know phone number is 206-605-4396.

8. Representative of Etsy.

Subject of information: A representative of Etsy will have knowledge regarding Plaintiffs' communications with Etsy and harm inflicted upon Defendants' business.  Plaintiffs are already informed regarding Etsy's contact information.

9. Representative of Amazon.

Subject of information: A representative of Amazon will have knowledge regarding Plaintiffs' communications with Amazon and harm inflicted upon Defendants' business. Plaintiffs are already informed regarding Amazon's contact information.

10. Mike Schramm.

Subject of information: Non-infringement opinion prepared relating to Plaintiffs' intellectual property.  Mike may be contacted through counsel for Defendants.

10.  USPTO

Subject of information: The USPTO has files and information regarding: Plaintiffs' applications for trade dress, which were rejected; and the prosecution history for the asserted patents.  Contact information for the USPTO is; Office of the General Counsel, 10B20, Madison Building East, 600 Dulany Street, Alexandria, Virginia.

11.  Damon Albus.

Subject of information: Mr. Albus's correct status as true inventor on Plaintiffs' patents; the unenforceability of Plaintiffs' patents given intentional misrepresentations to the USPTO regarding inventorship; the history of using magnets in pistol holders, which has been a "common" method for many years.  Contact information for Mr. Albus is: c/o Robert B. Wagstaff, McMahon, Surovik Suttle, PC PO Box 3679, Abilene, TX 79604.

12.  Representative of Smith and Edwards.

Subject of information: A representative of Smith and Edwards will have knowledge regarding Plaintiffs' communications to Smith and Edwards harm inflicted upon Defendants' business.  Plaintiffs are already informed regarding Smith and Edwards' contact information.

## B.  DOCUMENTS AND THINGS

In accordance with Rule 26(a)(1)(A)(ii), the following is a list of descriptions by category of all documents, electronically stored information, and tangible things which Defendants may have in its possession, custody, or control and that Defendants may use to support its claims or defenses.  Discovery and investigation are continuing, and Plaintiff reserves the right to amend or supplement this identification of documents based on the results of such discovery and further

investigation.  The nature of this action dictates that relevant evidence is in the possession of Plaintiffs and third parties.

1. Documents reflecting Defendants' design and creation of its products;

2. Documents reflecting the specifications and features of Defendants' products;

3. Documents reflecting Defendants' goods and services.

4. Documents regarding Defendants' defenses and counterclaims.

5. Documents regarding Defendant's analysis of Plaintiffs' patents following receipt of notice.

6. Documents regarding damages caused by Plaintiffs' incorrect statements to third parties, including Etsy,  Amazon, Smith and Edwards, and others

## C. DAMAGES

Actual damages have not been calculated at this time.

Defendants placed Plaintiffs on express notice that the claims in the Complaint are frivolous and in violation of Rule 11, and Defendants have sought and will continue to seek all attorneys' fees associated with the litigation.

Defendants suffered damages in connection with significantly diminished sales as a direct result of Plaintiffs' false statements.

## D.    INSURANCE POLICY

No insurance policy is known to be applicable to Defendants in this matter.

Defendants reserve the right to amend, correct, or supplement these initial disclosures to identify additional discoverable documents and tangible things in its possession, custody or control supporting its claims and defenses as discovery and further investigation may reveal.

Dated:  March 15, 2023

                              KUNZLER BEAN & ADAMSON, PC

                              By:      /s/    Chad S. Pehrson
                                       Chad S. Pehrson

## CERTIFICATE OF SERVICE

I certify that on the March 15, 2023, I served a true and correct copy of the foregoing **INITIAL DISCLOSURES on Plaintiffs through their counsel listed below, via electronic mail delivery:**

Brandon James Leavitt
Levitt Eldredge Law Firm
4204 SW Green Oaks Blvd., Suite 140
Arlington, TX 76107
brandon@uslawpros.com

Jason K. Smith
MK Smith, APC
9891 Irvine Center Dr., Ste. 200
Irvine, CA 92618
jsmith@mks-law.com

*/s/ Chad S. Pehrson*