# Pl's MSJ App Ex 13
# Defs' 2nd LPR 2.4
# Initial Noninfringement Disclosures

Chad S. Pehrson (12622)
Bryan B. Todd (19099)
**KUNZLER BEAN & ADAMSON, PC**
50 West Broadway Ste 1000
Salt Lake City, UT 84101
Telephone: (801) 994-4646
cpehrson@kba.law
btodd@kba.law

*Attorneys for Defendants*

---

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| JM4 TACTICAL, LLC; and JAMES CHADWICK MYERS,<br><br>Plaintiffs,<br><br>v.<br><br>HER TACTICAL, LLC; E & R LLC, d/b/a HER TACTICAL; VICKY ARLENE JOHNSTON, an individual; and BLAKE CHEAL, an individual;<br><br>Defendants. | **DEFENDANTS' INITIAL NON-INFRINGEMENT AND UNENFORCEABILITY CONTENTIONS**<br><br>Case No. 1:22-cv-00121-DAK<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

These Initial Contentions are made based upon information reasonably known to Her Tactical, LLC, Vicky Johnston, and Black Cheal (collectively "Defendants") at this time and which Defendants currently reasonably believe they may use to support its claims or defenses. These contentions and disclosures do not include information that may be used solely for impeachment purposes. By making these contentions and disclosures, Defendants do not represent that they are identifying each and every document, tangible thing, or witness possibly relevant to this proceeding.

Defendants incorporate their Non-Infringement contentions previously served on May 3, 2023, as to the '530 Patent, and Plaintiffs' asserted design patents as if fully set forth herein.

**<u>Non-Infringement Contentions Regarding '109 Patent</u>**

Plaintiffs failed to make infringement contentions relating to the '109 patent. However, there are no facts to support infringement of that patent.

Initial claims in this lawsuit were brought against Defendants on September 19, 2022. (Dkt. No. 2). On September 5, 2023, Plaintiffs registered U.S. Patent 11,747,109 (the "109 patent"). For nearly an entire year after Plaintiffs brought their initial claims, they had no rights to assert as related to the '109 patent. After this litigation commenced, Defendants ceased selling their products accused of infringing any of Plaintiffs' patents. This occurred well before September 5, 2023. To be liable for patent infringement under 35 U.S.C.§ 271, Plaintiffs must show that, after their rights had vested on September 5, 2023, Defendants made, used, offered to sell, or sold a product that infringed the '109 patent. Plaintiffs simply cannot do this. The law clearly sets the term for patent rights, "beginning on the date on which the patent issues and ending 20 years from the date on which the application for the patent was filed." 35. U.S.C. 154. Therefore, under the law, absent some showing that Defendants made, used, offered to sell, or sold a product that infringed the '109 patent, there can be no infringement of the '109 patent. That is the case here as Defendants had ceased selling the accused infringing products months before the grant of the '109 patent.

Further, the '109 Patent includes four claims, only one of which, Claim 1, is an independent claim. Claim 1 of the '109 Patent reads as follows:

1. A gun holster system for carrying a gun, comprising:

a body having a front side and a back side that form an upper opening disposed therebetween;

a strap assembly secured to the back side of the body, the strap assembly having:

an elongated strap extending form the back side of the body;

a fastener protrusion extending from a back surface of the elongated strap; and

a fastener housing extending form an outer surface of the back side of the body, the fastener housing being configured to engage with the fastener protrusion;

wherein the elongated strap folds backwards and away from the upper opening to cause the fastener protrusion and the fastener hosing to engage;

a first magnet disposed within a thickness of the fastener protrusion; and

a second magnet disposed within a thickness of the housing;

wherein the first magnet is configured to engage with the second magnet; and wherein the engaging of the first magnet and the second magnet does not cause the elongated strap to obstruct the upper opening of the body and does not obstruct or hinder removal of the gun from the body;

wherein a combined magnetic retention strength generated by the first magnet and the second magnet is strong enough to retain the gun within the body; and

wherein the elongated strap is configured to fold over an article of clothing such that the first magnet and the second magnet provide magnetic retention to retain the gun holster system to the article of clothing.

The Accused Instrumentalities do not practice the limitation of "wherein a combined magnetic retention strength generated by the first magnet and the second magnet is strong enough to retain the gun within the body" (hereinafter referred to as "the Strength Limitation").  Notably,

the Strength Limitation was expressly added to claim in a November 17, 2022, supplemental amendment to overcome the rejections of a January 2, 2019, office action. The Accused Instrumentalities exhibit combined magnetic retention strength, generated by the first magnet and the second magnet, which is not strong enough to retain the gun within the body. This is easily demonstrated in testing, and is also inherently discernible from design decision in the Accused Instrumentalities, including that they include a retainer strap. If the Accused Instrumentalities actually practiced the Strength Limitation, there would be no need for the snappingly engageable retainer strap.

For the foregoing reasons, there can be no infringement of the '109 patent.

**Non-Infringement Contentions From Individual Defendants (Johnston and Cheal)**

Defendants Jonston and Cheal have additional non-infringement contentions related to the '109 patent.

Neither Johnston nor Cheal ever directly infringed any of the asserted patents, as they never made, sold, or offered to sell any infringing products. All actions were taken by Her Tactical.

As to Plaintiffs' contentions of inducing infringement, Plaintiffs must plead and prove that (i) as to a particular patent of the four alleged patents, Defendants had knowledge of that particular patent; (ii) Defendants knowingly induced a third party to infringe the patents; and Defendants had specific intent to induce a third-party to infringe the patent. *See DSU Med. Corp. v. JMS Co. Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (en banc).

Neither of the Individual Defendants had knowledge of the '109 patent prior to its issuance.

Neither of the Individual Defendants induced any act of infringement. *See USC IP P'ship, L.P. v. Facebook, Inc.*, 6:20-CV-00555-ADA, 2021 WL 3134260, at * (W.D. Tex. July 23, 2021)

(citing *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement" or at least "willful blindness" to the likelihood of infringement.).

Defendants reserve the right to amend, correct, or supplement these initial contentions to identify additional discoverable documents and tangible things in its possession, custody or control supporting its claims and defenses as discovery and further investigation may reveal.

Date: February 5, 2024.

Respectfully submitted,
**KUNZLER BEAN & ADAMSON**
*/s/ Bryan B. Todd*
Chad S. Pehrson
Bryan B. Todd
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on the 5th day of February, 2024 a true and correct copy of the foregoing **DEFENDANTS' INITIAL NON-INFRINGEMENT AND UNENFORCEABILITY CONTENTIONS** was filed with the Court and that the document has been forwarded to all parties via the Court's electronic filing system.

*/s/ Bryan B. Todd*