Chad S. Pehrson (Utah Bar No. 12622) cpehrson@knh.law
Nathan Gardner (Utah Bar No. 19537) ngardner@knh.law
**KNH LLP**
50 W. Broadway, 9th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

---

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| JM4 TACTICAL, LLC; and JAMES CHADWICK MYERS, <br><br> Plaintiffs, <br><br> v. <br><br> HER TACTICAL, LLC; E & R LLC, d/b/a HER TACTICAL; VICKY ARLENE JOHNSTON, an individual; and BLAKE CHEAL, an individual; <br><br> Defendants. | **DEFENDANTS' APPENDIX OF EVIDENCE IN SUPPORT OF DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CONSOLIDATED MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Case No. 1:22-cv-00121-AMA-DBP <br><br> District Judge Ann Marie McIff Allen <br><br> Magistrate Judge Dustin B. Pead |

### COVER-PAGE INDEX OF EXHIBITS

Pursuant to DUCivR 56-1(e), Defendants HER TACTICAL, LLC; E & R LLC d/b/a

HER TACTICAL; Vicky Arlene Johnston; and Blake Cheal (individually and as settlor and

trustee of The Blake and Tanya Cheal Family Living Trust) submit this Appendix of Evidence in

support of their concurrently filed Memorandum in Opposition to Plaintiffs' Consolidated

Motion for Partial Summary Judgment.

The exhibits filed herewith (Tabs 1 through 4, set forth in Part A below) are appended in

the order shown, with continuous Bates-stamped pagination throughout. Defendants' Opposition

1

Memorandum cites this Appendix by tab number with pin-cite particularity, using the short form "D. Opp. App. Tab _," as required by DUCivR 56-1(c)(3), (c)(4) and (c)(5).

Per DUCivR 56-1(e)(1), Defendants do not duplicate evidence already on the record in this case. Evidence previously filed by either party — including the patents-in-suit, Plaintiffs' Appendix exhibits in support of their Motion, and Defendants' own Joint Appendix at Dkt. 157 — is incorporated by reference and identified in Part B below.

Part C confirms compliance with DUCivR 56-1(e)(2)(B) (four-page-before-and-after rule for deposition excerpts).

## A.  Exhibits Filed Herewith

| Tab | Description / Title | Source |
|---|---|---|
| 1 | **Freedom-to-Operate Analysis (Design Patents)** Prepared by Michael R. Schramm of Schramm Patent Services, LLC, dated October 3, 2022, addressing U.S. Design Patent Nos. D788,451; D811,731; D836,329; and D841,979 under the Egyptian Goddess ordinary-observer framework, and concluding that the accused product "does not practice (infringe) any of the Myers Design Patents claims." | Pre-litigation patent-counsel analysis prepared at the request of Vicky Johnston / Her Tactical and provided to Plaintiffs in discovery. Produced as Myers Deposition Exhibit 17 (April 23, 2024). Bates JM4HT-1021 through JM4HT-1022. |
| 2 | **Excerpts from Pleadings Re: Deemed Admission of Awareness of Utility Patent Registration (¶ 29)** Plaintiffs' Second Amended Complaint at ¶ 29 (alleging "on August 22, 2022, Johnston revealed at least two of the Defendants were already aware of JM4's utility patent registration") together with Defendants' Answer to Second Amended Complaint at ¶ 29 ("Admit"). | Court record; excerpts from ECF Dkt. 74 (filed October 19, 2023) and ECF Dkt. 84 (filed November 3, 2023). |
| 3 | **Excerpt from Answer and Counterclaims Re: Freedom-to-Operate Analysis from Licensed Patent Agent (Counterclaim ¶ 5)** Excerpt from Defendants' Answer and Counterclaims at Counterclaim ¶ 5 ("On August 19, | Court record; excerpt from ECF Dkt. 28 (filed February 15, 2023). |

| Tab | Description / Title | Source |
|---|---|---|
| | 2022, JM4 sent a cease and desist letter to Her Tactical. In response, Her Tactical conveyed a freedom-to-operate analysis and opinion procured from a licensed patent agent. JM4 provided no substantive response to this analysis."). | |
| 4 | **Excerpt from Plaintiffs' Original Complaint Re: Filing Date and Patents Originally Asserted** Excerpt from Plaintiffs' Original Complaint showing (i) the September 19, 2022 filing date and (ii) the original scope of asserted patents (the '530 Patent and the four design patents D788,451, D811,731, D836,329, and D841,979), establishing that the '109 Patent — which did not issue until September 5, 2023 — was not in existence at the time of suit and was not asserted in the original Complaint. | Court record; excerpts from ECF Dkt. 2 (filed September 19, 2022). |

**B. Evidence Incorporated by Reference (Not Duplicated per DUCivR 56-1(e)(1))**

The following evidence, previously filed by either Plaintiffs (in their Appendix in support of their Consolidated Motion for Partial Summary Judgment) or by Defendants (in their Joint Appendix at Dkt. 157, filed concurrently with Defendants' separate Motions for Summary Judgment), is incorporated by reference and not duplicated herein. The Opposition Memorandum cites each item by the locations identified below.

1. **U.S. Patent No. 9,784,530 (the "'530 Patent")**
   *Location:* Defendants' Joint Appendix of Evidence (Dkt. 157), Tab 1.

2. **U.S. Patent No. 11,747,109 (the "'109 Patent")**
   *Location:* Defendants' Joint Appendix of Evidence (Dkt. 157), Tab 2. The '109 Patent face page reflects issuance on September 5, 2023, which is dispositive of the State Industries pre-issuance bar argued in V.B.iii of the Opposition.

3. **Freedom-to-Operate Analysis (Utility Patent — '530)**
   *Location:* Plaintiffs' Appendix of Evidence, Exhibit 15 ("Pl. App. Ex. 15"); also Defendants' Joint Appendix of Evidence (Dkt. 157), Tab 4.
   *Pin Cites in the Opposition:* Pl. App. Ex. 15, p. 1-2; identified as Myers Deposition Exhibit 9.

4. **Excerpts from the Deposition of Vicky Arlene Johnston (taken November 2, 2023)**

3

*Location:*  Plaintiffs' Appendix of Evidence, Exhibit 1 ("Pl. App. Ex. 1"); also Defendants' Joint Appendix of Evidence (Dkt. 157), Tab 16. See Part C below for specific pin-cited pages and compliance with DUCivR 56-1(e)(2)(B).

5. **E & R LLC's Responses to Plaintiffs' Requests for Admission**
*Location:*  Plaintiffs' Appendix of Evidence, Exhibit 5 ("Pl. App. Ex. 5").
*Pin Cites in the Opposition:*  RFAs 1, 2, 4, 5-11, and 14-25 (in particular RFA 11 re: residential storage as an E & R LLC activity).

6. **Defendants' LPR 2.2(b) Disclosures**
*Location:*  Plaintiffs' Appendix of Evidence, Exhibit 9 ("Pl. App. Ex. 9").

7. **Defendants' Rule 26 Initial Disclosures**
*Location:*  Plaintiffs' Appendix of Evidence, Exhibit 10 ("Pl. App. Ex. 10").
*Pin Cites in the Opposition:*  pp. 4-5 (identification of Ewaliko and Albus as persons with knowledge of "magnetic holsters sold in or about 2015").

8. **Defendants' LPR 2.4 Initial Non-Infringement Disclosures**
*Location:*  Plaintiffs' Appendix of Evidence, Exhibit 11 ("Pl. App. Ex. 11").

9. **Defendants' Final Non-Infringement Contentions**
*Location:*  Defendants' Joint Appendix of Evidence (Dkt. 157), Tab 19.

C.  **Compliance With DUCivR 56-1(e)(2)(B) — Johnston Deposition**

Per DUCivR 56-1(e)(2)(B), excerpts of a deposition cited in connection with a summary-judgment filing must include the four pages before and four pages after each cited section. The Opposition Memorandum pin-cites the following pages of the November 2, 2023 Deposition of Vicky Arlene Johnston:

Pages 14, 16, 90, 91-92, 93, 97, 99, and 159-160.

Plaintiffs' Appendix Exhibit 1 (also reproduced at Defendants' Joint Appendix, Dkt. 157, Tab 16) includes Johnston Deposition pages 6-37, 88-110, and 154-189. Those ranges satisfy the four-page-before-and-after disclosure requirement for every pin-cited page. No supplemental deposition pages are filed herewith.

DATED this 22nd day of May, 2026.

Respectfully submitted,

**KNH LLP**

*/s/ Chad S. Pehrson*
Chad S. Pehrson
Nathan Gardner

*Attorneys for Defendants*

# TAB 1

## Freedom-to-Operate Analysis (Design Patents)

Prepared by Michael R. Schramm of Schramm Patent Services, LLC, dated October 3, 2022.

**SOURCE**

*Pre-litigation patent-counsel analysis prepared at the request of Vicky Johnston / Her Tactical and provided to Plaintiffs in discovery. Produced as Myers Deposition Exhibit 17 (April 23, 2024). Bates JM4HT-1021 through JM4HT-1022.*

Michael R. Schramm
Schramm Patent Services, LLC
E-mail: mikeschramm@besstek.net


October 3, 2022


Vicky Johnston
Her Tactical
E-mail: vicky@hertactical.com


Re: <u>Freedom to Operate Analysis</u>


Dear Vicky:

You have requested that I perform a freedom to operate (FTO) analysis of the Her Tactical gun holster (the Product) relative to the US patents D788,451 ('451), D811,731 ('731), D836,329 ('329), D841,979 ('979) (collectively the "Myers Design Patents").  This letter is in response to that request.

As a background, I note that the (current) sole test for design patent infringement, arising from the Egyptian Goddess, Inc. v. Swisa, Inc. case decided by the CAFC (see: https://cafc.uscourts.gov/9-22-2008-2006-1562-egyptian-goddess-v-swisa-inc-06-1562/), is the so-called ordinary observer test which holds that "*if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing . . . purchase [of] one supposing it to be the other, the first one patented is infringed by the other*".    In  Lanard  Toys,  Ltd.  v.  Dolgencorp  LLC  (see: http://cafc.uscourts.gov/sites/default/files/opinions-orders/19-1781.Opinion.5-14-2020_1587770.pdf) the CAFC clarified that the ordinary observer test should consider element-by-element distinctions between the patented design and the prior art, and between the patented design and the accused product.  A design patent infringement analysis can also consider the relevant prior art.  A good article on this can be found here: https://www.natlawreview.com/article/assessing-design-patent-infringement-devil-details).  Also I note that for each design patent, there is but one (single) claim (for the ornamental design) which encompasses the entirety of the solid lines of the design presented in the patent.

With that in mind, I note that the reason that any of the "Myers Design Patents" were allowed is because the examiner believed that they defined over all of the prior art cited in the respective patent.  In this case, I note that in addition to all of the other art listed in each of the "Myers Design Patents", the last three of the "Myers Design Patents" - namely '731, '329, and '979 - all list the first of the "Myers Design Patents" - namely '451 - as prior art.  Moreover, none of Myers Design Patents claims priority to any of the other Myers Design Patents and therefore '451 is prior art to all of '731, '329, and '979.  The point of this is that the patent office believed that the differences between '731, '329, and '979, and '451 were considered to be patentably distinct.  And if each of the Myers Design Patents were patentably distinct from each other, then your Product, which is less similar to the Myers Design Patents than they are to each other, is in my opinion, likewise distinct from and does not practice the limitation of any of the Myers Design Patents claims.  Nevertheless, I have also provided as an appendix hereto, a list of element-by-element distinctions between the

Myers Design Patents claims and your Product.  I believe these distinctions are such that your Product does not practice (infringe) any of the Myers Design Patents claims.

Please let me know if you have any questions.


DATE: October 3, 2022                    Sincerely,


Michael R. Schramm
Registered Patent Agent
Reg. No. 56,441

**U.S. Patent**    Jun. 6, 2017    Sheet 1 of 10    **US D788,451 S**



FIG. 1



Differences between D788,451 ('451) and Her Tactical (HT) include:

1) The snap retention strap of HT is missing in '451.

2) The gun opening flaps of HT are substantially different than '451.

3) The magnetic strap of '451 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.

**U.S. Patent**     Jun. 6, 2017     Sheet 2 of 10          US D788,451 S



FIG. 2

Differences between D788,451 ('451) and Her Tactical (HT) include:

1) The snap retention strap of HT is missing in '451.
2) The gun opening flaps of HT are substantially different than '451.
3) The magnetic strap of '451 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.



FIG. 3



Differences between D788,451 ('451) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '451.
2) The profile stitching/sewing is distinct whereas '451 has no such profile stitching/sewing.
3) The sewn seam of the folding joint of the magnetic retention strap is distinct whereas '451 has no such sewn joint.
4) The magnetic retention strap of '451 has a seam near the magnet whereas HT does not.
5) The magnetic strap of '451 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.

**U.S. Patent**     Jun. 6, 2017     Sheet 4 of 10     US D788,451 S



FIG. 4

Differences between D788,451 ('451) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '451.
2) The profile stitching/sewing is distinct whereas '451 has no such profile stitching/sewing.
3) The gun opening of HT is different than '451.
4) Very little of the magnetic strap of HT is shown whereas a substantial length of the magnetic strap of '451 is shown.
5) The magnetic retention strap of '451 has a seam near the magnet whereas HT does not.
6) The magnetic strap of '451 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.

**U.S. Patent**         Jun. 6, 2017         Sheet 5 of 10             US D788,451 S

Differences between D788,451 ('451) and Her Tactical (HT) include:
1) The profile of HT is of a different shape than '451.
2) The gun opening of HT is of a different shape than '451.
3) The snap retention strap of HT is missing from '451.





FIG. 5

**U.S. Patent**        **Jun. 6, 2017**        **Sheet 6 of 10**            **US D788,451 S**

Differences between D788,451 ('451) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '451.
2) The muzzle opening of HT is of a different shape than '451.

 

FIG. 6

**Patent**        Jun. 6, 2017        Sheet 7 of 10        US D788,451 S



FIG. 7



Differences between D788,451 ('451) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '451.
2) The profile stitching/sewing is distinct whereas '451 has no such profile stitching/sewing.
3) The sewn seam of the folding joint of the magnetic retention strap is distinct whereas '451 has no such sewn joint.
4) HT has an ID tag whereas '451 has no ID tag.
5) The magnetic retention strap of '451 has a seam near the magnet whereas HT does not.
6) The magnetic strap of '451 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.

U.S. Patent          Jun. 6, 2017          Sheet 8 of 10          US D788,451 S



FIG. 8



Differences between D788,451 ('451) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '451.
2) The profile stitching/sewing is distinct whereas '451 has no such profile stitching/sewing.
3) Very little of the magnetic strap of HT is shown whereas a substantial length of the magnetic strap of '451 is shown.
4) The magnetic retention strap of '451 has a seam near the magnet whereas HT does not.
5) HT has cross-stitching (for the snap strap) whereas '451 does not.
6) The magnetic strap of '451 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.

**U.S. Patent**     Jun. 6, 2017     Sheet 9 of 10          US D788,451 S



FIG. 9



Differences between D788,451 ('451) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '451.
2) The profile stitching/sewing is distinct whereas '451 has no such profile stitching/sewing.
3) Little of the magnetic strap of HT is shown whereas a substantial length of the magnetic strap of '451 is shown.
4) The magnetic retention strap of '451 has a seam near the magnet whereas HT does not.
5) The magnetic strap of '451 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.



FIG. 10



Differences between D788,451 ('451) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '451.
2) The profile stitching/sewing is distinct whereas '451 has no such profile stitching/sewing.
3) The magnetic flap of HT folds flat whereas '451 is substantially rounded.
4) HT has an ID tag whereas '451 has no ID tag.
5) The magnetic retention strap of '451 has a seam near the magnet whereas HT does not.
6) HT has a snap retention strap whereas '451 does not.
7) The gun opening of HT is of a different shape than the gun opening of '451.
8) The magnetic strap of '451 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.

**U.S. Patent      Mar. 6, 2018      US D811,731 S**



FIG. 1



Differences between D811,731 ('731) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '731.
2) The profile stitching/sewing is distinct whereas '731 has no such profile stitching/sewing.
3) The magnetic retention strap of '731 has a seam near the magnet whereas HT does not.
4) The magnetic strap of '731 folds over an outer edge/profile of the holster whereas HT does not.
5) The magnetic strap of '731 is connected to an opposite side of the holster as compared to HT.
6) HT has an ID tag whereas '731 has no ID tag.
7) The HT has a snap retention strap and '731 does not.
8) The magnetic strap of '731 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.

**U.S. Patent**    **Mar. 6, 2018**    **US D811,731 S**




Differences between D811,731 ('731) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '731.
2) The magnetic strap of '731 folds over an outer edge/profile of the holster whereas HT does not.
3) The magnetic strap of '731 is connected to an opposite side of the holster as compared to HT.
4) HT has an ID tag whereas '731 has no ID tag.
5) The magnetic strap of '731 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.

FIG. 2

**U.S. Patent**          **Mar. 6, 2018**          **US D811,731 S**



FIG. 3

Differences between D811,731 ('731) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '731.
2) The magnetic strap of '731 folds over an outer edge/profile of the holster whereas HT does not.
3) The magnetic strap of '731 is connected to an opposite side of the holster as compared to HT.
4) HT has an ID tag whereas '731 has no ID tag.
5) The magnetic strap of '731 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.

**U.S. Patent**      **Mar. 6, 2018**      **US D811,731 S**



FIG. 4



Differences between D811,731 ('731) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '731.
2) The profile stitching/sewing is distinct whereas '731 has no such profile stitching/sewing.
3) The magnetic strap of '731 folds over an outer edge/profile of the holster whereas HT does not.
4) The magnetic strap of '731 is connected to an opposite side of the holster as compared to HT.
5) HT has an ID tag whereas '731 has no ID tag.
6) The HT has a snap retention strap and '731 does not.
7) The magnetic strap of '731 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.

**U.S. Patent**       **Dec. 25, 2018**       **US D836,329 S**



FIG. 1



Differences between D836,329 ('329) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '329.
2) The profile stitching/sewing is distinct whereas '329 has no such profile stitching/sewing.
3) The magnetic retention strap of '329 has a seam near the magnet whereas HT does not.
4) The magnetic strap of '329 folds over an outer edge/profile of the holster whereas HT does not.
5) The magnetic strap of '329 is connected to an opposite side of the holster as compared to HT.
6) HT has an ID tag whereas '329 has no ID tag.
7) The HT has a snap retention strap and '329 does not.
8) The magnetic strap of '329 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.

**U.S. Patent**        **Dec. 25, 2018**        **US D836,329 S**



FIG. 2

Differences between D836,329 ('329) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '329.
2) The profile stitching/sewing is distinct whereas '329 has no such profile stitching/sewing.
3) The magnetic strap of '329 folds over an outer edge/profile of the holster whereas HT does not.
4) The magnetic strap of '329 is connected to an opposite side of the holster as compared to HT.
5) HT has an ID tag whereas '329 has no ID tag.
6) The HT has a snap retention strap and '329 does not.
7) The magnetic strap of '329 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.

**U.S. Patent**      **Dec. 25, 2018**      **US D836,329 S**



FIG. 3

Differences between D836,329 ('329) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '329.
2) The profile stitching/sewing is distinct whereas '329 has no such profile stitching/sewing.
3) The magnetic strap of '329 folds over an outer edge/profile of the holster whereas HT does not.
4) The magnetic strap of '329 is connected to an opposite side of the holster as compared to HT.
5) HT has an ID tag whereas '329 has no ID tag.
6) The magnetic strap of '329 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.

**U.S. Patent**     **Dec. 25, 2018**     **US D836,329 S**



FIG. 4



Differences between D836,329 ('329) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '329.
2) The profile stitching/sewing is distinct whereas '329 has no such profile stitching/sewing.
3) The magnetic strap of '329 folds over an outer edge/profile of the holster whereas HT does not.
4) The magnetic strap of '329 is connected to an opposite side of the holster as compared to HT.
5) HT has an ID tag whereas '329 has no ID tag.
6) The HT has a snap retention strap and '329 does not.
7) The magnetic strap of '329 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.

**U.S. Patent**          **Mar. 5, 2019**          **US D841,979 S**



FIG. 1

Differences between D841,779 ('779) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '779.
2) The magnetic retention strap of '779 has a horizontal seam whereas HT does not.
3) The magnetic strap of '779 folds over an outer edge/profile of the holster whereas HT does not.
4) The magnetic strap of '779 is connected to an opposite side of the holster as compared to HT.
5) HT has an ID tag whereas '779 has no ID tag.
6) The HT has a snap retention strap and '779 does not.
7) The magnetic strap of '779 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.

**U.S. Patent**    **Mar. 5, 2019**    **US D841,979 S**



FIG. 2

Differences between D841,779 ('779) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '779.
2) The magnetic retention strap of '779 has a horizontal seam whereas HT does not.
3) The magnetic strap of '779 folds over an outer edge/profile of the holster whereas HT does not.
4) The magnetic strap of '779 is connected to an opposite side of the holster as compared to HT.
5) HT has an ID tag whereas '779 has no ID tag.
6) The HT has a snap retention strap and '779 does not.
7) The magnetic strap of '779 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.

**U.S. Patent**       **Mar. 5, 2019**       **US D841,979 S**



Differences between D841,779 ('779) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '779.
2) The magnetic strap of '779 folds over an outer edge/profile of the holster whereas HT does not.
3) The magnetic strap of '779 is connected to an opposite side of the holster as compared to HT.
4) HT has an ID tag whereas '779 has no ID tag.
5) The HT has a snap retention strap and '779 does not.
6) The magnetic strap of '779 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.

FIG. 3

**U.S. Patent**        **Mar. 5, 2019**        **US D841,979 S**



Differences between D841,779 ('779) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '779.
2) The magnetic strap of '779 folds over an outer edge/profile of the holster whereas HT does not.
3) The magnetic strap of '779 is connected to an opposite side of the holster as compared to HT.
4) The magnetic strap of '779 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.
5) The HT includes cross-stitching whereas '779 does not.

FIG. 4

**U.S. Patent**        **Mar. 5, 2019**        **US D841,979 S**



FIG. 5



Differences between D841,779 ('779) and Her Tactical (HT) include:

1) The profile of HT is of a different shape than '779.
2) The magnetic retention strap of '779 has a horizontal seam near the magnet whereas HT does not.
3) The magnetic strap of '779 folds over an outer edge/profile of the holster whereas HT does not.
4) The magnetic strap of '779 is connected to an opposite side of the holster as compared to HT.
5) HT has an ID tag whereas '779 has no ID tag.
6) The HT has a snap retention strap and '779 does not.
7) The magnetic strap of '779 extends as a portion of the holster side material whereas the magnetic strap of HT is attached to the side of the holster material.
8) The magnetic strap of HT has a sewn seam on the folding joint whereas '779 does not.

# TAB 2

## Excerpts from Pleadings Re: Deemed Admission of Awareness of Utility Patent Registration

Plaintiffs' Second Amended Complaint at ¶ 29 together with Defendants' Answer to Second Amended Complaint at ¶ 29.

### SOURCE

*Court record; excerpts from ECF Dkt. 74 (filed October 19, 2023) and ECF Dkt. 84 (filed November 3, 2023).*

6

**D.      One or more Defendants Intentionally Infringed the Patents and Trade dress in Suit**

26.      On or around September 21, 2021, one or more of the Defendants began soliciting pre-order sales of one or more of its IWB magnetic retention holsters ("Her Tactical Holsters') via https://www.facebook.com/hertactical.

27.      On or around January 18, 2022, one or more of the Defendants posted a YouTube video claiming "We Loooove this product and so do so many others!"

28.      On August 19, 2022, JM4 provided an infringement notice to one or more of the Defendants stating that the Her Tactical Holsters infringed at least the Plaintiff's utility patent.

29.      On August 22, 2022, Johnston revealed at least two of the Defendants were already aware of JM4's utility patent registration and then declined to cease and desist selling the Her Tactical holsters even after Plaintiffs informed her that there were additional relevant patents.

30.      On or around August 2022, Plaintiffs purchased samples of the Her Tactical holsters and documented the similarities between the Parties' products within the following representative photographs:

   

31.      Upon review of the Her Tactical holsters, Plaintiffs have concluded that they infringe at least one of JM4's registered patents and trade dress.

32.      Upon further review of the Her Tactical holsters, Plaintiffs have concluded that they are confusingly similar.

23.     Admit only that Her tactical posted a video regarding the hope to launch an upcoming product (which was not in fact launched at the time hoped); Deny the remainder.

24.     Lack of knowledge and therefore deny.

25.     Admit only that Her Tactical has advertised its product online; deny the remainder.

26.     Deny.

27.     Admit only that Her Tactical has advertised its product online; deny the remainder.

28.     Admit only that JM4 conveyed a communication that referenced a single utility patent; expressly deny that this communication constituted an "infringement notice," including because it failed to comply with Utah law regarding abusive patent demand letters.

29.     Admit.

30.     Deny.

31.     Deny.

32.     Deny.

33.     Deny.

34.     Lack knowledge regarding what Plaintiff has discovered, and therefore Deny.

35.     Deny.

36.     Deny.

37.     Deny.

38.     Deny.

39.     Admit only that Her Tactical has posted informational videos regarding its products.

40.     Deny.

41.     Deny.

42.     Lack information and therefore deny.

43.     Lack information and therefore deny.

44.     Deny.

# TAB 3

## Excerpt from Answer and Counterclaims Re: Freedom-to-Operate Analysis (Counterclaim ¶ 5)

Excerpt from Defendants' Answer and Counterclaims, Counterclaim ¶ 5, pleading the August 19, 2022 cease-and-desist letter and Defendants' freedom-to-operate analysis from a licensed patent agent.

**SOURCE**

*Court record; excerpt from ECF Dkt. 28 (filed February 15, 2023).*

7

connection with JM4's wrongful activities, including improper, false and fraudulent statements made to Her Tactical's retailers, customers and vendors.

## Jurisdiction and Venue

3. This court has jurisdiction over Her Tactical's counterclaims pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a) and 1367 and 15 U.S. Code § 1125(a)(1) and has supplemental jurisdiction over Her Tactical's state law counterclaims pursuant to 28 U.S. Code § 1367.

4. Venue is proper in this court pursuant to 28 U.S. Code §§ 1391(b) and 1391(c).

## Statement of Facts

5. On August 19, 2022, JM4 sent a cease and desist letter to Her Tactical. In response, Her Tactical conveyed a freedom-to-operate analysis and opinion procured from a licensed patent agent. JM4 provided no substantive response to this analysis.

6. On September 12, 2022, Her Tactical appeared on Good Things Utah to promote the Products and a women's self-defense workshop.

7. On September 13, 2022, John Crump, an agent of JM4, posted a video on YouTube (the "First Crump Video') that disparaged the Products through use of false and misleading statements.

8. On or about September 21, 2022, as a result of false and inaccurate statements by JM4, Etsy shut down sales of the Products. These false statements directly caused a loss of sales.

9. In October 2022, JM4 and Mr. Myers called and conveyed written communications on numerous occasions to the retailer Smith And Edwards. These communications contained false statements of fact regarding JM4's intellectual property rights, and the nature of Her Tactical's products. These false statements directly caused a loss of sales.

# TAB 4

## Excerpt from Plaintiffs' Original Complaint

Excerpt from Plaintiffs' Original Complaint showing the September 19, 2022 filing date and the original scope of asserted patents (the '530 Patent and the four design patents). The '109 Patent was not in existence at the time of suit and was not asserted in the original Complaint.

**SOURCE**

*Court record; excerpts from ECF Dkt. 2 (filed September 19, 2022).*

Brandon James Leavitt (Pro Hac Vice Pending)
LEAVITT ELDREDGE LAW FIRM
4204 SW Green Oaks Blvd., Suite 140
Arlington, TX 76107
Phone: (214) 727-2055
brandon@uslawpros.com

Jason K. Smith (Utah Bar No. 14323)
MK SMITH, APC
9891 Irvine Center Dr., Ste. 200
Irvine, CA 92618
Phone: (949) 299-2500
jsmith@mks-law.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JM4 TACTICAL, LLC; and JAMES CHADWICK MYERS, <br><br> Plaintiffs, <br><br> v. <br><br> HER TACTICAL, LLC; E & R LLC d/b/a HER TACTICAL; VICKY ARLENE JOHNSTON; and BLAKE CHEAL, <br><br> Defendants. | **PLAINTIFFS' ORIGINAL COMPLAINT** <br><br> Civil No. _____ <br><br> **JURY DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, JM4 Tactical, Inc. and James Chadwick Myers, by and through undersigned

counsel, hereby sue Defendants Her Tactical LLC, E & R LLC d/b/a HER TACTICAL,

Vicky Arlene Johnston, and Blake Cheal, and allege as follows:

1

## II. JURISDICTION AND VENUE

7. This is an action for patent infringement pursuant to 35 U.S.C. § 271 and both trade dress infringement and unfair competition pursuant to 15 U.S.C. § 1125(a) and common law.

8. Pursuant to 28 U.S.C. § 1331 this Court has federal question jurisdiction over the Plaintiffs' patent and unfair competition claims and, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over each of the Plaintiffs' remaining claims.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) since the Defendant: (1) resides in this district; or (2) has committed acts of infringement and has a regular and established place of business in this Judicial District.

## III. RELEVANT FACTS

10. On or around 2016, JM4 invented an inside the waistband ("IWB") magnetic retention holster, which it has since protected via a plurality of registered patents and unregistered trade dress.

11. Specifically, JM4 owns the following United States federal patent registrations:

    a. **USPTO Reg. No. 9/784, 530 – Gun holster system and method of use**

        What is claimed is:

        1. A gun holster system for carrying a gun, comprising:

            a body having a front side and a back side forming an upper opening disposed therebetween and forming a lower opening at a lower surface of the body;

            a strap assembly integrally secured to the back side body, the strap assembly having:

3

an elongated strap extending from and integrally secure to the back side of the body;

a fastener protrusion extending from a back surface of the elongated strap; and

a fastener housing extending from an outer surface of the back side of the body, the fastener housing being configured to engage with the fastener protrusion;

wherein the elongated strap folds backwards and away from the upper opening to cause the fastener protrusion and the fastener housing to engage;

two magnets disposed within a thickness of the fastener protrusion; and

a third magnet disposed within a thickness of the housing;

wherein the two magnets are configured to engage with the third magnet;

wherein engaging the two magnets with the third magnet does not obstruct the upper opening and does not obstruct or hinder entire removal of the gun from the body; and

wherein a combined magnetic retention strength generated by the two magnets and third magnet is strong enough to retain the gun within the body.

2. The system of claim 1, further comprising:

a cavity formed by the housing;

wherein the protrusion removably secured within the cavity.

3. The system of claim 1, wherein the lower opening is configured to receive a portion of the gun therethrough.

4

Case 1:22-cv-00121-AMA-DBP Document 159-1 Filed 05/22/26 PageID.3900 Page 41 of 42

b. **USPTO Reg. No. D788,451 – Gun holster**

What is claimed is:

1. The ornamental design of a gun holster as shown and described.



c. **USPTO Reg. No. D811,731 – Gun holster**

What is claimed is:

1. The ornamental design of a gun holster as shown and described.



5

Case 1:22-cv-00121-AMA-DBP  Document 159-1  Filed 05/22/26  PageID 3901  Page 6

d. **USPTO Reg. No. D836,329 – Gun holster**

What is claimed is:

1. The ornamental design of a gun holster as shown and described.



e. **USPTO Reg. No. D841,979 – Gun holster**

What is claimed is:

1. The ornamental design of a gun holster as shown and described.



12. JM4 also owns the following United States federal applications for trade dress:

a. **USPTO Serial No. 90/518,181** – "The mark consists of a product configuration of a holster, wherein the holster comprises a strap attached to a holster body, the strap having a securement device at an end of the strap, the body having a second securement device extending from the body, the dashed lines of the body represent positioning of the strap and securement devices and are not claimed as part of the mark."

6