Brandon James Leavitt, Tx Bar No. 24078841 (pro hac vice)
LEAVITT & ELDREDGE LAW FIRM
4204 S.W. Green Oaks Blvd., Suite 140
Arlington, TX 76017
(214) 727-2055 | brandon@uslawpros.com

Jason K. Smith (Utah Bar No. 14323)
MK SMITH, APC
9891 Irvine Center Dr., Ste. 200, Irvine, CA 92618
(801) 916-8723 | jsmith@mks-law.com

**ATTORNEYS FOR PLAINTIFFS**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JM4 TACTICAL, LLC; and JAMES CHADWICK MYERS,<br><br>    Plaintiffs,<br><br>*v.*<br><br>HER TACTICAL, LLC; E & R LLC, d/b/a HER TACTICAL; VICKY ARLENE JOHNSTON, an individual; and BLAKE CHEAL, an individual,<br><br>    Defendants. | **DECLARATION OF BRANDON J. LEAVITT IN SUPPORT OF PLAINTIFFS' RULE 56(d) MOTION**<br>Case No. 1:22-cv-00121-AMA-DBP<br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Dustin B. Pead |

### DECLARATION OF BRANDON J. LEAVITT

I, Brandon J. Leavitt, declare as follows:

1. I am counsel of record (pro hac vice) for Plaintiffs and have personal knowledge of the facts stated herein.

2. Fact discovery closed August 22, 2025. Dkt. 129. The only subsequent reopening, by stipulation, was limited to "Defendants' updated sales records" due on or before May 1, 2026. Dkt. 148 ¶ 2.1; Dkt. 149.

3. Defendant Blake Cheal was never deposed in this action. His deposition was initially postponed. Thereafter, in his supplemental discovery responses, Mr. Cheal represented

under oath that the Blake and Tanya Cheal Family Living Trust "no longer functions in any respect" and that he—not the Trust—in fact owns and operates the truck (and owns the home). Pls' App., ECF 151, Ex. 8 (Cheal Resp. to Interrog. 20; RFA 54–55). Based on those representations, the parties' counsel orally stipulated that Mr. Cheal's deposition was no longer necessary with respect to the Trust's involvement, and in reliance on those representations Plaintiffs elected not to depose Mr. Cheal. Mr. Cheal's May 7, 2026 declaration now reverses those representations, asserting that the Trust functions and that the Trust—not Mr. Cheal—owns the vehicle.

4. If the Court considers the new or contradictory matter in Mr. Cheal's declaration rather than disregarding it as untimely, Plaintiffs cannot fairly respond without the deposition they forwent in reliance on Defendants' prior representations. That matter includes:

- whether the Trust functions and owns the vehicle—contrary to Mr. Cheal's Interrogatory 20 and RFA 54–55, Pls' App., ECF 151, Ex. 8;

- the personal credit card in Mr. Cheal's name used to finance the startup, the timing and source of any reimbursement, and the account(s) used, Defs' App., ECF 157, Tab 18 ¶ 8;

- Mr. Cheal's role, communications, and participation in Her Tactical sales and events; and

- the dates, circumstances, and payment channels of the investigator transactions, Pls' Supp. App., Tabs 18–22 (filed with Plaintiffs' Opposition, Dkt. 160-2 through 160-6).

5. Plaintiffs request leave to take a limited deposition of Mr. Cheal and targeted document discovery on these topics, completable within 30 days.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of May, 2026.

/Brandon J. Leavitt/
Brandon J. Leavitt