Brandon James Leavitt, Tx Bar No. 24078841, *pro hac vice*
LEAVITT & ELDREDGE LAW FIRM
4204 SW Green Oaks Blvd., Suite 140
Arlington, TX 76017
(214) 727-2055
brandon@uslawpros.com

Jason K. Smith, 14323
PLANTE HUGUENIN LEBOVIC KAHN LLP
18100 Von Karman Ave, Ste 700,
Irvine, CA 92612-7199
949-271-8700
jsmith@phlklaw.com

ATTORNEYS FOR PLAINTIFFS

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH
### NORTHERN DIVISION

| | |
|---|---|
| **JM4 TACTICAL, LLC;** and **JAMES CHADWICK MYERS**<br><br>Plaintiffs,<br><br>vs.<br><br>**HER TACTICAL, LLC; E & R LLC** *dba* **HER TACTICAL; VICKY ARLENE JOHNSTON;** and **BLAKE CHEAL**<br><br>Defendants. | **PLAINTIFFS' REPLY IN SUPPORT OF CONSOLIDATED MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 1:22-cv-00121-AMA-DBP<br><br>Judge Ann Marie McIff Allen<br><br>Magistrate Judge Dustin B. Pead<br><br>**Jury Demand** |

Pursuant to DUCivR 56-1 et. seq. Plaintiffs hereby reply in support of their consolidated motion for partial summary judgment and state as follows:

TABLE OF CONTENTS

I.    INTRODUCTION        1

II.    ISSUES ACTUALLY BEFORE THE COURT      2

    A.    Should the Court dispose of Defendants' statutory-invalidity defenses where Defendants offer no admissible invalidity analysis—only non-infringement FTOs, bare prior-art citations, and attorney argument?......................................................2

    B.    Should the Court enter the requested patent-knowledge findings where Defendants dispute only inducement intent, willfulness, and subjective-belief issues Plaintiffs reserved for trial?...........................................................................2

    C.    Should the Court find that Ms. Johnston personally performed, directed, or assisted the accused commercial conduct where Defendants' only answer is that she did those same acts "for E&R"?.......................................................................2

    D.    Should the Court, at minimum, deem the discrete record-tied facts in Part VI established under Rule 56(g)?................................................................................2

III.    DEFENDANTS CANNOT PRESERVE STATUTORY INVALIDITY WITH NON-INFRINGEMENT FTOS AND BARE PRIOR-ART CITATIONS.        2

    A.    Schramm's FTOs Address Non-Infringement, Not Statutory Invalidity.................3

    B.    Schumer Requires an Invalidity Analysis; Defendants Offer Only Documents and Attorney Argument......................................................................................................4

    C.    Defendants Never Perform the Design-Patent Invalidity Analysis Required by Egyptian Goddess, International Seaway, and LKQ................................................4

    D.    The '109 Abandonment Theory Is Outside Plaintiffs' Motion Unless Defendants Tie It to §§ 101, 102, 103, or 112—Which They Do Not.....................................6

    E.    Undisclosed Lay Witnesses Cannot Supply the Missing Validity Opinions...........6

    F.    Defendants' Own Summary-Judgment Package Confirms They Have No Rule 56 Invalidity Record...................................................................................................7

IV.    DEFENDANTS CANNOT DISPUTE PATENT KNOWLEDGE BY ARGUING ABOUT INTENT ISSUES PLAINTIFFS RESERVED FOR TRIAL  7

    A.    Commil Helps Plaintiffs Because It Separates Patent Knowledge from Infringement Intent.................................................................................................8

B.      The Undisputed Record Establishes the '530 and '109 Knowledge Dates............8

C.      The Schramm FTO May Bear on Intent Later, but It Cannot Erase Patent Knowledge Now..................................................................................................9

**V.      MS. JOHNSTON'S "FOR E&R" LABEL DOES NOT CREATE A FACT DISPUTE ABOUT WHETHER SHE DID THE ACTS        10**

A.      Plaintiffs Seek Personal-Acts Findings, Not Veil-Piercing.................................10

B.      The Record Shows Ms. Johnston Personally Performed or Directed the Accused Commercial Conduct............................................................................................11

C.      *Wordtech* and *Lubby* Foreclose Defendants' Capacity-Label Defense.................12

D.      Defendants' Own Declaration Admits at Least One Personal Sale Outside Corporate Channels..............................................................................................12

E.      Infringement, Intent, Willfulness, and Damages Remain for Trial.......................13

**VI.     AT MINIMUM, RULE 56(G) SHOULD REMOVE THESE UNDISPUTED FACTS FROM TRIAL        13**

## TABLE OF AUTHORITIES

### Cases

*Ariad Pharms.,* Inc. v. Eli Lilly & Co., 598 F.3d 1336 (Fed. Cir. 2010) (en banc)_____8

*Astornet Techs.,* Inc. v. BAE Sys., Inc., 802 F.3d 1271 (Fed. Cir. 2015)_____15

*Berkheimer v. HP Inc.,* 881 F.3d 1360 (Fed. Cir. 2018)_____8

*Commil USA,* LLC v. Cisco Sys., Inc., 575 U.S. 632 (2015)_____12, 13

*Egyptian Goddess,* Inc. v. Swisa, Inc., 543 F.3d 665 (Fed. Cir. 2008) (en banc)_____9, 11

*Graham v. John Deere Co.,* 383 U.S. 1 (1966)_____8, 9

*Int'l Seaway Trading Corp. v. Walgreens Corp.,* 589 F.3d 1233 (Fed. Cir. 2009)_____9, 11

*Lanard Toys Ltd. v. Dolgencorp LLC,* 958 F.3d 1337 (Fed. Cir. 2020)_____7, 9, 10

*LKQ Corp. v. GM Global Tech. Operations LLC,* 102 F.4th 1280 (Fed. Cir. 2024) (en banc)__9, 10, 11

*Lubby Holdings LLC v. Chung,* 11 F.4th 1355 (Fed. Cir. 2021)_____14, 15, 17

*Manville Sales Corp. v. Paramount Sys.,* Inc., 917 F.2d 544 (Fed. Cir. 1990)_____14

*Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91 (2011)_____7

*MRC Innovations*, Inc. v. Hunter Mfg., LLP, 747 F.3d 1326 (Fed. Cir. 2014)_____7, 9, 10

*Nautilus*, Inc. v. Biosig Instruments, Inc., 572 U.S. 898 (2014)_____8

*Schumer v. Lab. Computer Sys.*, Inc., 308 F.3d 1304 (Fed. Cir. 2002)_____7, 8, 11

*State Indus.,* Inc. v. A.O. Smith Corp., 751 F.2d 1226 (Fed. Cir. 1985)_____14

*Wordtech Sys.*, Inc. v. Integrated Networks Sols., Inc., 609 F.3d 1308 (Fed. Cir. 2010)_14, 15, 17

### *Statutes*

35 U.S.C. § 101_____5, 6, 8, 10, 18, 20

35 U.S.C. § 102_____9

35 U.S.C. § 103_____7, 8, 9, 10

35 U.S.C. § 112_____7

### *Rules*

Fed. R. Civ. P. 8(b)(6)_____13, 19

Fed. R. Civ. P. 26(a)(2)(B)_____11, 18

Fed. R. Civ. P. 26(a)(2)(C)_____11, 18

Fed. R. Civ. P. 56_____5, 7, 10, 11, 12

Fed. R. Civ. P. 56(g)_____6, 18, 21

Fed. R. Evid. 701_____11

Fed. R. Evid. 702_____11

### *Evidence*

ECF 28 (Defendants' Answer to Original Complaint)_____6, 13, 19

ECF 46 (Defendants' Answer to Amended Complaint)_____13, 19

ECF 84 (Defendants' Operative Answer to Second Amended Complaint)_____6, 13, 19

ECF 129 (Scheduling Order)_____6, 18

ECF 151 (Plaintiffs' Consolidated Motion for Partial Summary Judgment)_5, 8, 10, 11, 12, 14, 18

ECF 152 (Defendants' MSJ — Her Tactical LLC and E&R LLC)_____11, 16

ECF 153 (Defendants' MSJ — Vicky Arlene Johnston)_____16

ECF 154 (Declaration of Vicky Arlene Johnston)_____16, 17

ECF 157 (Defendants' Joint Appendix of Evidence)_____5, 11, 17

ECF 159 (Defendants' Memorandum in Opposition to MPSJ)_5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19

ECF 159-1 Tab 1 (Schramm Design-Patent Freedom-to-Operate Analysis, Oct. 3, 2022)_____5, 7

App. Ex. 1 (ECF 151-3) — Excerpts of Deposition of Vicky Arlene Johnston (Nov. 2–3, 2023)_5, 13, 14, 15, 16, 19, 20

App. Ex. 2 (ECF 151-4) — Excerpts of Deposition of Grant Cavalli (Nov. 3, 2023)_____5, 16, 20

App. Ex. 5 (ECF 151-7) — Defendants' Amended and Supplemental Discovery Responses (May 31, 2023)_____5, 16, 19

App. Ex. 10 (ECF 151-12) — Defendants' Rule 26(a)(1) Initial Disclosures_____5, 11, 18

App. Ex. 15 (ECF 151-17) — Schramm Freedom-to-Operate Analysis (Aug. 22, 2022)_5, 7, 8, 19

App. Ex. 17 (ECF 151-19) — JM4 Tactical–Kiko Licensing Agreement_____5, 19

## INTRODUCTION

1.      Defendants devoted thirty-seven pages to opposing a motion that does not seek the relief they argue against. Plaintiffs' Consolidated Motion (ECF 151) seeks only three narrow rulings: (i) that Defendants cannot prove statutory invalidity under §§ 101, 102, 103, or 112 because they have no admissible Rule 56 invalidity evidence; (ii) that Ms. Johnston had knowledge of the '530 Patent no later than August 22, 2022 and of the issued '109 Patent in September 2023, after its September 5, 2023 issuance; and (iii) that Ms. Johnston personally participated in, directed, or assisted E&R's accused commercial conduct, regardless of how she characterizes her capacity. ECF 151 ¶¶ 1–5, 69, 87, 90, 95, 96, 110.

2.      Plaintiffs expressly do not seek—and expressly reserved for trial—direct infringement, doctrine-of-equivalents infringement, prosecution-history estoppel, patent-by-patent inducement intent, willfulness, *Halo* enhancement, damages, Defendant Cheal's individual liability, trade dress, false advertising, and any inventorship- or inequitable-conduct-based unenforceability theory. ECF 151 ¶¶ 2, 69, 87, 90, 96, 110, 111. Most of ECF 159's

argument is directed to those reserved issues. Those arguments may matter at trial; they do not

defeat the narrow findings sought here.

3.    Defendants' opposition confirms why partial summary judgment is appropriate.

On invalidity, they identify no admissible invalidity analysis. On knowledge, they dispute only

legal consequences Plaintiffs reserved for trial. And on Ms. Johnston's personal acts, they offer

only a capacity label—"for E&R"—that does not change who did the acts.

**ISSUES ACTUALLY BEFORE THE COURT**

    **A.**    **Should the Court dispose of Defendants' statutory-invalidity defenses where Defendants offer no admissible invalidity analysis—only non-infringement FTOs, bare prior-art citations, and attorney argument?**

    **B.**    **Should the Court enter the requested patent-knowledge findings where Defendants dispute only inducement intent, willfulness, and subjective-belief issues Plaintiffs reserved for trial?**

    **C.**    **Should the Court find that Ms. Johnston personally performed, directed, or assisted the accused commercial conduct where Defendants' only answer is that she did those same acts "for E&R"?**

    **D.**    **Should the Court, at minimum, deem the discrete record-tied facts in Part VI established under Rule 56(g)?**

**DEFENDANTS CANNOT PRESERVE STATUTORY INVALIDITY WITH NON-INFRINGEMENT FTOS AND BARE PRIOR-ART CITATIONS.**

5.    Defendants do not dispute that they pleaded statutory invalidity under 35 U.S.C.

§§ 101, 102, 103, and 112 as to every asserted patent. ECF 84, p. 6–7; ECF 28, ¶¶ 18–22. They

do not dispute that they disclosed no expert witness whose opinions may be used to prove

statutory invalidity, and that the time for disclosure has expired. ECF 129; ECF 159 (response to

¶¶ 56, 57–60). And they concede, in their response to ¶¶ 57–60, that "Defendants do not offer the

Schramm Analyses as retained expert testimony and do not ask the Court to accept Mr. Schramm's ultimate conclusions as expert opinions." ECF 159, p. 12.

6.     With those concessions on the table, Defendants must identify Rule 56-admissible evidence from which a reasonable jury could find invalidity by clear and convincing evidence as to each asserted patent. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011); *Schumer v. Lab. Computer Sys., Inc.*, 308 F.3d 1304, 1315–16 (Fed. Cir. 2002). They do not.

### A.     Schramm's FTOs Address Non-Infringement, Not Statutory Invalidity

7.     Defendants' lead invalidity-side argument is that the August 22, 2022 and October 3, 2022 Schramm FTOs supply "the kind of element-by-element documentary record" that *Lanard Toys* and *MRC Innovations* approved. ECF 159, p. 2. They do not.

8.     The August 22, 2022 FTO is, by its own terms, an analysis "relative to the US patent 9,784,530 ('530)." App. Ex. 15, p. 1. Its author states that he does not provide "a full detailed analysis" and instead "focus[es] on one aspect, namely the three magnet limitation." *Id.* at 1–2. It addresses only the '530, only the three-magnet limitation, and only the question whether the accused product practices that limitation. Its conclusion is that "the Product has less than three magnets." *Id.* at 1. That is a non-infringement opinion. It is not anticipation under § 102, obviousness under § 103, indefiniteness or enablement under § 112, or eligibility under § 101—as to the '530 or any other patent.

9.     The October 3, 2022 design-patent FTO (ECF 159-1 Tab 1) is the same in kind. It is a slide deck of "Differences between" each Myers design patent and the accused Her Tactical product. That comparison answers a non-infringement question (does the accused product practice the patented designs?). It is not an invalidity comparison (are the patented designs

anticipated or obvious over prior-art designs?). Identifying differences between the accused product and the patentee's own designs does nothing to establish that the patented designs are anticipated or obvious over prior art.

10.     Plaintiffs' citation to the August 22, 2022 FTO (App. Ex. 15) does not change this analysis. Plaintiffs cited the FTO to establish what it does *not* address (the '109, the design patents, knowledge, or personal acts) and what it does address (only the '530 and only the three-magnet limitation). ECF 151 ¶¶ 16–18, 98. That is a narrow factual use; it is not a concession of substantive force on invalidity.

### B.     Schumer Requires an Invalidity Analysis; Defendants Offer Only Documents and Attorney Argument.

11.     Defendants seize on the word "typically" in *Schumer* to argue that expert testimony is not categorically required. ECF 159, p. 2. They miss the actual holding. *Schumer* was a summary-judgment opinion. The Federal Circuit vacated a grant of invalidity SJ because the supporting declaration "lack[ed] the requisite clarity"—not because invalidity SJ was unavailable in principle. 308 F.3d at 1315–16. The lesson of *Schumer* is that invalidity proof must explain "in detail how each claim element is disclosed in the prior art reference"; conclusory submissions cannot carry the clear-and-convincing burden. *Id.* at 1315.

12.     Defendants supply less than *Schumer* required, not more. They identify references but provide no element-by-element claim chart, no POSITA analysis, no *Graham* factual findings under § 103, no *Ariad* written-description or *Nautilus* indefiniteness analysis under § 112, and no *Berkheimer* claim-specific conventionality evidence under § 101. *Berkheimer* holds that § 101 may involve underlying factual questions; it does not relieve a party challenging

eligibility of the burden to identify evidence tied to specific claim features. 881 F.3d at 1369.

Defendants identify none.

### C. Defendants Never Perform the Design-Patent Invalidity Analysis Required by Egyptian Goddess, International Seaway, and LKQ.

13.     For the four asserted design patents, Defendants invoke *MRC Innovations* and

*Lanard Toys* for the proposition that design-patent invalidity can be resolved without expert

testimony on a documentary record. ECF 159, p. 2, 19–21. Plaintiffs do not contest that some

design-patent invalidity issues can be resolved on a documentary record in a proper case. The

problem here is that Defendants conduct *no design-patent invalidity analysis at all*—

documentary or otherwise.

14.     For anticipation under § 102, Defendants do not perform the ordinary-observer

substantial-sameness comparison between any cited prior-art reference and any asserted design.

*Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc); *Int'l*

*Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1240 (Fed. Cir. 2009). For

obviousness under § 103, the Federal Circuit's en banc decision in *LKQ Corp. v. GM Global*

*Technology Operations LLC,* now governs. 102 F.4th 1280 (Fed. Cir. 2024) (en banc). *LKQ*

overruled the rigid *Rosen*/*Durling* framework and replaced it with a flexible *Graham*/*KSR*

analysis. Under *LKQ,* a defendant must identify analogous prior art, designate a primary

reference (typically the closest visually similar analogous art), identify the differences between

that reference and the claimed design, and articulate a record-supported, non-hindsight reason

why an ordinary designer would have modified the primary reference (alone or with secondary

references) to create the same overall visual appearance. *Id.* at 1295–1300. Defendants do none

of this. They list six design-patent numbers and reproduce the October 3, 2022 FTO's non-infringement visual differences. That is not *LKQ* obviousness analysis.

15.      *MRC Innovations* does not authorize design-patent summary judgment on bare citations to prior-art numbers. There, the prevailing party supplied an actual obviousness analysis and identified the relevant prior-art references. 747 F.3d at 1331–34. *Lanard Toys* is even further afield: it was a non-infringement case, not a statutory-invalidity case. Defendants here have done neither the invalidity comparison required for anticipation nor the flexible *LKQ* obviousness analysis required under § 103. The Schramm October 3, 2022 FTO compares the accused product to the patented designs, not prior-art designs to the patented designs.

### D.      The '109 Abandonment Theory Is Outside Plaintiffs' Motion Unless Defendants Tie It to §§ 101, 102, 103, or 112—Which They Do Not

16.      Defendants briefly contend that their '109 abandonment/revival defense rests on the documentary prosecution record and therefore needs no expert. ECF 159, p. 24. That contention answers a question Plaintiffs did not pose. Plaintiffs moved on statutory invalidity under §§ 101, 102, 103, and 112. ECF 151 ¶¶ 3, 68, 86, 111. If Defendants' abandonment theory is *not* a §§ 101/102/103/112 statutory-invalidity defense, then it is outside the relief Plaintiffs requested and remains for trial as Defendants choose to pursue it. If Defendants contend the theory *is* a §§ 101/102/103/112 statutory-invalidity defense, they had to identify the specific prosecution-record facts and legal theory in opposition. ECF 159 identifies neither. A vague reference to "the prosecution record itself" is not Rule 56 evidence sufficient to defeat summary judgment.

**E.      Undisclosed Lay Witnesses Cannot Supply the Missing Validity Opinions**

17.      Defendants gesture toward percipient witnesses—including individuals identified in Plaintiffs' App. Ex. 10 as having knowledge of "magnetic holsters sold in or about 2015"—as supplying record evidence sufficient to defeat the motion. ECF 159, p. 24 (*citing* Pl. App. Ex. 10 at 4–5). None of those witnesses was disclosed under Rule 26(a)(2)(B) as a retained expert or under Rule 26(a)(2)(C) as a non-retained expert opining on validity. Plaintiffs raised this issue in their motion (ECF 151 ¶ 82). Defendants do not respond.

18.      Lay percipient testimony about holsters a witness personally observed may be admissible for what it is—lay observation under Fed. R. Evid. 701. But it is not a substitute for the patent-by-patent and design-by-design invalidity analysis *Schumer, Egyptian Goddess, International Seaway,* and now *LKQ* require, and it cannot supply undisclosed Rule 702 opinions or attorney argument dressed as evidence. Among other gaps, Defendants identify no witness who offers admissible POSITA testimony for the utility-patent invalidity theories, and no witness, document, or argument that actually performs the required ordinary-observer invalidity comparison between any prior-art design and any asserted design.

**F.      Defendants' Own Summary-Judgment Package Confirms They Have No Rule 56 Invalidity Record**

19.      Defendants filed three summary-judgment motions on May 8, 2026 (ECF 152, 153, 155), supported by a single Joint Appendix (ECF 157). Those motions seek summary judgment on non-infringement, prosecution-history estoppel, the asserted trade dress, and the individual liability of Ms. Johnston, Mr. Cheal, and the Cheal Family Living Trust. None of the three moves on invalidity. The omission does not itself decide the issue, but it underscores that

Defendants' invalidity position has never been reduced to an admissible Rule 56 record—on any motion, by any party.

### DEFENDANTS CANNOT DISPUTE PATENT KNOWLEDGE BY ARGUING ABOUT INTENT ISSUES PLAINTIFFS RESERVED FOR TRIAL

20.     Plaintiffs' requested knowledge findings are narrow and dated. Plaintiffs ask the Court to find: (i) Ms. Johnston had knowledge of the '530 Patent no later than August 22, 2022; and (ii) Ms. Johnston had knowledge of the issued '109 Patent in September 2023, after its September 5, 2023 issuance. ECF 151 ¶¶ 88, 95, 111(b). Plaintiffs expressly reserved for trial whether those knowledge facts support patent-by-patent inducement intent, willfulness, or any subjective-belief defense. ECF 151 ¶¶ 90, 96, 110.

### A.     *Commil* Helps Plaintiffs Because It Separates Patent Knowledge from Infringement Intent

21.     Defendants' lead objection is that knowledge of a patent's existence is doctrinally distinct from knowledge that induced acts constitute patent infringement. ECF 159, p. 7 (*citing Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015)). That is correct—and it is precisely why Plaintiffs ask the Court to enter a finding on only the first prong. *Commil* itself separates the two prongs: "[L]iability for inducing infringement attaches only if the defendant knew of the patent *and* that the induced acts constitute patent infringement." *Id.* The first ("knew of the patent") is a discrete antecedent fact. The second ("induced acts constitute patent infringement") requires patent-by-patent claim application and intent—issues that Plaintiffs reserved for trial.

22.     Defendants' suggestion that entering a finding on the first prong would "prejudge the latter" (ECF 159, p. 3) is doctrinally incorrect. *Commil*'s whole point is that the two prongs can be analyzed separately. The narrow finding Plaintiffs seek does not decide what Ms. Johnston knew about infringement, what she intended to encourage, or what she subjectively believed about the Schramm FTOs. It establishes only that she knew the patents existed by the stated dates.

**B.      The Undisputed Record Establishes the '530 and '109 Knowledge Dates**

23.     For the '530: in the operative answer, Defendants admitted that "[o]n August 22, 2022, Johnston revealed at least two of the Defendants were already aware of JM4's utility patent registration." ECF 84, ¶ 29. The same admission appeared in Defendants' earlier answers. ECF 46, ¶ 29; ECF 28, ¶ 29. At minimum, the operative admission establishes the fact under Fed. R. Civ. P. 8(b)(6); the prior admissions confirm it was not inadvertent. ECF 159 does not contest the admission; it contests only the legal significance Plaintiffs ascribe to it. ECF 159, p. 7. The fact itself is not subject to dispute over its "significance."

24.     Defendants also concede the August 2021 review of Mr. Myers's '530 claim. ECF 159 (response to ¶ 21) ("Ms. Johnston reviewed Mr. Myers's patent claim in August 2021 to confirm her design did not infringe the '530 Patent"). That concession defeats any implicit suggestion that Ms. Johnston first learned of the '530 in August 2022 when she received Plaintiffs' cease-and-desist correspondence. The record—admitted by Defendants—shows she reviewed the claim a year earlier and approximately nine months before any commercial sale. App. Ex. 1 at 27:18–19, 31:13–25.

25.    For the '109: Defendants admit Ms. Johnston was aware of the '109 Patent in September 2023, after the patent's September 5, 2023 issuance. ECF 159 (response to ¶ 26); App. Ex. 1 at 108:23–109:1. Defendants' *State Industries* objection (ECF 159, p. 27–28) is a strawman. Plaintiffs anchor the '109 finding to the patent's issuance month, not to any pre-issuance period. *State Industries, Inc. v. A.O. Smith Corp.,* bars knowledge findings tied to a period before a patent existed; it does not bar a finding that the defendant knew of the patent after it issued. 751 F.2d 1226, 1236 (Fed. Cir. 1985). The finding Plaintiffs request is fully consistent with *State Industries* because it tracks post-issuance facts only.

### C.    The Schramm FTO May Bear on Intent Later, but It Cannot Erase Patent Knowledge Now

26.    Defendants invoke the August 22, 2022 FTO and *Manville Sales Corp. v. Paramount Sys., Inc.*, to argue that good-faith reliance on patent counsel defeats inducement liability. 917 F.2d 544 (Fed. Cir. 1990); ECF 159, p. 26. *Manville* reversed a finding of officer liability for inducement because the record lacked specific intent—precisely what Plaintiffs are not asking the Court to find. *Manville* does not bear on the threshold patent-existence knowledge prong. Plaintiffs' motion expressly states that any defense based on the FTO and good-faith subjective belief is reserved for trial. ECF 151 ¶¶ 90, 96, 101.

### MS. JOHNSTON'S "FOR E&R" LABEL DOES NOT CREATE A FACT DISPUTE ABOUT WHETHER SHE DID THE ACTS

27.    Under *Wordtech* and *Lubby*, a corporate officer is personally liable for her own acts of infringement, "even when those acts are committed in [her] corporate capacity." *Lubby Holdings LLC v. Chung,* 11 F.4th 1355, 1361 (Fed. Cir. 2021) (*citing Wordtech Sys., Inc. v.*

*Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1316 (Fed. Cir. 2010)). *Wordtech* holds that "corporate officers who actively assist with their corporation's infringement may be personally liable for inducing infringement regardless of whether the corporation is the alter ego of the corporate officer." 609 F.3d at 1316. Plaintiffs' motion seeks a finding consistent with that doctrine. Plaintiffs invoke *Wordtech* and *Lubby* only to defeat Defendants' capacity-label objection; Plaintiffs do not ask the Court to decide infringement or liability in this motion.

### A.     Plaintiffs Seek Personal-Acts Findings, Not Veil-Piercing

28.     Most of Defendants' opposition on this point attacks a veil-piercing theory Plaintiffs do not assert. ECF 159, p. 30 ("derivative liability requires veil-piercing"); *id.* at 34–35. Plaintiffs concede that derivative liability for E&R's corporate acts would require alter-ego analysis. Plaintiffs are not seeking derivative liability in this motion. They seek a finding tied to Ms. Johnston's own acts. Defendants' citation to *Astornet Techs., Inc. v. BAE Sys., Inc.*, confirms the distinction: "veil-piercing standards do not govern the separate issue of direct liability for one's own wrongful acts." 802 F.3d 1271, 1279 (Fed. Cir. 2015). That is the framework Plaintiffs invoke.

### B.     The Record Shows Ms. Johnston Personally Performed or Directed the Accused Commercial Conduct

29.     The factual predicate for the requested finding is not genuinely disputed on this record. Ms. Johnston is the sole employee, owner, and officer of Her Tactical, and the sole member of E&R LLC. App. Ex. 1 at 10:12–15; ECF 159 (response to ¶ 41). She personally designed the accused product on E&R's behalf. App. Ex. 1 at 13:25–14:11, 27:1–5. E&R formally admitted that it "designed, caused to be designed, or assisted in the design of one or

more of the Accused Instrumentalities," sold the accused product, stored it at the residential address, and operated all online sales channels. App. Ex. 5, RFAs 1, 2, 4, 5–11, 14–25. Defendants concede in ECF 159 that "the accused acts of designing, funding, selling, storing, and operating sales channels were performed by E & R LLC." ECF 159, p. 31. Defendants identify no other E&R employee who performed those operational acts. Their own position is that Ms. Johnston was the sole relevant officer, owner, and employee. ECF 153 SUMF ¶ 1; ECF 152 SUMF ¶ 1.

30.     Additional record facts confirm personal performance. Ms. Johnston accepted at least two accused-product payments from a single customer through her personal Venmo account; Her Tactical has no Venmo account. App. Ex. 1 at 100:6–20, 158:19–24; ECF 154 ¶¶ 12, 19. She personally paid Cavalli, Her Tactical's firearms-training instructor, through the same personal Venmo account. App. Ex. 1 at 100:6–8; App. Ex. 2 at 12:1–5, 15:14–19. She used her personal phone for customer communications and directed the customer to her personal residence. App. Ex. 1 at 158:19–24, 159:7. She directed Mr. Cheal, during a customer interaction captured on video, to produce accused holsters from a vehicle and discuss product features. App. Ex. 1, Dep. Ex. 24; App. Ex. 1 at 163:19–164:8, 168:18–169:12.

31.     Defendants' own concurrent summary-judgment papers describe these same acts in personal terms. ECF 152, p. 3 ("Ms. Vicky Arlene Johnston started a side gig—she designed and arranged for the manufacture"); id. at 4 ("she researched and designed her own holsters"); ECF 153, p. 1 ("she has, since 2021, designed and arranged for the manufacture of magnetic holsters"); id. at 4 ("In 2021, Ms. Johnston . . . began selling holsters under the brand name 'Her

Tactical'"). Defendants' own papers confirm there is no genuine factual dispute about who performed the conduct; the only dispute is the legal effect of the "for E&R" capacity label.

### C.    *Wordtech* and *Lubby* Foreclose Defendants' Capacity-Label Defense

32.    Defendants' selective quotation of Johnston Dep. 14:5–12 attempts to convert Ms. Johnston's "Not in any personal capacity. I'm employed by E&R" into a fact dispute. ECF 159, p. 9, 32. It is not. The exchange is not about whether Ms. Johnston performed the acts—she concedes she did ("you did it, but you did it on behalf of E&R")—but about how to legally characterize them. Under *Wordtech* and *Lubby*, that legal characterization does not defeat personal liability. 609 F.3d at 1316; 11 F.4th at 1361. The Federal Circuit's holding could not be plainer: "[A] corporate officer is, of course, personally liable for his own acts of infringement, even when those acts are committed in his corporate capacity." *Lubby*, 11 F.4th at 1361 (emphasis added).

### D.    Defendants' Own Declaration Admits at Least One Personal Sale Outside Corporate Channels

33.    Defendants' May 6, 2026 Johnston Declaration (ECF 154; ECF 157, Tab 17) concedes that "every sale of a Her Tactical product (with the exception of the single Venmo transaction described in paragraph 12 above) has been a sale by E & R." ECF 154 ¶ 19. That admission concedes at least one personal sale that did not pass through E&R's corporate channels. One personal sale of an accused product is sufficient to defeat Defendants' claim that all sales were solely corporate acts. If infringement is later proved at trial, *Lubby* permits personal liability for an officer's own acts even when committed in a corporate capacity. 11 F.4th at 1361. The broader multi-category factual finding Plaintiffs seek—covering design, sales,

marketing, payment, and distribution—is independently supported by the deposition record

cataloged above.

### E.    Infringement, Intent, Willfulness, and Damages Remain for Trial

34.    The narrow personal-acts finding Plaintiffs request does not establish direct

infringement, inducement intent, willfulness, or damages. ECF 151 ¶¶ 87, 88, 90, 108, 110.

Defendants are free to argue at trial that Ms. Johnston's acts do not satisfy any of those liability

elements, that her subjective belief based on the Schramm FTO defeats inducement intent, and

that any damages are limited or zero. The finding Plaintiffs seek is the threshold predicate fact:

she did the acts.

**AT MINIMUM, RULE 56(G) SHOULD REMOVE THESE UNDISPUTED FACTS FROM TRIAL**

35.    If the Court declines to grant the full relief Plaintiffs request, the following

discrete findings are appropriate under Federal Rule of Civil Procedure 56(g). Each is tied to a

specific record citation and is either expressly conceded or not genuinely disputed:

a.    Defendants disclosed no Rule 26(a)(2)(B) retained experts and no Rule

26(a)(2)(C) non-retained expert summaries for any opinion offered to prove

statutory invalidity under 35 U.S.C. §§ 101, 102, 103, or 112. ECF 129; App. Ex.

10; ECF 159 (response to ¶¶ 57–60).

b.    Michael Schramm was not disclosed as a retained or non-retained expert

whose opinions may prove invalidity. App. Ex. 10, p. 3; ECF 159, p. 12

("Defendants do not offer the Schramm Analyses as retained expert testimony and

do not ask the Court to accept Mr. Schramm's ultimate conclusions as expert opinions").

c.    The August 22, 2022 Schramm Analysis is, by its terms, a non-infringement freedom-to-operate document addressing only the '530 Patent and only the three-magnet limitation. App. Ex. 15, p. 1–2.

d.    Ms. Johnston reviewed Mr. Myers's '530 patent claim in August 2021. App. Ex. 1 at 31:13–25; ECF 159 (response to ¶ 21).

e.    Ms. Johnston had knowledge of the '530 Patent no later than August 22, 2022. ECF 84, ¶ 29 (admit); *see also* ECF 46, ¶ 29; ECF 28, ¶ 29; Fed. R. Civ. P. 8(b)(6).

f.    The '109 Patent issued September 5, 2023. App. Ex. 17.

g.    Ms. Johnston had knowledge of the issued '109 Patent in September 2023, after its September 5, 2023 issuance. App. Ex. 1 at 108:23–109:1; ECF 159 (response to ¶ 26).

h.    Ms. Johnston testified she designed the accused product on E&R's behalf. App. Ex. 1 at 13:25–14:11, 27:1–5.

i.    E&R admitted that it designed, caused to be designed, sold, stored, and operated all online sales channels for the accused product. App. Ex. 5, RFAs 1, 2, 4, 5–11, 14–25.

j.    Ms. Johnston testified she personally used or controlled the relevant sales, payment, and customer-communication channels, including her personal Venmo

account, personal phone, and personal residence as a pickup location. App. Ex. 1 at 100:6–20, 158:19–24, 159:7, 163:19–164:8; App. Ex. 2 at 15:14–19.

k.    Whether the foregoing acts establish direct infringement, inducement, willfulness, or damages remains for trial.

## VII.  CONCLUSION

36.    For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Consolidated Motion for Partial Summary Judgment as follows:

a.    Granting partial summary judgment that Defendants cannot prove statutory invalidity under 35 U.S.C. §§ 101, 102, 103, or 112 as to any asserted patent—including the '530 Patent, the '109 Patent, and the four asserted design patents (D788,451; D811,731; D836,329; and D841,979)—and that Counterclaim 2 fails to that extent;

b.    Granting partial summary judgment that Ms. Johnston had knowledge of the '530 Patent no later than August 22, 2022 and of the issued '109 Patent in September 2023, after its September 5, 2023 issuance;

c.    Granting partial summary judgment that Ms. Johnston personally participated in, directed, or assisted the accused commercial conduct—including design, arranging manufacture, sales and payment handling, customer communications, and product distribution—whether she did so for E&R or in her claimed capacity as its employee, and that whether those acts ultimately establish direct infringement, inducement, willfulness, or damages remains for trial;

d. In the alternative, entering Rule 56(g) findings consistent with Part VI above; and

e. Granting such other and further relief as the Court deems just and proper.

Dated this 29th day of May 2026.

Respectfully Submitted,

/Brandon J. Leavitt/
**Brandon James Leavitt**
Texas Bar No. 24078841 (pro hac vice)
LEAVITT & ELDREDGE LAW FIRM
4204 SW Green Oaks Blvd., Suite 140
Arlington, TX 76017
(214) 727-2055
brandon@uslawpros.com

Jason K. Smith, (Utah Bar No. 14323)
PLANTE HUGUENIN LEBOVIC KAHN LLP
18100 Von Karman Ave, Ste 700,
Irvine, CA 92612-7199
949-271-8700
jsmith@phlklaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

By my signature above I hereby certify that a true and correct copy of the above document has been forwarded to all counsel of record via the Court's electronic filing system.