Chad S. Pehrson (Utah Bar No. 12622)    cpehrson@knh.law
Nathan Gardner (Utah Bar No. 19537)    ngardner@knh.law
**KNH LLP**
50 W. Broadway, 9th Floor
Salt Lake City, Utah 84101
Telephone: (801) 994-4646

*Attorneys for Defendants*

<table>
<tr><td colspan="2" align="center">IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF UTAH, NORTHERN DIVISION</td></tr>
<tr>
<td>JM4 TACTICAL, LLC; and JAMES CHADWICK MYERS,<br><br>     Plaintiffs,<br><br>v.<br><br>HER TACTICAL, LLC; E & R LLC, d/b/a HER TACTICAL; VICKY ARLENE JOHNSTON, an individual; and BLAKE CHEAL, an individual;<br><br>     Defendants.</td>
<td>**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' RULE 56(d) MOTION**<br><br>Case No. 1:22-cv-00121-AMA-DBP<br><br>Judge Ann Marie McIff Allen<br><br>Magistrate Judge Dustin B. Pead</td>
</tr>
</table>

## INTRODUCTION

Plaintiffs' Rule 56(d) Motion asks the Court to defer or deny Defendants' motions for summary judgment, or to reopen discovery, on the theory that the Johnston Declaration (Dkt. 154) and the Cheal Declaration (Dkt. 156) introduce "new matter" that Plaintiffs have not had a fair opportunity to test. The motion fails for two independent reasons. First, the challenged declarations supplement facts already in the record, and the grounds for summary judgment do not depend on any contested statement in them; the relief Defendants seek stands on the existing record. Second, the motion does not satisfy the Tenth Circuit's threshold requirements for relief under Rule 56(d):

1

the supporting Leavitt Declaration (Dkt. 162-2) reflects, on Plaintiffs' own account, a deliberate decision to forgo Mr. Cheal's deposition rather than any genuine inability to obtain facts, and it neither identifies the probable facts sought nor explains how they would rebut any ground for judgment. The Court should deny the motion.

## I. LEGAL STANDARD

Rule 56(d) is not a device for delay or for reopening closed discovery. It applies only where a nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The Tenth Circuit requires the supporting affidavit to identify "(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and . . . (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (*quoting Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).[1] The rule "does not operate automatically"; its protections "can be applied only if a party satisfies certain requirements," beginning with the affidavit itself. *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). A movant therefore "may not invoke Rule 56[(d)] by simply stating that discovery is incomplete but must state with specificity how the additional material will rebut the summary judgment motion." *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008). These requirements protect the nonmovant who has not yet had a fair opportunity for discovery;

---

[1] *Campbell*, *Price*, *Bolden*, *Bliss*, and *Garcia* were decided under former Rule 56(f), renumbered as Rule 56(d) in 2010 without substantive change. Citations are to the current designation.

they are not a vehicle to undo a record the movant chose not to develop. *Cf. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)* (summary judgment is proper "after adequate time for discovery").

## II.  THE CHALLENGED DECLARATION TESTIMONY IS NOT ESSENTIAL TO THE RELIEF REQUESTED

Rule 56(d) reaches only facts that are "essential to justify [an] opposition." Fed. R. Civ. P. 56(d). The matter Plaintiffs identify as new — the Trust's status, the ownership of a family vehicle, Mr. Cheal's early-2022 credit-card accommodation, and the investigator transactions — is not essential to any ground on which Defendants seek judgment.

### A.  The patent and trade-dress grounds do not depend on the challenged facts at all.

Defendants' motions seek judgment first on grounds that have nothing to do with the Trust, the vehicle, or any personal financing: that there is no underlying infringement of the asserted patents or trade dress; that, even assuming underlying infringement, neither individual is liable for direct, induced, or contributory infringement under 35 U.S.C. § 271; and that neither is personally liable for trade dress or unfair competition. (*See* Dkt. 153 §§ I–II; Dkt. 155 §§ I–III.) Those grounds rest on the non-infringement record, on the absence of any operational, sales, or marketing role, and on the absence of pre-suit patent knowledge — facts established by the parties' written discovery, Ms. Johnston's deposition, and the documentary exhibits already before the Court, not by the challenged declaration paragraphs. The challenged testimony could be set aside in full and these grounds would stand unchanged.

**B.  The alter-ego grounds fail on Plaintiffs' own record and as a matter of law, without the challenged statements.**

Plaintiffs bear the burden of satisfying both prongs of Utah's alter-ego test — a unity of interest and ownership so complete that the separate personalities of the company and the individual no longer exist, and a showing that honoring the corporate form would sanction fraud or work an injustice. *Jones & Trevor Mktg., Inc. v. Lowry*, 2012 UT 39, ¶ 14; *Colman v. Colman, 743 P.2d 782, 786 (Utah Ct. App. 1987)*. They cannot carry that burden on their own pleaded allegations and prior-discovery record: Ms. Johnston testified at her November 2, 2023 deposition that her husband is "just a cheerleader." (Pl. App. Ex. 1 at 93:17–23.) Nothing in the challenged declarations is necessary to that conclusion. Nor would the challenged facts change it even if credited in Plaintiffs' favor: the occasional, incidental use of a family vehicle to carry inventory, and a one-time startup credit-card accommodation that was reimbursed in full, fall far short of the commingling required to treat a company and an individual as indistinguishable, *Colman*, 743 P.2d at 786, and come nowhere near the independent fraud-or-injustice showing the second prong demands. Whether the vehicle is titled to Mr. Cheal or to the Trust is therefore immaterial — the theory fails either way, which is why no discovery into it is "essential" under Rule 56(d).

Because the challenged testimony is not essential to any ground for judgment, Rule 56(d) supplies no basis to defer, deny, or reopen.

**III.  THE LEAVITT DECLARATION FAILS THE TENTH CIRCUIT'S RULE 56(d) REQUIREMENTS**

Even if the challenged facts mattered, the affidavit does not make the required showing.

4

**A.   The declaration shows a deliberate election to forgo available discovery, not unavailability.**

Rule 56(d) "does not compel the court to grant a continuance to a party that has been dilatory in conducting discovery." *Bolden v. City of Topeka*, 441 F.3d 1129, 1151 (10th Cir. 2006). The rule protects a party that has not yet had a fair opportunity for discovery; it does not rescue one that had ample time and elected not to use it. *See Celotex*, 477 U.S. at 326. The movant must show "what steps have been taken to obtain" the facts, *Campbell*, 962 F.2d at 1522, and the Leavitt Declaration shows the opposite of diligence. It states that Mr. Cheal's deposition "was initially postponed," that Plaintiffs thereafter "elected not to depose Mr. Cheal," and that they did so "in reliance on" his supplemental responses. (Leavitt Decl. ¶ 3.) Plaintiffs do not assert that Defendants refused the deposition, that the witness was unavailable, or that any fact was concealed; by their own account, the deposition was theirs to take and they chose not to take it. (Leavitt Decl. ¶ 3.) A party's tactical decision to forgo discovery it could have taken is not a basis for Rule 56(d) relief; it is the want of diligence that defeats it. *See Bolden*, 441 F.3d at 1151.

**B.   The declaration does not state how any fact would rebut any ground — and Plaintiffs have already filed a full opposition.**

The affidavit must identify the "probable facts not available" and "state[] with specificity how the additional material will rebut the summary judgment motion." *Bliss v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006). In *Bliss*, the Tenth Circuit affirmed the denial of a Rule 56(d) motion supported by an affidavit that sought "depositions of the individual defendants, and their supervisor, as well as access to records and procedure manuals," because the affidavit "neither identifie[d] any 'probable facts not available' . . . nor 'state[d] with specificity how the additional material will rebut the summary judgment motion.'" *Id.* The Leavitt Declaration is the same. It

5

says only that, if the Court considers the challenged matter, "Plaintiffs cannot fairly respond without the deposition they forwent." (Leavitt Decl. ¶ 4.) It does not connect any sought fact to any element of any claim or defense, or explain how the testimony would create a genuine dispute on any ground for judgment. *See Price*, 232 F.3d at 783. The point is underscored by Plaintiffs' own conduct: they filed a complete, substantive consolidated opposition to all three motions on May 22, 2026 (Dkt. 160), the day before this motion. A party that has already opposed on the merits is not one that "cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

**C.  The requested discovery sweeps beyond the claimed reliance — and reaches Plaintiffs' own evidence.**

The reliance the declaration invokes is narrow by its own terms: counsel "orally stipulated that Mr. Cheal's deposition was no longer necessary with respect to the Trust's involvement." (Leavitt Decl. ¶ 3.) Yet Plaintiffs now demand to depose Mr. Cheal and obtain documents about "[his] role, communications, and participation in Her Tactical sales and events" and "the dates, circumstances, and payment channels of the investigator transactions." (Leavitt Decl. ¶ 4.) Neither topic concerns "the Trust's involvement," neither was within any stipulation, and both were available before the discovery cutoff. That Defendants may possess some of this information changes nothing: a movant's assertion that information is in the opponent's hands "does not . . . require automatic relief under Rule 56(d)." *Bliss*, 446 F.3d at 1042 (*quoting Price*, 232 F.3d at 784). The investigator-transaction topic is especially telling — those transactions were conducted by Plaintiffs' own investigator, and Plaintiffs filed that evidence themselves. (Pl. Supp. App., Tabs 18–22 (Dkt. 160-2 through 160-6).)

A party does not need discovery from its opponent to learn the dates and payment channels of its own investigator's purchases. And to the extent Plaintiffs contend the declaration's description of the Trust reopens the Trust question itself, that question fails regardless: as explained above, whether the vehicle is owned by Mr. Cheal or the Trust is immaterial to the alter-ego analysis. *See supra* § II.B. The breadth of the request confirms that the motion seeks to reopen general merits discovery, not to cure any genuine, reliance-based gap. *See Campbell, 962 F.2d at 1523* (affirming denial where request "suggests no more than a fishing expedition").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Rule 56(d) Motion in its entirety and decide Defendants' motions for summary judgment on the existing record.

DATED this 29th day of May, 2026.

Respectfully submitted,

**KNH LLP**

/s/ *Chad S. Pehrson*
Chad S. Pehrson
Nathan Gardner
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of May, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Chad S. Pehrson*

8