Brandon James Leavitt, Tx Bar No. 24078841 (*pro hac vice*)
LEAVITT & ELDREDGE LAW FIRM
4204 S.W. Green Oaks Blvd., Suite 140
Arlington, TX 76017
(214) 727-2055 | brandon@uslawpros.com

Jason K. Smith (Utah Bar No. 14323)
MK SMITH, APC
9891 Irvine Center Dr., Ste. 200, Irvine, CA 92618
(801) 916-8723 | jsmith@mks-law.com
**ATTORNEYS FOR PLAINTIFFS**

**In the United States District Court
for the District of Utah, Northern Division**

| | |
|---|---|
| **JM4 TACTICAL, LLC**; and **JAMES CHADWICK MYERS**,<br>  Plaintiffs,<br><br>  *v.*<br><br>**HER TACTICAL, LLC**; **E & R LLC**, d/b/a **HER TACTICAL**; **VICKY ARLENE JOHNSTON**, an individual; and **BLAKE CHEAL**, an individual,<br><br>  Defendants. | **PLAINTIFFS' REPLY IN SUPPORT OF THEIR RULE 56(D) MOTION (DKT. 162)**<br><br>**Case No. 1:22-cv-00121-AMA-DBP**<br><br>District Judge Ann Marie McIff Allen<br>Magistrate Judge Dustin B. Pead |

TABLE OF CONTENTS

I.      Preliminary Statement..........................................................................................................1

II.     Issues Before the Court......................................................................................................2

III.    Argument.............................................................................................................................2

      A.      Defendants Concede the Declarations are Non-Essential to Every Ground Except Those Aimed at Mr. Cheal and the Trust.................................................................2

      B.      Defendants' Own Filings Establish That the Challenged Matter is Essential to the Cheal and Trust Grounds.........................................................................................3

      C.      Plaintiffs Were Not Dilatory: Their Forbearance Was Induced by Defendants' Sworn Responses and Counsel's Stipulation, Neither of Which the Opposition Denies.......................................................................................................................4

      D.      The Leavitt Declaration Makes Each Showing the Tenth Circuit Requires............7

IV.     Conclusion..........................................................................................................................9

TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)..................................................................4

*Birch v. Polaris Indus., Inc.*, 812 F.3d 1238 (10th Cir. 2015)......................................................7

*Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006)...........................................................5

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)............................................................................4

*Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795 (1999).......................................................6

*Colman v. Colman*, 743 P.2d 782 (Utah Ct. App. 1987)..........................................................4, 8

*Comm. for the First Amendment v. Campbell*, 962 F.2d 1517 (10th Cir. 1992)........................2, 5

*Davis v. Wakelee*, 156 U.S. 680 (1895)......................................................................................6

*Franks v. Nimmo*, 796 F.2d 1230 (10th Cir. 1986).....................................................................6

*Garcia v. U.S. Air Force*, 533 F.3d 1170 (10th Cir. 2008).........................................................5

*HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191 (10th Cir. 2017).........6

*Johnson v. Lindon City Corp.*, 405 F.3d 1065 (10th Cir. 2005)...................................................6

*Jones & Trevor Mktg., Inc. v. Lowry*, 2012 UT 39, 284 P.3d 630.........................................3, 4, 8

*Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164 (10th Cir. 2009)...............................6

*Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779 (10th Cir. 2000)..............................................7

*Salo v. Tyler*, 2018 UT 7, 417 P.3d 581......................................................................................4

*Trask v. Franco*, 446 F.3d 1036 (10th Cir. 2006)........................................................................5

*Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086 (10th Cir. 2010).......7

*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985 (10th Cir. 1999)..........6

**Statutes and Rules**

Fed. R. Civ. P. 37(c)(1).................................................................................................................6

Fed. R. Civ. P. 56(d)............................................................................................................ passim

DUCivR 7-1(a)(3).........................................................................................................................7

## I.    PRELIMINARY STATEMENT

1.    Defendants' Opposition leaves the Court with a simple choice. If the late-filed Johnston and Cheal declarations are unnecessary to Defendants' motions — as Defendants now repeatedly say, representing that the grounds in Her Tactical's motion "do not rely on the Johnston or Cheal declarations at all" (Dkt. 166 at 15) and that "Ms. Johnston's motion does not depend on her declaration", which "corroborates but does not supply the predicate" (Dkt. 164 at 12) — then the Court can disregard that new matter and decide the motions on the discovery record. Plaintiffs have no quarrel with that result; it is the first relief their motion requests. (Dkt. 162 at 1.)

2.    But if the declarations matter, Plaintiffs must be allowed to test them. Defendants cannot have it both ways — and their papers try. The Cheal declaration supplies the Trust's current-functioning narrative, the vehicle-ownership narrative, and the new assertion that Mr. Cheal's personal credit-card financing was "one-time" and "reimbursed in full." (Dkt. 157, Tab 18 ¶¶ 8, 12–16; Dkt. 167 at 4; Dkt. 165 at 4.) Those are not background facts; they are the very facts Defendants ask the Court to accept in rejecting Plaintiffs' alter-ego and personal-participation theories — facts first sworn to on May 6–7, 2026, more than eight months after fact discovery closed, and contrary to Mr. Cheal's own sworn responses that the Trust "no longer functions in any respect" and that he, not the Trust, owns the truck. (Dkt. 129; ECF 151, Ex. 8 (Interrog. 20, RFAs 54–55).)

3.    Rule 56(d) was designed for this situation. Plaintiffs do not seek general merits discovery; they seek the limited deposition and targeted documents necessary to test the post-cutoff facts Defendants chose to inject after Plaintiffs forwent Mr. Cheal's deposition in reliance on his sworn responses and counsel's stipulation. (Dkt. 162-2 ¶¶ 3–5.) On the same page of the

decision the Opposition cites for its four-factor standard, the Tenth Circuit instructs that "[u]nless dilatory or lacking in merit, the motion should be liberally treated." *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). Plaintiffs were not dilatory, and the motion has merit.

## II.     ISSUES BEFORE THE COURT

4.      Whether the Court should disregard Defendants' late-filed declaration matter, where Defendants represent that several summary-judgment grounds do not rely on it.

5.      Whether Rule 56(d) relief is required as to the grounds that do rely on the new Cheal and Trust facts, where Plaintiffs forwent Mr. Cheal's deposition in reliance on contrary sworn discovery responses and counsel's stipulation.

6.      Whether the appropriate alternative remedy is one limited deposition of Mr. Cheal and targeted documents, completable within thirty days.

## III.    ARGUMENT

### A.      Defendants Concede the Declarations are Non-Essential to Every Ground Except Those Aimed at Mr. Cheal and the Trust.

7.      This motion seeks relief only "to the extent" the summary-judgment motions "rely on new factual matter first disclosed in the declarations." (Dkt. 162 at 1.) Section II.A of the Opposition — devoted to showing that the patent and trade-dress grounds do not depend on the challenged facts — therefore rebuts a motion Plaintiffs did not file. Where a ground genuinely does not rest on the late declarations, the Court can disregard the new matter and decide that ground on the pre-existing record; Defendants' own filings make that relief effectively unopposed as to Dkt. 152 and the bulk of Dkt. 153. (Dkt. 166 at 14–15; Dkt. 164 at

12.) The live dispute is confined to Mr. Cheal's motion (Dkt. 155) and any portion of Ms. Johnston's that leans on the new matter.

### B.    Defendants' Own Filings Establish That the Challenged Matter is Essential to the Cheal and Trust Grounds.

8.    Rule 56(d) reaches facts "essential to justify [the] opposition," and Defendants' papers supply the proof of essentiality. The Trust ground's core assertions — that the Trust is an ordinary estate-planning vehicle, holds no interest in Her Tactical, and has as its "only connection" the occasional use of a Trust-owned vehicle — are cited to the Cheal and Johnston declarations and nothing else. (Dkt. 155 at 4–5, SUMF ¶¶ 12–13.) The same motion attributes the vehicle "to the Trust as the vehicle's owner—not to Mr. Cheal personally." (Dkt. 155 at 13–14.) Each of those assertions reverses Mr. Cheal's sworn discovery responses. (ECF 151, Ex. 8.)

9.    The credit-card ground is starker. The only evidence that the financing was "one-time", or that Ms. Johnston "reimbursed him in full by approximately early 2023", is Cheal Declaration ¶ 8 — executed May 7, 2026, when the only stipulated reopening of discovery was for "Defendants' updated sales records." (Dkt. 129; Dkt. 148 ¶ 2.1; Dkt. 149; Dkt. 165 at 4.) No interrogatory answer discloses the card; no production includes a statement, balance, or repayment record; no witness was examined about it. Yet the Opposition states the reimbursement as accomplished fact and reasons from it. (Dkt. 167 at 4.) The argument is circular: the challenged facts are immaterial only if the challenged facts are true. Utah law, moreover, makes the untested accounting the material point: transactions between a principal and a company do not defeat alter-ego scrutiny merely because they are later characterized as reimbursed — the legitimacy, timing, source, and accounting of the reimbursement are the material facts. *See Jones & Trevor Mktg., Inc. v. Lowry*, 2012 UT 39, ¶ 27, 284 P.3d 630 (a showing of withdrawals is insufficient "absent additional evidence that the withdrawals were not

legitimate or that the company failed to properly account for the withdrawals"), *overruled in part on other grounds by Salo v. Tyler,* 2018 UT 7, 417 P.3d 581. Whether the card was reimbursed in full, when, from which account, and how recorded is exactly that accounting inquiry — and the only evidence of it is the declaration's say-so.

10.     Nor does crediting the facts "in Plaintiffs' favor" (Dkt. 167 at 4) mean what the Opposition supposes. Credited in Plaintiffs' favor, the record reads: Mr. Cheal — not the Trust — owns the truck (ECF 151, Ex. 8, RFA 55); an investigator purchased an accused holster that Mr. Cheal retrieved from that truck at a sales event, with payment through Ms. Johnston's personal Venmo account (ECF 151, Ex. 1 at 159–61, 163:22–167:3 & Dep. Ex. 24; Dkts. 160-2–160-6); and the company's startup ran on Mr. Cheal's personal credit card on terms no one has examined. Failure to distinguish between corporate and personal property and the interchangeable use of personal and corporate channels are "looked upon with extreme disfavor" in the unity-of-interest analysis. *Colman v. Colman,* 743 P.2d 782, 786 & n.3 (Utah Ct. App. 1987). The *Colman* factors, in turn, are "non-exclusive considerations", and courts "must examine the entire relationship between a corporation and its officers" — not isolated incidents in a vacuum. *Jones & Trevor,* 2012 UT 39, ¶¶ 17, 23. Summary judgment is for records made "after adequate time for discovery", not records remade after it. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *see id.* at 326; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n.5 (1986). Defendants cannot cite the new facts in support of summary judgment while insisting Plaintiffs have no right to test them. (Dkt. 164 at 12; Dkt. 165 at 4, 7; Dkt. 166 at 15.)

**C.     Plaintiffs Were Not Dilatory: Their Forbearance Was Induced by Defendants' Sworn Responses and Counsel's Stipulation, Neither of Which the Opposition Denies.**

11.     The Opposition's diligence argument (Dkt. 167 § III.A) works only by omission. It quotes the Leavitt Declaration's statement that Plaintiffs "elected not to depose Mr. Cheal"

while omitting the same paragraph's explanation of why: reliance on sworn supplemental responses and on counsel's oral stipulation that the deposition was "no longer necessary with respect to the Trust's involvement." (Dkt. 162-2 ¶ 3.) The Opposition observes that Plaintiffs "do not assert that Defendants refused the deposition" (Dkt. 167 at 5) — true, and beside the point. The third *Campbell* factor asks what steps the movant took to obtain the facts; Plaintiffs took the step that mattered — they obtained sworn answers on the Trust, the truck, and the home — and stood down only when Defendants swore the subjects away and stipulated the deposition unnecessary. Nowhere does the Opposition deny the stipulation, deny the responses, or deny that the May 6–7, 2026 declarations reverse them.

12.    The cases the Opposition assembles answer a different problem. *Bolden* affirmed denial for a plaintiff who served his discovery at the deadline's edge and sought an extension only after it passed — dilatoriness, with no inducement by the movant. *Bolden v. City of Topeka*, 441 F.3d 1129, 1151 (10th Cir. 2006). *Garcia* and *Trask* involved affidavits that identified no probable facts at all. *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008); *Trask v. Franco*, 446 F.3d 1036, 1041–42 (10th Cir. 2006) (cited in the Opposition as "Bliss v. Franco"). And the "fishing expedition" in *Campbell* was "a vague reference to 'a long history of censorship'" — not, as here, enumerated topics keyed to the specific declaration paragraphs that created the need. 962 F.2d at 1523. None of those decisions addresses a movant who induced the nonmovant's forbearance with sworn answers and a stipulation, then reversed both after the cutoff.

13.    Whether framed as induced reliance, waiver, or the equitable principle reflected in the judicial-estoppel cases, the point is the same: Defendants cannot use their sworn discovery position to avoid a deposition, then reverse that position after the cutoff and fault Plaintiffs for

not taking the deposition. *Cf. Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005) (a party who "assumes a certain position in a legal proceeding, and succeeds in maintaining that position . . . may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced") (quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895)).

14.     The same concern animating the sham-affidavit doctrine is present here. Courts disregard an affidavit that conflicts with the affiant's "prior sworn statements" where the affiant was not cross-examined, had access to the pertinent evidence at the time of the earlier testimony, and identifies no confusion the affidavit attempts to explain. *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986); *Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164, 1169 (10th Cir. 2009); *cf. Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806 (1999). Each consideration is present: Mr. Cheal was never cross-examined, because Plaintiffs forwent the deposition in reliance on Defendants' sworn responses and counsel's stipulation; the Trust, the truck, and the card were always within his knowledge, and his declaration identifies no newly discovered evidence; and "no longer functions in any respect" reflects no confusion needing explanation. Rule 37(c)(1) likewise makes late-disclosed evidence turn on prejudice, the ability to cure, disruption, and bad faith. *See HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200, 1203 (10th Cir. 2017) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)). Those factors support the narrower remedy Plaintiffs request — a short, targeted deposition and documents that cure the prejudice without the harsher remedy of exclusion. At minimum, if the Court is not prepared to disregard the contradictory declaration matter, Rule 56(d) is the modest cure.

15.     Finally, the Opposition's observation that Plaintiffs already filed a "complete, substantive consolidated opposition" (Dkt. 167 at 6) proves compliance, not waiver. This district's rules forbid embedding a Rule 56(d) motion in a response: "A party may not make a motion, including a motion under Fed. R. Civ. P. 56(d) . . . in a response or reply. Any motion must be separately filed." DUCivR 7-1(a)(3). Plaintiffs did exactly what the rule commands — they opposed on the existing record and separately moved under Rule 56(d) as to the matter they could not test. Treating obedience to the rule as evidence against the motion would read the rule out of the books; and Rule 56(d) is alternative relief by design ("defer considering the motion or deny it", "allow time . . . to take discovery").

### D.     The Leavitt Declaration Makes Each Showing the Tenth Circuit Requires.

16.     A Rule 56(d) declarant must identify the probable facts not available, why they cannot be presented, the steps taken to obtain them, and how they would rebut the motion. *Birch v. Polaris Indus., Inc.,* 812 F.3d 1238, 1249 (10th Cir. 2015); *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.,* 616 F.3d 1086, 1096 (10th Cir. 2010). On the second and third showings: Plaintiffs served the discovery and obtained sworn answers — answers Defendants have now repudiated — and arranged Mr. Cheal's deposition before standing down on counsel's stipulation; the records sought — trust documents, card statements, reimbursement entries, account ledgers — sit in Defendants' exclusive control, a factor "favoring relief." *Price ex rel. Price v. W. Res., Inc.,* 232 F.3d 779, 783–84 (10th Cir. 2000); Dkt. 162-2 ¶ 3. The first and fourth showings map directly:

| New declaration matter | Discovery sought | How it rebuts the motions |
|---|---|---|
| Trust "functions" and owns the vehicle (Cheal Decl. ¶¶ 12–16) | Trust records; title, registration, and insurance; limited deposition | Determines whether the truck evidence attaches to Mr. Cheal personally (defeating his no-participation showing, Dkt. 155, SUMF ¶¶ 2–10) or to the Trust (defeating its only-contact framing, SUMF ¶¶ 12–13) |
| Personal credit-card financing, "reimbursed in full" (Cheal Decl. ¶ 8) | Card statements; reimbursement entries; source and receiving accounts | Tests the legitimacy-and-accounting line that controls unity of interest. *Colman*, 743 P.2d at 786 & n.3; *Jones & Trevor*, 2012 UT 39, ¶ 27 |
| Sales- and event-participation facts (Cheal Decl. ¶¶ 6, 8–10) | Limited deposition; communications; event records | Tests the "no operational role" framing against the investigator evidence, ECF 151, Ex. 1 at 159–61; Dkts. 160-2–160-6 |
| Investigator-transaction payment routing (Dkt. 164 at 9) | Venmo and business-account records; ledger entries | Tests Defendants' new claim that "the Venmo funds flowed into E & R's business account" rather than personal accounts |

17.     The Opposition's remaining points miss. Plaintiffs do not need discovery to learn "the dates and payment channels of [their] own investigator's purchases" (Dkt. 167 at 7); they filed that evidence. What Plaintiffs cannot obtain without discovery is Defendants' side of those transactions: who received the funds, into which account, and how they were recorded — a subject on which Defendants' replies now make affirmative factual claims of their own that have never been tested. (Dkt. 164 at 9.) Nor do the requested topics "sweep beyond" the claimed reliance (Dkt. 167 at 6–7): each is coextensive with new matter the declarations themselves inject. The request is one limited deposition and targeted documents, completable within thirty days. (Dkt. 162-2 ¶ 5.) With the pretrial conference already vacated pending these motions (Dkt. 150), it disrupts nothing.

## IV.    CONCLUSION

18.    Plaintiffs respectfully request that the Court:

a.    as to all grounds Defendants represent do not rely on the late-filed declarations, disregard the new declaration matter and decide those grounds on the discovery record, consistent with Defendants' representations (Dkt. 164 at 12; Dkt. 166 at 14–15);

b.    as to the grounds that rest on the new matter in the Cheal and Johnston declarations — including Dkt. 155 and its SUMF ¶¶ 12–13 — defer or deny summary judgment under Rule 56(d); or, in the alternative,

c.    grant Plaintiffs leave to take a limited deposition of Mr. Cheal and targeted document discovery on the topics identified in the Leavitt Declaration (Dkt. 162-2 ¶¶ 4–5), completable within 30 days.

DATED this 12th day of June, 2026.

Respectfully submitted,

 /Brandon J. Leavitt/
**Brandon James Leavitt**
Texas Bar No. 24078841 (*pro hac vice*)
LEAVITT & ELDREDGE LAW FIRM
4204 S.W. Green Oaks Blvd., Suite 140
Arlington, TX 76017
(214) 727-2055
brandon@uslawpros.com

Jason K. Smith (Utah Bar No. 14323)
MK SMITH, APC
*Local Counsel for Plaintiffs*

**Attorneys for Plaintiffs**

### CERTIFICATE OF SERVICE

By my signature above, I hereby certify that on June 12, 2026, I caused the foregoing

document to be filed with the Clerk of the Court via the CM/ECF system, which will send notice

of this filing to all counsel of record.